1   XAVIER BECERRA
    Attorney General of California
2   ANTHONY R. HAKL
    Supervising Deputy Attorney General
3   MAUREEN C. ONYEAGBAKO
    Deputy Attorney General
4   State Bar No. 238419
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (916) 210-7324
     Fax:  (916) 324-8835
7    E-mail:  Maureen.Onyeagbako@doj.ca.gov
    *Attorneys for Attorney General Xavier Becerra,*
8   *Martin Horan, and Robert D. Wilson*

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  **CHAD LINTON, an individual; PAUL**          3:18-cv-7653-JD
14  **MCKINLEY STEWART, an individual;**
    **FIREARMS POLICY FOUNDATION;**
15  **FIREARMS POLICY COALITION;**
    **SECOND AMENDMENT FOUNDATION;**              **DEFENDANTS' NOTICE AND MOTION**
16  **THE CALGUNS FOUNDATION; and**               **TO DISMISS COMPLAINT FOR**
    **MADISON SOCIETY FOUNDATION,**               **DECLARATORY AND INJUNCTIVE**
                                                   **RELIEF; MEMORANDUM OF POINTS**
17                                     Plaintiffs, **AND AUTHORITIES**

18                                                 Date:          May 2, 2019
              **v.**                               Time:          10:00 a.m.
19                                                 Dept:          11
                                                   Judge:         The Honorable James Donato
20  **XAVIER BECERRA, in his official capacity**  Trial Date:    Not Set
    **as Attorney General of California;**         Action Filed:  December 20, 2018
21  **MARTIN HORAN, in his official capacity**
    **as Acting Chief of the Department of Justice**
22  **Bureau of Firearms; and ROBERT D.**
    **WILSON, in his official capacity as Deputy**
23  **Attorney General,**

24                                     Defendants.

25

26

27

28

# TABLE OF CONTENTS

**Page**

Notice ........................................................................................................................... 1

Statement of Issues to Be Decided............................................................................. 2

Introduction ................................................................................................................. 3

Factual and Procedural Background ........................................................................... 4

      I.     The Parties.................................................................................................. 4

            A.    Plaintiff Linton.................................................................................. 4

            B.    Plaintiff Stewart ............................................................................... 5

            C.    The Entity Plaintiffs ........................................................................ 6

            D.    Defendants........................................................................................ 6

      II.    Challenged Laws and Requested Relief..................................................... 6

Legal Standard ............................................................................................................ 7

Argument ..................................................................................................................... 8

      I.     Defendants Are Immune from Suit ........................................................... 8

      II.    Plaintiffs Lack Standing to Pursue This Action........................................ 9

            A.    The Entity Plaintiffs Lack Article III and Associational Standing ............ 9

            B.    All Plaintiffs Lack Standing for a Privileges and Immunities Claim........ 11

      III.   Plaintiffs Fail to State a Second Amendment Claim Because the Challenged Laws Are Presumptively Valid Regulations.................................... 12

      IV.   Plaintiffs Fail to State a Claim Under the Full Faith and Credit Clause .............. 13

            A.    California Need Not Subordinate Its Laws to the Laws of Other States ...................................................................................... 13

            B.    The Washington and Arizona State Court Orders Restoring Firearm Rights Do Not Apply in California .......................................... 15

      V.    Plaintiffs Fail to State a Claim Under the Privileges and Immunities Clause ...... 16

Conclusion ................................................................................................................... 16

i

Defs.' Not. & Mot. to Dismiss Compl.; Mem. of P. & A. (3:18-cv-7653-JD)

1

## TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Adams v. Johnson*
5      355 F.3d 1179 (9th Cir. 2004)............................................................................7

6   *Alaska Packers Ass'n. v. Indus. Accident Comm'n of California*
7      294 U.S. 532 (1935)..........................................................................................14

8   *Cervantes v. Countrywide Home Loans, Inc.*
       656 F.3d 1034 (9th Cir. 2011)............................................................................7
9
   *City of Los Angeles v. Lyons*
10      461 U.S. 95 (1983)..............................................................................................9

11  *Clapper v. Amnesty Int'l USA*
12      133 S. Ct. 1138 (2013).......................................................................................9

13  *Coal. to Defend Affirmative Action v. Brown*
       674 F.3d 1128 (9th Cir. 2012).........................................................................8, 9
14
   *Counsel of Ins. Agents & Brokers v. Molasky-Arman*
15      522 F.3d 925 (9th Cir. 2008)............................................................................12

16  *District of Columbia v. Heller*
17      554 U.S. 570 (2008)....................................................................................12, 13

18  *Erickson v. Pardus*
       551 U.S. 89 (2007)..............................................................................................7
19
   *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*
20      666 F.3d 1216 (9th Cir. 2012)..........................................................................10

21  *Fair Hous. of Marin v. Combs*
22      285 F.3d 899 (9th Cir. 2002)............................................................................10

23  *Franchise Tax Bd. of Cal. v. Hyatt*
       538 U.S. 488 (2003)..........................................................................................14
24
   *Hunt v. Washington State Apple Advertising Comm'n*
25      432 U.S. 333 (1977).......................................................................................9, 10

26  *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Brock*
27      477 U.S. 274 (1986)..........................................................................................10

28

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Jackson v. City and County of San Francisco*
   746 F.3d 953 (9th Cir. 2014)..............................................................................12

