George M. Lee (SBN 172982)
     gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al., | **[FRCP 15]** |
| Defendants. | DATE:     JANUARY 2, 2020<br>TIME:     10:00 A.M.<br>COURTROOM: 11, 19TH FLOOR<br>JUDGE:    HON. JAMES DONATO |

TO ALL PARTIES, THROUGH THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **Thursday, January 2, 2020**, at **10:00 a.m.**, or as soon thereafter as the matter may be heard in Courtroom 11 of this United States District Court, Hon. James Donato presiding, plaintiffs Chad Linton et al. ("plaintiffs") will and hereby do move this Court for an order granting plaintiffs leave to file their First Amended Complaint in the above-entitled action.  The proposed First Amended Complaint is attached to the supporting declaration

1

of counsel undersigned, and would seek primarily to: (1) correct the current name of plaintiff California Gun Rights Foundation (CGF); (2) insert defendant Brent E. Orick in his capacity as Acting Director of the Bureau of Firearms, in lieu of defendant Martin Horan as previously pled; and (3) include new party plaintiff Kendall Jones, whose claims are based upon the same alleged policies at issue.  Leave is therefore sought, and this motion is made, pursuant to Fed. Rule of Civil Procedure 15(a)(2).

In support of this motion, plaintiffs will rely upon this notice and motion, the memorandum of points and authorities below, and declaration of counsel submitted herewith, and all exhibits attached thereto, including the proposed First Amended Complaint, the complete records and files of this action, and all other matters of which this Court may take judicial notice, and any other such evidence and argument that the Court may consider upon hearing this matter.

Dated: November 15, 2019       **SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee

Attorneys for Plaintiffs

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

## I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiffs seek leave to file their proposed First Amended Complaint (FAC), which is attached to the supporting declaration of George M. Lee ("Lee Decl."), Exhibit A.  No trial date is currently set (or requested), fact discovery is open through April 22, 2020, and the amendments will not affect the filing of plaintiffs' motion for summary judgment in this matter as ordered by the Court on August 23, 2019.  [ECF No. 26].  Given the liberal policy regarding amendment, which favors disposition of cases on the merits, the efficiency and economy of proceeding with these claims in one proceeding, and the lack of prejudice to defendants, leave to amend should be granted pursuant to FRCP 15(a)(2).

## II.  STATEMENT OF FACTS

This case challenges the defendants' policies which operate to deprive the individual plaintiffs from purchasing, owning or possessing firearms on the basis of felony convictions suffered in other states, even though those convictions have been set aside and/or vacated in their respective states of origin.  Plaintiffs bring this action to recognize the restoration of their right to own firearms in the State of California, for themselves and for others similarly situated.

Plaintiffs' current Complaint for Declaratory and Injunctive Relief [ECF No. 1] alleges that current individual plaintiffs Linton and Stewart are presently law-abiding citizens, long-time residents of California, who had older felony convictions in the states of Washington and Arizona, and which have been vacated and/or set aside in those states.  When plaintiffs attempted to purchase firearms in California, the California Department of Justice, which conducts background checks on all firearms transferees and must approve each transfer, denied their firearm purchases on the grounds that their out-of-state felony convictions disqualified them from owning or possessing firearms or ammunition, notwithstanding any post-conviction proceedings in those matters.

Plaintiffs have thus challenged defendants' laws, policies, practices, and customs which

refuse to honor the judgments of other states that vacated or otherwise exonerated their disqualifying felony convictions.  Plaintiffs' complaint contends that defendants' policies violate the Second Amendment, the Full Faith and Credit Clause of the U.S. Constitution (Art. IV, § 1) and its enabling statute, 28 U.S.C. § 1738, the Privileges and Immunities Clause of the Constitution (Art. IV, § 2), and the Privileges or Immunities Clause of the Fourteenth Amendment (Amend. XIV, § 1), and seek relief pursuant to 42 U.S.C. § 1983.  To the extent that it forms the basis of the defendants' enforcement practices, plaintiffs are challenging California Pen. Code §§ 29800 and 30305, as applied to them.

## PROPOSED AMENDMENTS

On or about October 31, 2019, Mr. Kendall Jones, a resident of Sacramento, California, engaged counsel undersigned to bring similar claims based upon the same policies at issue in this action, namely, to challenge the defendants' policies which operate to deprive him of the right to own/possess firearms, notwithstanding that the allegedly disqualifying felony conviction from another state had been set aside and/or vacated.  In this case, we were informed that Mr. Jones was a long-time California law enforcement official (a 30-year officer of the Department of Corrections) who also happens to be a professional firearms instructor for law enforcement and civilians. Mr. Jones's allegedly disqualifying felony conviction, arising from the alleged misuse of a credit card, was entered in the State of Texas in 1980, but that conviction was set aside and vacated in 1983.  Notwithstanding Mr. Jones's long and distinguished career in law enforcement in California, and as a current DOJ-approved firearms instructor, the DOJ has recently taken the position that he is disqualified from owning firearms, when it recently denied him his renewal for a Certificate of Eligibility, which is necessary for him to maintain his status as a firearms instructor.

