George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>    Defendants. | Case No. 3:18-cv-07653-JD<br><br>**DECLARATION OF GEORGE M. LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>**[FRCP 15]**<br><br>DATE:    JANUARY 2, 2020<br>TIME:    10:00 A.M.<br>COURTROOM: 11, 19TH FLOOR<br>JUDGE:    HON. JAMES DONATO |

I, George M. Lee, declare as follows:

1.    I am an attorney at law, in good standing, duly licensed to practice law in this state and appear before its courts. I am admitted to practice and appear before the Northern District of California. I am counsel of record for plaintiffs Chad Linton et al. in this action. I have personal knowledge of the facts stated herein, and if called as a witness, could competently testify thereto.

//

2. This declaration is made in support of plaintiffs' motion for leave to file their First Amended Complaint in this action.

## PROPOSED FIRST AMENDED COMPLAINT

3. Pursuant to Northern District Civil Local Rule 10-1, the proposed First Amended Complaint ("FAC") is attached hereto as **Exhibit A**.

4. Amending the complaint by and through the proposed FAC would accomplish three things:

   a. First, the proposed FAC would correct the current name of plaintiff California Gun Rights Foundation (CGF) from its former name as Calguns Foundation;

   b. Second, the Proposed FAC would insert defendant Brent E. Orick in his capacity as Acting Director of the Bureau of Firearms, in lieu of defendant Martin Horan as originally pled; and

   c. Third, the proposed FAC would include allegations pertaining to new party/proposed plaintiff Kendall Jones. These allegations are based upon the same policies at issue in this complaint, i.e., whether the State of California may deny individuals the right to own, possess and purchase firearms based upon out-of-state felony convictions that have previously been set aside and/or vacated by courts in their respective states of origin. In this case, the allegations pertaining to Mr. Jones are based upon a prior felony conviction from the state of Texas that was set aside, vacated and dismissed over 30 years ago. (See FAC at ¶¶ 54-65).

5. Mr. Jones's claims are ripe, as they arise from the denial of a Certificate of Eligibility to own/possess firearms in the State of California, and the constitutional injury is ongoing. Although Mr. Jones's claims might be brought in a separate action, and related to and consolidated with the instant case as they arise from the same DOJ policies at issue, in order to promote the efficiency of actions in one unified proceeding, and to allow us to represent plaintiffs in an economical and affordable manner, disposition of this action in one proceeding by amendment of the complaint is favored and requested.

6. Amendment of the complaint in this manner will not result in any prejudicial delay or require the parties to supplement any discovery responses. Thus far, the only documents that have been requested and produced are those pertaining to plaintiffs Linton and Stewart's DOJ/criminal record files, attempted firearm purchase, and some documents pertaining to the alleged DOJ policies at issue. Presumably, all documents pertaining to the reasons for Mr. Jones's denial of firearm are in the possession of defendants as well. No depositions have been taken, and counsel undersigned believes that the addition of Mr. Jones as a party/plaintiff will not involve alteration of the current summary judgment motion filing deadline of June 22, 2020. Accordingly, plaintiffs do not anticipate modification of any pretrial scheduling order, which only contemplated the completion of fact witness discovery by April 22, 2020, and the filing of the motion for summary judgment.

7. For these reasons, and based upon the lack of prejudice to the defendants, leave to file the FAC is respectfully requested pursuant to Fed. Rule of Civil Procedure 15(a)(2).

### EFFORTS TO MEET AND CONFER

8. Immediately after being retained by Mr. Jones, on November 6, 2019, I sent a copy of the proposed First Amended Complaint, in redline form, to Deputy Attorney General Maureen Onyeagbako, counsel of record for defendants, and requested that defendants stipulate to the filing of the FAC. I followed up with a further email on November 12, 2019. On November 13, 2019, I spoke with Deputy Attorney General Onyeagbako in an attempt to meet and confer regarding our requested stipulation to file the amended complaint. At that time, Ms. Onyeagbako indicated that defendants would not stipulate to the filing of the amended complaint.

I declare under penalty of perjury that the foregoing is correct. Executed November 15, 2019.

_____
GEORGE M. LEE