1  XAVIER BECERRA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  MAUREEN C. ONYEAGBAKO
   Deputy Attorney General
4  State Bar No. 238419
    1300 I Street, Suite 125
5    P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone:  (916) 210-7324
    Fax:  (916) 324-8835
7    E-mail:  Maureen.Onyeagbako@doj.ca.gov
   *Attorneys for Defendants Xavier Becerra, in his*
8  *official capacity as Attorney General of California,*
   *Brent E. Orick, in his official capacity as Acting*
9  *Chief for the Department of Justice Bureau of*
   *Firearms, and Robert D. Wilson, in his official*
10 *capacity as Deputy Attorney General*

11               IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

15
   **CHAD LINTON, an individual; PAUL**          3:18-cv-7653-JD
16 **MCKINLEY STEWART, an individual;**
   **FIREARMS POLICY FOUNDATION;**
17 **FIREARMS POLICY COALITION;**
   **SECOND AMENDMENT FOUNDATION;**              **DEFENDANTS' OPPOSITION TO**
18 **THE CALGUNS FOUNDATION; and**               **PLAINTIFFS' MOTION FOR LEAVE TO**
   **MADISON SOCIETY FOUNDATION,**               **FILE AMENDED COMPLAINT**
19
                                     Plaintiffs,  Date:        January 2, 2020
20                                                Time:        10:00 a.m.
            **v.**                                Courtroom:   11, 19th Floor
21                                                Judge:       The Honorable James Donato
                                                 Trial Date:  N/A
22 **XAVIER BECERRA, in his official capacity**  Action Filed: December 20, 2018
   **as Attorney General of California;**
23 **MARTIN HORAN, in his official capacity**
   **as Acting Chief of the Department of Justice**
24 **Bureau of Firearms; and ROBERT D.**
   **WILSON, in his official capacity as Deputy**
25 **Attorney General,**

26                                  Defendants.

27

28

---

Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (3:18-cv-7653-JD)

1

**TABLE OF CONTENTS**

2

**Page**

3
INTRODUCTION ............................................................................................................... 1

4
FACTUAL AND PROCEDURAL BACKGROUND................................................................. 1

LEGAL STANDARD............................................................................................................ 2

5
ARGUMENT ...................................................................................................................... 3

6
      I.      Plaintiffs' Motion Fails Under Rule 16's Good Cause Standard............................ 3

      II.     Plaintiffs Cannot Satisfy Rule 15(a)'s Liberal Standard for Amendment ............. 4

7
CONCLUSION ................................................................................................................... 5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (3:18-cv-7653-JD)

**TABLE OF AUTHORITIES**

**Page**

CASES

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*
   649 F.3d 1143 (9th Cir. 2011)...................................................................................3

*Johnson v. Mammoth Recreations, Inc.*
   975 F.2d 604 (9th Cir. 1992)...............................................................................2, 3

COURT RULES

Federal Rules of Civil Procedure
   Rule 15 ...........................................................................................................1, 3, 4
   Rule 15(a) ...........................................................................................................3, 4
   Rule 15(a)(1)(B)......................................................................................................3
   Rule 15(a)(2)...........................................................................................................3
   Rule 16 ...............................................................................................................1, 3
   Rule 16(b) .........................................................................................................2, 3
   Rule 25(c)................................................................................................................1
   Rule 25(d) ...............................................................................................................1
   Rule 26(f) ................................................................................................................2

Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (3:18-cv-7653-JD)

**INTRODUCTION**

Plaintiffs' request to amend their Complaint comes at an advanced stage of the litigation and requires a showing of good cause under Federal Rule of Civil Procedure 16 (Rule 16). Plaintiffs have not shown good cause because their motion does not demonstrate diligence, any amendment would prejudice Defendants, and the proposed amendment would cause unnecessary delay.  Thus, Plaintiffs have not established good cause under Rule 16.  Because of Plaintiffs' delay and the resulting prejudice to Defendants, Plaintiffs also cannot meet the more liberal standards for amendment under Rule 15.  Defendants, therefore, respectfully request that the Court deny Plaintiffs' motion to amend the Complaint to add Mr. Jones as a plaintiff. [1]