4

5

*Knievel v. ESPN*
   393 F.3d 1068 (9th Cir. 2005)..............................................................................7

6

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
   624 F.3d 1083 (9th Cir. 2010)............................................................................10

7

8

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001)..............................................................................7

9

*Los Angeles Cnty. Bar Ass'n v. Eu*
   979 F.2d 697 (9th Cir. 1992)..............................................................................8

10

11

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992)..............................................................................9

12

13

*McBurney v. Young*
   133 S. Ct. 1709 (2013)..............................................................................11

14

*McDonald v. City of Chicago, Ill.*
   561 U.S. 742 (2010)..............................................................................16

15

16

*Milwaukee Cnty. v. M.E. White Co.*
   296 U.S. 268 (1935)..............................................................................14

17

18

*Nevada v. Hall*
   440 U.S. 410 (1979)..............................................................................14

19

*Pac. Emp'rs Ins. Co. v. Indust. Accident Comm'n of California*
   306 U.S. 493 (1939)..............................................................................14

20

21

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984)..............................................................................8

22

23

*People v. Scott*
   24 Cal.2d 774 (1944)..............................................................................13

24

*People v. Washington*
   237 Cal.App.2d 59 (1965)..............................................................................13

25

26

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*
   506 U.S. 139 (1993)..............................................................................8

27

28

iii

Defs.' Not. & Mot. to Dismiss Compl.; Mem. of P. & A. (3:18-cv-7653-JD)

### TABLE OF AUTHORITIES
#### (continued)

Page

*San Diego Cnty. Gun Rights Comm. v. Reno*
   98 F.3d 1121 (9th Cir. 1996)..................................................................................9

*Shaw v. California Dep't of Alcoholic Beverage Control*
   788 F.2d 600 (9th Cir. 1986)..................................................................................8

*Silvester v. Harris*
   843 F.3d 816 (9th Cir. 2016)................................................................................13

*Slaughter-House Cases*
   83 U.S. 36, 79–81 (1872)....................................................................................16

*Snoeck v. Brussa*
   153 F.3d 984 (9th Cir. 1998)..................................................................................8

*United States v. Vongxay*
   594 F.3d 1111 (9th Cir. 2010)............................................................................13

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*
   454 U.S. 464 (1982)..............................................................................................9

*Walker v. City of Lakewood*
   272 F.3d 1114 (9th Cir. 2001)............................................................................10

*Ex Parte Young*
   209 U.S. 123 (1908)..............................................................................................8

**STATUTES**

Arizona Revised Statute
   § 13-907 ...............................................................................................................15
   § 13-907(A)..........................................................................................................15
   § 13-907(D)..........................................................................................................15
   § 13-907(E)...........................................................................................................15
   § 13-907(E)(3)......................................................................................................14

California Penal Code
   § 12021.................................................................................................................13
   § 29800........................................................................................................ *passim*
   § 29800(a)(1).........................................................................................................7
   § 30305......................................................................................................6, 7, 15

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

Wash. Rev. Code

4
    § 9.41.040(1)-(2) ...............................................................................15

5
    § 9.41.040(4) ...............................................................................5, 15

    § 9.41.040(4)(a) ...............................................................................15

6
    § 9.94A.637 ...............................................................................4

    § 9.94A.640 ...............................................................................4

7
    § 9.94A.640(3) ...............................................................................5, 14

8

**CONSTITUTIONAL PROVISIONS**

9
United States Constitution

    Second Amendment ................................................................... *passim*

10
    Eleventh Amendment ................................................................. *passim*

    Fourteenth Amendment ............................................................. *passim*

11
    Article III ...............................................................................2, 9, 11

    Article IV ...............................................................................2, 11, 13, 16

12
    Article IV, § 2 ...............................................................................7, 11, 12

13

**COURT RULES**

14

Federal Rules of Civil Procedure

15
    Rule 12(b)(6) ...............................................................................1, 7

16

**OTHER AUTHORITIES**

17
2 John E. Nowak, et al., *Treatise on Const. L.* § 14.3(b) (2d ed. 1987) .........................................16

18

Wash.Atty.Gen.Op. 2002 NO. 4 (2002) ..................................................................5

19

20

21

22

23

24

25

26

27

28

Defs.' Not. & Mot. to Dismiss Compl.; Mem. of P. & A. (3:18-cv-7653-JD)

1

**NOTICE**

2      PLEASE TAKE NOTICE that on May 2, 2019, at 10:00 a.m., or as soon thereafter as the

3 matter may be heard before the Honorable James Donato in Courtroom 11 of the United States

4 District Court for the Northern District of California, located at 450 Golden Gate Avenue, San

5 Francisco, California 94102, Defendants Xavier Becerra, in his official capacity as Attorney

6 General of the State of California, Martin Horan, Director of the Department of Justice's Bureau

7 of Firearms, in his official capacity, and Deputy Attorney Robert Wilson, in his official capacity,

8 will and hereby do move this Court for an order dismissing Counts I, II, and III of Plaintiffs'

9 Complaint, without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6).

10      This motion to dismiss is brought on the grounds that (1) Defendants are immune from suit

11 under the Eleventh Amendment; (2) Plaintiffs lack standing; (3) Plaintiffs fail to state a Second