Plaintiffs' proposed First Amended Complaint would do three things: First, the proposed FAC would correct the current name of plaintiff California Gun Rights Foundation (CGF) from its former name as Calguns Foundation.  Second, the Proposed FAC would insert defendant Brent E. Orick in his capacity as Acting Director of the Bureau of Firearms, in lieu of defendant

Martin Horan as originally pled.[1]  Finally, the proposed FAC would include allegations pertaining to proposed plaintiff Jones, arising from the same policies at issue in this complaint, i.e., whether the State of California may deny individuals the right to own, possess and purchase firearms based upon out-of-state felony convictions that have previously been set aside and/or vacated by courts in their respective states of origin.  (Lee Decl., ¶ 4).

Immediately after being retained by Mr. Jones, counsel undersigned prepared the proposed First Amended Complaint.  On November 6, 2019, plaintiffs sent a redlined copy of the proposed FAC to defense counsel and requested that defendants stipulate to its filing.  (Lee Decl., ¶ 8).  On November 13, 2019, the Attorney General's Office indicated that they would not so stipulate, necessitating the filing of this motion.

### III.   ARGUMENT

#### A.   LEAVE TO AMEND SHOULD BE GRANTED

Fed. Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires." This policy favoring leave to amend is to be applied with "extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).  The underlying purpose of this policy is to facilitate decisions on the merits, rather than on the pleadings or technicalities.  *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

In this case, the amendments are proper, timely, and are made for no other purpose than to proceed efficiently and economically, in one proceeding.  The addition of Mr. Jones as a plaintiff is appropriate, as his claims are substantially similar to those of individual plaintiffs Linton and Stewart.  Mr. Jones' claims are ripe, as they arise from the denial of a Certificate of Eligibility to own/possess firearms in the State of California, and the constitutional injury is ongoing.  (Lee Decl., ¶ 5).  Furthermore, we might point out that although Mr. Jones's claims could be brought in a separate action, and then related to and consolidated with the instant case

---

[1] Defendants have asserted that this substitution of Mr. Orick in place of Mr. Horan was automatic pursuant to FRCP 25(d)(1).

1  as they arise from the same DOJ policies at issue, plaintiffs seek amendment instead, in order to
2  promote the efficiency of actions in one unified proceeding, and to allow plaintiffs to be
3  represented in an economical and affordable manner.  (Id.)  Accordingly, disposition of this
4  action in one proceeding by amendment of the complaint is favored and requested.  (Id.)

**B.     THE PROPOSED AMENDMENT WILL RESULT IN NO PREJUDICE TO DEFENDANTS.**

The U.S. Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15). In the Ninth Circuit, "Courts may decline to grant leave to amend only if there is strong evidence of these factors under *Foman*. *See*, *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1117.

In the present case, amendment of the complaint will not result in any prejudicial delay or require the parties to supplement any discovery responses.  Thus far, the only documents that have been requested and produced are those pertaining to plaintiffs Linton and Stewart's DOJ/criminal record files, firearm purchases, and some documents pertaining to the alleged DOJ policies at issue.  (Lee Decl., ¶ 6.)  Presumably, all documents pertaining to the reasons for Mr. Jones's denial of firearm are in the possession of defendants as well.  (Id.)  No depositions have been taken, and counsel undersigned believes that the addition of Mr. Jones as a party/plaintiff will not involve alteration of the current summary judgment motion filing deadline of June 22, 2020. (Id.)  Fact witness discovery is open through April 22, 2020 [ECF No. 26] and this deadline will not be affected.  (Id.)

Plaintiffs would therefore not seek to modify the pretrial scheduling order, which contemplates only the completion of fact discovery by April 22, 2020, and the filing of a motion for summary judgment by plaintiffs.  [ECF No. 26]. (Lee Decl., ¶ 6.)  There are no other pending motions on calendar, and no previous amendments to the complaint have been made or

**SEILER EPSTEIN LLP**
Attorneys at Law

requested.  Accordingly, no prejudice or delay would result from the proposed amendment and filing of the FAC.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request leave to file their First Amended Complaint.

Dated: November 15, 2019                    SEILER EPSTEIN LLP


                                            /s/ George M. Lee
                                            George M. Lee

                                            Attorneys for Plaintiffs

**SEILER EPSTEIN LLP**
Attorneys at Law

7
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT | CASE NO. 3:18-cv-07653-JD