**FACTUAL AND PROCEDURAL BACKGROUND**

This action currently involves two individual plaintiffs who sustained felony convictions in Arizona and Washington, and five associational plaintiffs suing on behalf of their thousands of members.  (Compl. ¶¶ 4–10, Dec. 20, 2018, ECF No. 1.)  Plaintiffs seek declaratory and injunctive relief providing that Defendants' alleged "policy of refusing to honor the set-aside and vacation of felony convictions, and restoration of firearm rights by the courts of the other states" is unconstitutional as applied to the individual plaintiffs and others similarly situated to them.  (*Id.* at 21–22 (Prayer for Relief).)  Defendants are the Attorney General, the Acting Director of the California Department of Justice's Bureau of Firearms, and a deputy attorney general sued for work performed in his official capacity as an attorney.  (*Id.* ¶¶ 11–13.)  Defendants moved to dismiss the Complaint.  (Defs.' Mot. to Dismiss, Feb. 22, 2019, ECF No. 12.)  The hearing on that motion took place on August 22, 2019, along with the conference mandated under Federal Rule of Civil Procedure (Rule) 16.  (*See* Civil Minutes, Aug. 23, 2019, ECF No. 26; Order, Apr. 22, 2019, ECF No. 23.)

---

[1] Defendants have no opposition to Plaintiffs updating the corporate name of Plaintiff California Gun Rights Foundation (CGF), formerly the Calguns Foundation, or making sure that the docket reflects the name of the current Acting Chief of the Department of Justice Bureau of Firearms,  Brent E. Orick.  But a motion to file an amended complaint is not the proper vehicle for those updates.  For CGF, a motion for substitution or similar motion should suffice.  *See* Fed. R. Civ. P. 25(c).  And under the rules, Acting Chief Orick is automatically substituted as a party. *See* Fed. R. Civ. P. 25(d).

1

1      Following the hearing, the Court issued an order stating that the motion "raise[d] issues best

2  addressed in summary judgment proceedings," and set dates for the close of fact discovery,

3  April 22, 2020, and Plaintiffs' opening brief for summary judgment, June 22, 2020.  (ECF

4  No. 26.)  The order did not set a deadline for amending the pleadings.  (*Id.*)  Prior to the order

5  being issued, the parties filed a joint case management statement stating, "The parties do not

6  anticipate the amendment of any pleadings, except as necessary in connection with any ruling on

7  the pending Motion to Dismiss.  Plaintiffs do not anticipate the addition of any parties, except as

8  may be necessary to satisfy any standing requirements made in connection with any ruling on the

9  Motion to Dismiss."  (Joint Case Management Statement and Rule 26(f) Report, Aug. 15, 2019,

10  ECF No. 25.)

11      Plaintiffs have since propounded discovery and Defendants have responded.

12      The proposed first amended complaint would add Kendall Jones as a plaintiff.  (Pls.' Not.

13  & Mot. for Leave to File Am. Compl. (Pls.' Mot.) 4–5, Nov. 15, 2019, ECF No. 30; *see also*

14  Proposed First Am. Compl. (Proposed FAC), Nov. 15, 2019, ECF No. 31-1.)  Mr. Jones sustained

15  a felony conviction in Texas in 1980 that was later set aside.  (Pls.' Mot. 4; Proposed FAC

16  ¶¶ 55–56.)  He moved to California after the set aside and became a law enforcement officer who

17  possessed firearms.  (Proposed FAC ¶¶ 54, 56–59.)  In February 2019, the Department of Justice

18  Bureau of Firearms informed Mr. Jones that he was not eligible to own or possess a firearm.  (*Id.*

19  ¶ 61.)

20                              **LEGAL STANDARD**

21      When a party seeks to amend after the deadline provided in the pretrial scheduling order,

22  Rule 16(b) governs their ability to amend and requires good cause. Fed. R. Civ. P. 16(b).[2]  The

23  good cause standard "primarily considers the diligence of the party seeking the amendment."

24  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "If that party was not

25

26      [2] Rule 16(b) states, in relevant part, "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to

27  those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest

28  injustice." Fed. R. Civ. P. 16(b).

| | |
|---|---|
| 1 | diligent, the inquiry should end." *Id.* "[T]he focus of the inquiry is upon the moving party's |
| 2 | reasons for seeking modification," but a court may also consider the prejudice to the other parties. |
| 3 | *Id.* Where good cause appears, the court must then evaluate the request to amend in light of |
| 4 | Rule 15(a)'s liberal standard. Under Rule 15(a), amendment "generally shall be denied only upon |
| 5 | showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff* |
| 6 | *v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citations omitted); *see also* |
| 7 | Fed. R. Civ. P. 15(a)(2). |

**ARGUMENT**

**I.    PLAINTIFFS' MOTION FAILS UNDER RULE 16'S GOOD CAUSE STANDARD**

Plaintiffs seek leave to amend under Rule 15's liberal standard but their request requires scrutiny under Rule 16. *Johnson*, 975 F.2d at 609. This Court's August 23 order constitutes the Rule 16 order because it set dates for the close of fact discovery and the filing of a summary judgment motion. (ECF No. 26.) It, therefore, "controls the subsequent course of the action." Fed. R. Civ. P. 16(b). The last day for Plaintiffs to move to amend under Rule 15 was August 22, 2019—the day before the Court issued its scheduling order.[3] Having filed their motion after that date, Plaintiffs now must show good cause to amend the Complaint.