12 Amendment claim; (4) Plaintiffs fail to state a claim under the Full Faith and Credit Clause of the

13 United States Constitution; and (5) Plaintiffs have not adequately stated a claim under the

14 Privileges and Immunities Clause of the Fourteenth Amendment.

15      This motion is based on this Notice, the supporting memorandum of points and authorities,

16 the papers and pleadings on file in this action, and upon such matters as may be presented to the

17 Court at the time of the hearing.

18 Dated:  February 22, 2019                Respectfully Submitted,

19                                          XAVIER BECERRA
                                       Attorney General of California

20                                        ANTHONY R. HAKL
                                       Supervising Deputy Attorney General

21

22                                        */s/ Maureen C. Onyeagbako*
                                       MAUREEN C. ONYEAGBAKO

23                                        Deputy Attorney General
                                       *Attorneys for Attorney General Xavier*

24                                        *Becerra, Martin Horan, and Robert D.*
                                       *Wilson*

25

26

27

28

1

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether Eleventh Amendment sovereign immunity bars suit against Defendants Attorney General Xavier Becerra, Director Martin Horan, and Deputy Attorney General Robert Wilson, in their official capacities.

2.  Whether the Entity Plaintiffs have established Article III and associational standing.

3.  Whether any Plaintiff has established standing for a claim under the Privileges and Immunities Clause under Article IV of the Constitution.

4.  Whether Plaintiffs have adequately stated a claim for relief under the Second Amendment.

5.  Whether Plaintiffs have adequately stated a claim for relief under the Full Faith and Credit Clause.

6.  Whether Plaintiffs have adequately stated a claim for relief under the Privileges and Immunities Clause of the Fourteenth Amendment.

2

**INTRODUCTION**

Plaintiffs invite this Court to brush aside California laws relating to firearms and public safety in the interest of giving individuals with out-of-state felony convictions the ability to purchase and possess firearms in California.  The Complaint's allegations center around two individual plaintiffs who each contend that they deserve this special treatment because an out-of-state court allegedly has set aside their felony convictions and restored their rights to purchase and possess a firearm in those other states.  But those out-of-state orders do not change the fact that the individual plaintiffs committed the crimes for which they have been convicted. Moreover, they do not change the fact that California's interest in enforcing its firearms laws against individuals within its borders is superior to a sister state's interest in protecting the firearms rights of its former citizens.

Plaintiffs in this action include Chad Linton, Paul McKinley Stewart (collectively, "Individual Plaintiffs"), and five non-profit organizations whose alleged purpose is promoting firearms education and the right to keep and bear arms (collectively, "Entity Plaintiffs"). According to the Complaint, Linton and Stewart are current California residents who sustained felony convictions in Washington and Arizona, respectively.  They "desire and intend to purchase, possess, and keep firearms" in California for self defense, and for the defense of their families and homes.[1]  (Compl. ¶ 58.)  To that end, they took steps to vacate or set aside their out-of-state felony convictions, and therefore restore their rights to possess firearms in those other states.  But their efforts to purchase firearms in California have been unsuccessful.  This is because, as Plaintiffs put it, the "policies, practices, and customs" of the California Department of Justice's (DOJ) Bureau of Firearms continue to recognize the out-of-state felony convictions, thereby causing Linton and Stewart to be considered "prohibited" persons unable to purchase or possess firearms in California.

This Court should dismiss the Complaint for multiple reasons.  First, Defendants are immune from suit under the Eleventh Amendment.  Second, Plaintiffs lack standing.  More

---

[1] The five non-profit plaintiffs claim similar interests on behalf of their membership and similarly situated members of the public.  (¶¶ 6–9.)

3

1   specifically, the Entity Plaintiffs do not have the required associational standing to maintain any

2   claims, and the Individual Plaintiffs lack standing to assert a claim under the Privileges and

3   Immunities Clause because they reside in California.  Third, Plaintiffs fail to state a Second

4   Amendment claim because the California Penal Code sections at issue are presumptively valid

5   and do not burden any conduct protected by the Second Amendment.  Fourth, Plaintiffs fail to

6   state a claim under the Full Faith and Credit Clause because the laws of a sister state may not

7   subordinate California's laws and the sister-state orders restoring firearms rights do not apply

8   outside of those states.  Fifth, Plaintiffs have not stated a claim under the Privileges and

9   Immunities Clause of the Fourteenth Amendment because they have not adequately alleged how

10  the challenged laws and practices interfere with the narrow category of rights protected under that

11  amendment.

12      For all of these reasons, and as explained in detail below, the Complaint should be

13  dismissed in its entirety without leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   THE PARTIES

####    A.   Plaintiff Linton

17      In 1987, Plaintiff Linton sustained a felony conviction in Washington state for attempting

18  to evade a police vehicle, along with a misdemeanor conviction for driving under the influence.

19  (Compl. 19, 20.)  His probation ended in 1988 and he moved to California that same year.  (*Id.*

20  ¶ 20.)  In 2015, he attempted to purchase a handgun but was unsuccessful because he was

21  classified as a prohibited person based on the Washington state conviction.  (*Id.* ¶ 23.)  As a

22  result, Linton hired an attorney who, in 2016, was successful in vacating the felony conviction in

23  Washington, setting aside the guilty plea, and releasing Linton from all penalties and disabilities

24  in Washington.  (*Id.* ¶ 24 & Ex. A.)  Linton also secured an order vacating the record of his

25  felony conviction under Revised Code of Washington (RCW) 9.94A.640,[2] and restoring his right

26      _____
        [2] RCW 9.94A.640 provides that after a convicted felon has served his sentence, he may
27  apply to the court for an order vacating his conviction.  (Wash. Rev. Code §§ 9.94A.637,
    9.94A.640.)  However, if the conviction caused the offender to lose the right to possess firearms
28  under Washington law, the order under section 9.94A.640 does not restore that right.