Plaintiffs have not established good cause because their motion does not adequately show that they were diligent in amending the Complaint to add Mr. Jones. Almost one year has passed since Plaintiffs filed the Complaint and the motion fails to explain the nature and timing of the events supposedly necessitating Mr. Jones's inclusion as a plaintiff in this case. The motion briefly indicates that Mr. Jones "engaged counsel" on or about October 31, 2019. (Pls.' Mot. 4.) It is not clear, however, precisely what that means. Moreover, the date of that engagement does not establish diligence. On the contrary, it prompts questions as to why Mr. Jones and his alleged claims were not discovered sooner. Mr. Jones's status as a member of each of the five associational plaintiffs leads to additional questions regarding the late discovery of Mr. Jones.

---

[3] Under Rule 15, Plaintiffs were entitled to amend as a matter of course up to 21 days after service of Defendants' motion to dismiss on February 22, 2019. If Plaintiffs chose to amend later, but before the Rule 16(b) order, amendment required Defendants' written consent or leave of court. Fed. R. Civ. P. 15(a)(1)(B), (a)(2).

3

1    (Proposed FAC ¶ 6.)  It also prompts questions as to the necessity of his participation; multiple

2    associations of which he is a member are already parties to this action.

3        Defendants would also be prejudiced by the amendment.  Adding Mr. Jones complicates

4    this litigation by adding a new set of facts and laws in light of his prior felony conviction in

5    Texas.  (Mr. Linton's and Mr. Stewart's circumstances implicate the laws of Washington and

6    Arizona, respectively.)  Plaintiffs contend that amending the Complaint will not result in undue or

7    prejudicial delay because it will not cause the parties to supplement discovery responses or to

8    modify the pretrial scheduling order.  (Pls.' Mot. 6; *see also* Decl. of G. Lee ¶ 6, Nov. 15, 2019,

9    ECF No. 31.)  But Plaintiffs should not be so sure that the pretrial scheduling order will not be

10   affected.  At a minimum, adding a new plaintiff will require Defendants to prepare and file a

11   response to the amended complaint, which will result in some delay—perhaps considerable delay

12   if Defendants elect to file a motion to dismiss.  Additional prejudice also will result from any

13   discovery practice related to Mr. Jones.  The proposed amended complaint contains a dozen new

14   paragraphs of detailed allegations about him.

15       For these reasons, the motion does not demonstrate good cause and the Court should deny

16   it.

17   **II.    PLAINTIFFS CANNOT SATISFY RULE 15(A)'S LIBERAL STANDARD FOR AMENDMENT**

18       Even if this Court were to find that Rule 15 governs the motion to amend, it should still

19   deny the motion.  For the same reasons discussed above, the proposed amendment would

20   prejudice Defendants and cause undue delay in an action that is already nearly a year old.

21       Finally, there would be a kind of unfairness to allowing Plaintiffs to *increase* the number of

22   plaintiffs at this late stage in the face of the Court's suggestion at the August 22, 2019 status

23   conference to *limit* the scope of this case to the Second Amendment claim by the individual

24   plaintiffs already before the Court.  Also, it would be one thing if the presence of Mr. Jones

25   corrected the ongoing concerns about Plaintiffs' standing, Eleventh Amendment immunity, and

26   the Complaint's failure to state a claim—all of which Defendants raised in their motion to dismiss

27   and the Court deferred to the upcoming summary judgment motion.  But adding Mr. Jones does

28   not cure those defects.  Leave to amend should, therefore, be denied.

**CONCLUSION**

This case should proceed based on the pleadings as they currently stand.  The Court therefore should deny Plaintiffs' motion for leave to file a first amended complaint.

Dated:  November 27, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


*/s/ MAUREEN C. ONYEAGBAKO*
MAUREEN C. ONYEAGBAKO
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as Attorney General of California, Brent E. Orick, in his official capacity as Acting Chief for the Department of Justice Bureau of Firearms, and Robert D. Wilson, in his official capacity as Deputy Attorney General*

SA2019100119
14288232.docx

# CERTIFICATE OF SERVICE

Case Name:   **Linton, Chad, et al v. Xavier**                No.      **3:18-cv-7653-JD**
**Becerra**

I hereby certify that on <u>November 27, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 27, 2019</u>, at Sacramento, California.


| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|:-:|:-:|
| Declarant | Signature |

SA2019100119
14288901.docx