4

to possess firearms under Revised Code of Washington 9.41.040(4).  (*Id.* ¶ 25 & Ex. B.)

Nevertheless, Linton's continued attempts to purchase firearms in California between 2016 and

2018 have failed due to his prior felony conviction.[3]  (*Id.* ¶¶ 27, 31, 35.)

In April 2018, DOJ agents seized several firearms from Linton's home.  (*Id.* ¶ 32.)  After

Linton allegedly produced documents showing that he had passed certain background checks and

had his felony conviction vacated and firearms rights restored in Washington, DOJ agents

allegedly sought departmental approval to return the firearms.  But that request was denied.

(*Id.* ¶¶ 32–33.)

### B.    Plaintiff Stewart

Plaintiff Stewart was convicted of first degree burglary, a felony, in Arizona in 1976.

(*Id.* ¶ 40.)  He completed his probation for that offense in 1978, and moved to California in or

around 1988.  (*Id.* ¶¶ 40–41.)  Stewart attempted to purchase a firearm in California in December

2015.  (*Id* ¶¶ 41, 43.)  Soon after, he learned that the purchase would be delayed because state

and federal authorities considered his status as "undetermined."[4]  (*Id.* ¶¶ 44–45.)  In 2016,

Stewart formally applied and succeeded in setting aside his conviction and restoring his firearms

rights in Arizona.  (*Id.* ¶ 46 & Ex. I.)  In 2018, Stewart again attempted to purchase a firearm in

California without success due to his prior felony conviction.  (*Id.* ¶¶ 48–50 & Ex. J.)  The

Complaint alleges, on information and belief, that each Defendant is "responsible for issuing,

implementing, and enforcing the laws, policies, practices, and customs that denied Plaintiff

Stewart the right to purchase, possess, and keep a firearm in his home for self-defense."  (*Id.*

¶ 52.)

---

(Wash.Atty.Gen.Op. 2002 NO. 4 (2002).)  A vacated conviction may also still be "used" for a
conviction in a subsequent criminal prosecution.  (Wash. Rev. Code § 9.94A.640(3).)

[3] The Complaint states that Linton attempted a purchase on October 30, 2018, but given
the subsequent details listing dates in 2016, this appears to be a typographical error and should be
October 30, 2016.  (Compl. ¶ 27.)

[4] There appears to be a typographical error in the Complaint, making it unclear what year
Stewart attempted the purchase, currently alleged as 2015, and when he received notice about his
"undetermined" status, currently alleged as 2014 and 2016.  (Compl. ¶¶ 43–46.)

5

1

**C.     The Entity Plaintiffs**

2

The Entity Plaintiffs are the Firearms Policy Foundation, Firearms Policy Coalition, Inc.,

3

Second Amendment Foundation, The Calguns Foundation, and Madison Society Foundation.  (*Id.*

4

¶¶ 6–10.)  Each of the Entity Plaintiffs has an alleged purpose that involves protecting the right to

5

keep and bear arms and/or firearms education.  (*Id.*)  The Entity Plaintiffs purport to represent

6

their members and "similarly situated members of the public."  (*Id.* ¶¶ 6–9.)  The Complaint does

7

not contain information about the Entity Plaintiffs beyond describing their purpose, where they

8

are incorporated and maintain principal places of business, and who their members include.  The

9

Individual Members are alleged to be members of all but one of the Entity Plaintiffs.  The

10

Complaint does not allege that either Linton or Stewart are members of the Madison Society

11

Foundation.

12

**D.     Defendants**

13

Defendants are California Attorney General Xavier Becerra; Martin Horan, the Director of

14

DOJ's Bureau of Firearms; and Deputy Attorney General Robert Wilson.  They are all sued in

15

their official capacities.  (Compl. ¶¶ 11–13.)  The only allegation against Attorney General

16

Becerra is that he is head of the DOJ, which, through its Bureau of Firearms, regulates and

17

enforces state laws related to the sale, transfer, possession, and ownership of firearms.  (*Id.* ¶ 11.)

18

Plaintiffs allege that Director Horan is responsible for the Bureau's "implementation and

19

enforcement of the statutes, regulations and policies regarding prohibited persons."  (*Id.* ¶ 12.)

20

Plaintiffs further allege, on information and belief, that Deputy Attorney General Wilson "is

21

responsible for formulation, issuance, and implementation of the policy or policies . . . which

22

prohibit Individual Plaintiffs and others similarly situated form purchasing or possessing

23

firearms."  (*Id.* ¶ 13).

24

**II.     CHALLENGED LAWS AND REQUESTED RELIEF**

25

Plaintiffs seek a declaration that California Penal Code sections 29800 and 30305, "as

26

applied to Individual Plaintiffs and others similarly-situated to them, is unconstitutional."  (*Id.*,

27

Prayer for Relief, ¶ 1.)  Penal Code section 29800 prohibits certain persons from possessing

28

firearms, including "[a]ny person who has been convicted of . . . a felony under the laws of the

6

1  United States, the State of California, or of any other state, government, or country[.]"  Cal. Pen.

2  Code, § 29800(a)(1).  California Penal Code section 30305 similarly prohibits possession of

3  ammunition and incorporates by reference section 29800's definition of prohibited persons.  *Id.*

4  § 30305(a)(1).

5         Plaintiffs also seek a declaration that Defendants' alleged refusal to honor the findings of

6  states that set aside and vacate felony convictions and restore firearms rights "is unconstitutional

7  as applied to Individual Plaintiffs and others similarly-situated to them" under the Second

8  Amendment, Full Faith and Credit Clause, Privileges and Immunities Clause of Article IV, § 2 of

9  the Constitutional, and Privileges and Immunities Clause of the Fourteenth Amendment.

10  (Compl., Prayer for Relief, ¶¶ 1–3.)  Additionally, Plaintiffs seek to enjoin Defendants from

11  enforcing policies and practices that refuse to honor those out-of-state determinations.  (*Id.*,

12  Prayer for Relief, ¶ 4.)

13                                    **LEGAL STANDARD**

14         In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

15  court must accept all material facts alleged in the complaint as true and construe them in the light

16  most favorable to the nonmoving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Knievel v.*

17  *ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The court need not accept conclusory allegations

18  and unwarranted inferences.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citation

19  omitted).  The court may also disregard factual allegations that are contradicted by matters or

20  documents necessarily relied on by the complaint whose authenticity no party questions.  *Lee v.*

21  *City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by*

22  *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  "Dismissal is proper when the

23  complaint does not make out a cognizable legal theory or does not allege sufficient facts to

24  support a cognizable legal theory."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

25  1041 (9th Cir. 2011).

26

27

28

1

**ARGUMENT**

2

**I.    DEFENDANTS ARE IMMUNE FROM SUIT**

3

The Eleventh Amendment bars suits against a state or state agency, whether the relief

4

sought is money damages or an injunction.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*

5

*& Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Shaw v. California Dep't of Alcoholic Beverage Control*,

6

788 F.2d 600, 603 (9th Cir. 1986).  Actions against state officials acting in their official capacities

7

are also considered suits against the state and are barred by the Eleventh Amendment.  *Shaw*, 788

8

F.2d at 603.  An unequivocal consent to suit will lift the Eleventh Amendment bar on such

9

lawsuits.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  But California

10

has neither consented to nor waived its sovereign immunity with regard to the legal theories

11

asserted in this action.  The Court should therefore dismiss Counts I, II, and III against each

12

Defendant, who has been sued in his official capacity, with prejudice.

13

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in

14

*Ex Parte Young*, 209 U.S. 123 (1908).  The *Ex Parte Young* exception allows "actions for

15

prospective declaratory or injunctive relief against state officers in their official capacities for

16

their alleged violations of federal law."  *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d

17

1128, 1134 (9th Cir. 2012).  However, this exception applies only where "it is plain that such

18

officer must have some connection with the enforcement of the act, or else it is merely making

19

him a party as a representative of the State, and thereby attempting to make the State a party."

20

*Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quotations omitted).  "This connection must

21

be fairly direct; a generalized duty to enforce state law or general supervisory power over the

22

persons responsible for enforcing the challenged provision will not subject an official to suit."

23

*Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citations omitted).

24

Here, there are no allegations that Attorney General Becerra, Director Horan, or Deputy

25

Attorney General Wilson had the direct enforcement connection necessary to subject any of them

26

to suit.  The Complaint only alleges that Attorney General Becerra is listed as "the head of the

27

[DOJ]."  (Compl. ¶ 11.)  As for Director Horan, the Complaint only alleges that he "reports to

28

Attorney General Becerra, and he is responsible for the various operations of the Bureau of

8

Firearms[.]" (*Id. ¶* 12.)  And with respect to Deputy Attorney General Wilson, the relevant allegations, beyond being conclusory, only show that he was an attorney applying well-established California law to the circumstances presented.  (*Id.* ¶¶ 32–33.)  In light of these allegations, the Complaint attributes to Defendants nothing more than generalized duties to enforce state law.  Such allegations are insufficient to overcome Eleventh Amendment sovereign immunity.  *See, e.g., Affirmative Action*, 674 F.3d at 1134.  Accordingly, Counts I, II, and III against Attorney General Becerra, Director Horan, and Deputy Attorney General Wilson should be dismissed with prejudice.

## II. PLAINTIFFS LACK STANDING TO PURSUE THIS ACTION

### A. The Entity Plaintiffs Lack Article III and Associational Standing

A party invoking federal jurisdiction must establish Article III standing, showing that a "case or controversy" exists.  An Article III "case or controversy" requires (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).  These constitutional requirements are "rigorous," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982), and Plaintiffs bear the burden of establishing standing.  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013).  An injury sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (some internal question marks omitted).  Standing to obtain prospective equitable relief also requires a "likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

In addition to complying with Article III, associations have standing to sue on behalf of their members "only if (a) their members would otherwise have standing to sue in their own right; (b) the interests that the organizations seek to protect are germane to their purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130–31 (9th Cir. 1996); *see also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

9

1    "Whether an association has standing to invoke the court's remedial powers on behalf of its

2    members depends in substantial measure on the nature of the relief sought.  If in a proper case the

3    association seeks a declaration [or] injunction . . . it can reasonably be supposed that the remedy,

4    if granted, will inure to the benefit of those members of the association actually injured."  *Hunt*,

5    432 U.S. at 343 (internal citation and brackets omitted).  An association has direct standing only

6    if "it [shows] a drain on its resources from both a diversion of its resources and frustration of its

7    mission."  *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216,

8    1219 (9th Cir. 2012) (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)).

9    An association "cannot manufacture [an] injury by incurring litigation costs or simply choosing to

10   spend money fixing a problem that otherwise would not affect the organization at all."  *La*

11   *Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir.

12   2010).  "[S]tanding must be established independent of the lawsuit filed by the plaintiff."  *Walker*

13   *v. City of Lakewood*, 272 F.3d 1114, 1124 n.3 (9th Cir. 2001).

14       Here, the Entity Plaintiffs lack standing because the claim asserted and relief requested

15   require the participation of the Entity Plaintiffs' individual members.  The Complaint does not

16   allege facts establishing direct standing.  And while an association's claims may proceed in the

17   absence of injury based solely on representation of its members, such actions must still present a

18   case or controversy.  *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v.*

19   *Brock*, 477 U.S. 274, 281–82 (1986) (citations omitted).

20       A case or controversy independent of the Individual Plaintiffs does not exist here because

21   there are no facts to show that any members other than Linton and Stewart, who are already

22   named as Plaintiffs, are suffering immediate or threatened injury.  Nor does the Complaint allege

23   that members' associational rights will be affected by Defendants' conduct.  Because this action

24   challenges the "policies, practices, and customs" of Defendants as applied to the Individual

25   Plaintiffs, the case or controversy alleged here cannot conclude without participation by the

26   Individual Plaintiffs.  (*See* Compl. ¶¶ 58, 60, 62, 75, Prayer for Relief.)  And while this action

27   seeks declaratory and injunctive relief, which may at times be resolved in a group context, *Hunt*,

28   432 U.S. at 344, individualized proof would still be necessary here because the relief requested is

10

1    "*as applied* to the Individual Plaintiffs and others similarly-situated to them," (Compl., Prayer for

2    Relief, ¶¶ 1–4 (emphasis added)).  Further, granting the declaration that Plaintiffs request would

3    require an individualized review of the laws setting aside convictions and restoring firearms rights

4    in each state, and an individualized review of the circumstances for each person "similarly

5    situated" to the Individual Plaintiffs.

6          Additionally, the Entity Plaintiffs take an improperly expansive view of the individuals they

7    represent by purporting to represent "similarly situated members of the public."  (*Id.* ¶¶ 6–9.)  As

8    a practical matter, these are non-members, with whom the Entity Plaintiffs have established no

9    relationship.  This alleged representation does not meet the criteria for Article III or associational

10   standing.  Nor does a mere abstract interest in the subject matter establish associational standing

11   for an entity like the Madison Society Foundation.  Linton and Stewart are not alleged as

12   members of that organization.  (*See id.* ¶¶ 4–5.)

13         For these reasons, the Court should dismiss the Entity Plaintiffs due to their lack of

14   standing.

15         **B.    All Plaintiffs Lack Standing for a Privileges and Immunities Claim**

16         The Complaint seeks a declaration "that Defendants' policy of refusing to honor the set-

17   aside and vacation of felony convictions, and restoration of firearm rights by the courts of other

18   states, is unconstitutional as applied to Individual Plaintiffs and others similarly situated to them,"

19   and violates the Privileges and Immunities Clause under Article IV, § 2, and the Fourteenth

20   Amendment of the U.S. Constitution.  (*Id.*, Prayer for Relief, ¶ 3; *see also id.* ¶ 72.)  According to

21   the Complaint, California's purportedly discriminatory policies implicate protections for non-

22   residents who enter the state to obtain employment and the right to travel and become a

23   permanent resident.  (*Id.* ¶ 74.)

24         The Privileges and Immunities Clause of Article IV prohibits states from discriminating

25   against non-residents when it comes to fundamental rights.  *McBurney v. Young*, 133 S. Ct. 1709,

26   1714 (2013).  Its protections do not apply to laws that do not discriminate against non-residents.

27   *Id.* at 1716.

28

1    Because both Linton and Stewart allege that they are California residents, they do not have

2  standing to bring a Privileges and Immunities claim against Defendants under Article IV, § 2 of

3  the Constitution.  *See, e.g., Counsel of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925,

4  930–32 (9th Cir. 2008) (non-resident had standing to assert challenge under Privileges and

5  Immunities clause).  And while the Entity Plaintiffs may have been incorporated outside of the

6  State, all but one maintain principal places of business in California.[5]  Accordingly, none of the

7  Plaintiffs have standing to bring a privileges and immunities claim.

8    **III.    PLAINTIFFS FAIL TO STATE A SECOND AMENDMENT CLAIM BECAUSE THE**
        **CHALLENGED LAWS ARE PRESUMPTIVELY VALID REGULATIONS**
9

10    The Complaint alleges that "Defendants' policies, practices, and customs . . . as applied to

11  Individual Plaintiffs, amount to a total and permanent deprivation of their fundamental, individual

12  right to keep and bear arms and ammunition, as guaranteed by the Second Amendment, and are

13  therefore an infringement upon those rights." (Compl. ¶ 60.)  It goes on to ask the Court to

14  distinguish the Individual Plaintiffs from persons who "have been historically excluded from the

15  right to keep and bear arms." (*Id.*)  The "policies, practices, and customs" at issue in the

16  Complaint appear to be California Penal Code sections 29800 and 30305, regarding prohibitions

17  on the possession of firearms and ammunition by felons, respectively, and Defendants'

18  enforcement of those statutes.  Plaintiffs claim that the laws and policies severely burden conduct

19  and activity protected by the Second Amendment. (*Id.* ¶¶ 61–62.)

20    An alleged violation of an individual's Second Amendment right triggers a two-step

21  inquiry. *Jackson v. City and County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014).  First,

22  the court must determine "whether the challenged law burdens conduct protected by the Second

23  Amendment." *Id.*  Second, if the challenged law burdens rights protected by the Second

24  Amendment, the courts must then "apply an appropriate level of scrutiny." *Id.*

25    Plaintiffs rely on the U.S. Supreme Court decision in *District of Columbia v. Heller*, 554

26  U.S. 570, 635 (2008) to support their claim that "Defendants' policies cannot be justified" and

27  _____
        [5] The Second Amendment Foundation was incorporated and maintains a principal place of
28  business outside of California but as previously discussed, it lacks standing.

1    should be subject to heightened scrutiny.  (Compl. ¶ 61 (citing *Heller*, 554 U.S. at 628, n. 27).)

2    In *Heller*, the Supreme Court struck down a District of Columbia statute broadly banning

3    handgun possession in homes, finding that the Second Amendment protects "the right of law-

4    abiding, responsible citizens to use arms in defense of hearth and home."  *Heller*, 554 U.S. at 626.

5    But the Supreme Court similarly recognized that "the right secured by the Second Amendment is

6    not unlimited," *id.*, and that regulatory measures forbidding the possession of firearms by felons

7    are presumptively lawful and do not invoke Second Amendment protections.  *Id.* at 626–27.  In so

8    finding, the court related such measures back to laws originally intended to "limit as far as

9    possible the use of instruments commonly associated with criminal activity," *People v.*

10   *Washington*, 237 Cal.App.2d 59, 66 (1965) (discussing the Dangerous Weapons Control Act,

11   former Penal Code, § 12021, the predecessor to Penal Code §§ 29800, 30305), and "minimize the

12   danger to public safety arising from the free access to firearms that can be used for violence," *Id.*

13   *People v. Scott*, 24 Cal.2d 774, 782 (1944).  Such longstanding regulations are deemed to be

14   presumptively lawful, and outside of Second Amendment regulation.  *Heller*, 554 U.S. at 626;

15   *Silvester v. Harris*, 843 F.3d 816, 831 (9th Cir. 2016); *see also United States v. Vongxay*, 594

16   F.3d 1111 (9th Cir. 2010) (federal statute prohibiting felons from possessing firearms did not

17   violate Second Amendment).  Accordingly, Plaintiffs fail to state a claim for relief as a matter of

18   law and Count I alleging a Second Amendment violation should be dismissed.

19   **IV.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FULL FAITH AND CREDIT CLAUSE**

20       **A.    California Need Not Subordinate Its Laws to the Laws of Other States**

21       Plaintiffs seek a declaration that "Defendants' policy of refusing to honor the set-aside and

22   vacation of felony convictions, and restoration of firearm rights by the courts of other states, is

23   unconstitutional as applied to Individual Plaintiffs and others similarly-situated to them" and

24   "violates the Full Faith and Credit Clause."  (Compl., Prayer for Relief, ¶ 2; *see also id.* ¶¶ 63–

25   67.)

26       The Full Faith and Credit Clause provides: "Full Faith and Credit shall be given in each

27   State to the public Acts, Records, and judicial Proceedings of every other State."  (U.S. Const.

28   Art. IV.  But laws versus judgements receive different credit under the Full Faith and Credit

13

1   Clause. *See Franchise Tax Bd. of Cal. v. Hyatt*, 538 U.S. 488, 494 (2003) (Supreme Court

2   "precedent differentiates the credit owed to laws (legislative measures and common law) and to

3   judgments.") (internal quotations omitted); *Milwaukee Cnty. v. M.E. White Co.*, 296 U.S. 268,

4   277 (1935) ("[C]redit must be given to the judgment of another state although the forum would

5   not be required to entertain the suit on which the judgment was founded.") *Id.*  Further, the Full

6   Faith and Credit Clause does not compel "a state to substitute the statutes of other states for its

7   own statutes dealing with a subject matter concerning which it is competent to legislate." *Pac.*

8   *Emp'rs Ins. Co. v. Indust. Accident Comm'n*, 306 U.S. 493, 501 (1939); *accord Nevada v. Hall*,

9   440 U.S. 410, 422 (1979) ("[T]he Full Faith and Credit Clause does not require a State to apply

10  another State's law in violation of its own legitimate policy.")

11          Thus, the Full Faith and Credit Clause has limited application to conflicting sister state

12  statutes.  "Prima facie every state is entitled to enforce in its own courts its own statutes, lawfully

13  enacted." *Alaska Packers Ass'n. v. Indus. Accident Comm'n of California*, 294 U.S. 532, 547

14  (1935).  A conflicting sister state statute prevails only when the interests of the foreign state are

15  superior to those of the forum state.  *Id.* at 547–48.

16          Here, Plaintiffs seek relief that would effectively force Defendants to give out-of-state

17  court orders the same effect in California as they have in those other states.  But the Washington

18  and Arizona orders at issue are not judgments.  And the California Legislature has not provided a

19  mechanism for subordinating its law to orders from sister states.  The Full Faith and Credit Clause

20  does not require California to subordinate Penal Code sections 29800 and 30305 to Washington

21  and Arizona laws.  As a matter of law, California's interest in the public safety of its citizens

22  prevails over Washington and Arizona's interests in the firearms rights of its former residents.  In

23  addition, Washington and Arizona courts lack jurisdiction to dictate how California may exercise

24  its police powers within its own borders.  And in any event a conviction that is vacated or set

25  aside in Washington or Arizona may still be used as a prior conviction in a subsequent

26  prosecution in those states.  *See* Wash. Rev. Code § 9.94A.640(3); Ariz. Rev. Stat. § 13-

27  907(E)(3).  Thus, Plaintiffs are asking this Court to give full faith and credit to foreign statutes

28  that offend and stand in conflict with California firearms laws.  But this Court may not, as

14

1    Plaintiffs ask, strike down California's laws under the Full Faith and Credit Clause simply

2    because they conflict with other states' statutes.  *See Thomas*, ("[T]he Full Faith and Credit

3    Clause does not require a State to subordinate its own compensation policies to those of another

4    State.").  Accordingly, the Court should dismiss Count II, alleging a violation of the Full Faith

5    and Credit Clause.

6        **B.      The Washington and Arizona State Court Orders Restoring Firearm**
                  **Rights Do Not Apply in California**
7

8        The orders restoring Linton's and Stewart's rights to possess weapons make no mention of

9    other states.  (Compl., Exs. B, I.)  Thus, they do not purport to have any applicability in

10   California.  For example, RCW 9.41.040(4) provides, in relevant part: "Notwithstanding any

11   other provisions of this section, if a person is prohibited from possession of a firearm under

12   subsection (1) or (2) of this section … the individual may petition a court of record to have his or

13   her right to possess a firearm restored [.]"  Subsections (1) and (2) of section 9.41.040 set forth

14   *Washington's* prohibition against certain offenders possessing firearms.  (Wash. Rev. Code

15   § 9.41.040(4)(a).)  Thus, the most reasonable interpretation of subsection (4) is that it lifts only

16   Washington's statutory prohibition on firearms possession, and does not restore possession rights

17   in other states.  Under this interpretation, the order restoring Linton's rights to possess firearms

18   would not create any conflict with California law, and the Full Faith and Credit Clause would not

19   bar California from enforcing Penal Code sections 29800 and 30305 against Linton.

20       Similarly, Arizona Revised Statute 13-907, which outlines the requirements for setting

21   aside judgment of a convicted person and restoring firearms rights, does not mention other states.

22   Section 13-907 provides, in relevant part, that certain persons "convicted of a criminal offense, on

23   fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the

24   court to have the judgment of guilt set aside."  (*Id.* § 13-907(A).)  A set-aside does not relieve the

25   individual from penalties imposed by certain state government agencies including Arizona's

26   department of transportation and game and fish commission, and provides that a conviction that is

27   set aside may still be "[u]sed as a prior conviction."  (*Id.* § 907(D), (E).)  Thus, it is reasonable to

28   infer that section 13-907 lifts only Arizona's statutory prohibition on firearms possession, and

                                                         15

1  does not restore possession rights in other states.  Consequently, the Full Faith and Credit Clause

2  would not require California to enforce the Arizona order over Penal Code sections 29800

3  and 30305.

4  **V.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE PRIVILEGES AND IMMUNITIES
          CLAUSE**

5

6          In addition to failing to allege standing for a Privileges and Immunities claim under

7  Article IV of the Constitution, Plaintiffs also fail to adequately plead facts supporting a Privileges

8  and Immunities claim under the Fourteenth Amendment.  The Privileges and Immunities Clause

9  of the Fourteenth Amendment has been narrowly construed to protect "only those rights which

10  owe their existence to the Federal government, its National character, its Constitution, or its

11  laws." *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 754 (2010) (citation omitted).  The

12  Clause protects "very few rights" such as the "the right to petition Congress, the right to vote in

13  federal elections, the right to interstate travel or commerce, the right to enter federal lands, or the

14  rights of a citizen while in custody of federal officers."  2 John E. Nowak, et al., *Treatise on*

15  *Const. L.* § 14.3(b) (2d ed. 1987) (citing *Slaughter-House Cases*, 83 U.S. 36, 79–81 (1872)).  It

16  does not protect a right to keep and bear arms.  *McDonald*, 561 U.S. at 758.

17          Here, the Complaint does not adequately allege facts to support a Privileges and Immunities

18  claim under the Fourteenth Amendment.  At the heart of the Complaint is Plaintiffs' right to keep

19  and bear arms.  And Plaintiffs have not demonstrated that the laws and practices at issue have

20  implicated the narrow category of rights protected under the Fourteenth Amendment.  Thus, the

21  Privileges and Immunities claim under the Fourteenth Amendment also should be dismissed

22  without leave to amend.

23                                      **CONCLUSION**

24          For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs'

25  entire Complaint with prejudice.

26

27

28

16

| | |
|---|---|
| 1 | Dated:  February 22, 2019 |

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

/s/ Maureen C. Onyeagbako
MAUREEN C. ONYEAGBAKO
Deputy Attorney General
*Attorneys for Attorney General Xavier Becerra, Martin Horan, and Robert D. Wilson*

SA2019100119
13472065.docx

17