George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al., | **[FRCP 15]** |
| Defendants. | DATE: JANUARY 2, 2020<br>TIME: 10:00 A.M.<br>COURTROOM: 11, 19TH FLOOR<br>JUDGE: HON. JAMES DONATO |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

### I.    ARGUMENT IN REPLY

**A.    PLAINTIFFS EXERCISED DILIGENCE IN SEEKING AMENDMENT.**

Defendants' opposition to the motion [ECF No. 33] ("Opp.") asserts that a motion to amend a complaint "at an advanced stage of the litigation" requires a showing of "good cause" under Rule 16. (Opp. at 1:2-3). That is not entirely correct. While it is true that motions to amend a pleading after the scheduling order deadline has expired are governed by Rule 16(b),

requiring a showing of "good cause" generally, the Rule really applies to an actual modification of the scheduling order itself.  *See*, FRCP 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")  Defendants' Opposition misstates the actual language of Rule 16(b); see Opp. at 2, fn.2.  We are certain this was inadvertent, as defendants were likely relying upon an older version of the Rule.  Nevertheless, defendants' mistaken reference to the "manifest injustice" standard appears to conflate the current standards necessary to modify the *final* pretrial order under FRCP 16(e) and the initial scheduling order under Rule 16(b).  See Advisory Committee notes regarding the 1983 Amendment to Rule 16, which state:

> The order, like pretrial orders under the former rule and those under new Rule 16(c), normally will "control the subsequent course of the action." See Rule 16(e). After consultation with the attorneys for the parties and any unrepresented parties- a formal motion is not necessary-the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. *Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test*.

Fed. Rule Civ. Pro. 16, Advisory Committee's note (1983) (emphasis added).  *See also*, Wright and Miller, *Fed. Prac. & Proc.*, § 1522.2 (3d ed.) ("The use of the good-cause standard, rather than allowing modification only in cases of manifest injustice as is done for other pretrial orders, indicates that there may be more flexibility in allowing some relief.")  Currently, orders entered before the final pretrial conference may be modified upon a showing of "good cause" under Rule 16(b), but orders following a *final* pretrial conference shall be modified only to prevent manifest injustice" under Rule 16(e).  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Thus, per the current Rule itself, "good cause" is only required to justify modification of the dates set forth at a scheduling conference, or that would otherwise result in a delay of the same.  See, e.g., *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608; *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003); *Stimpson v. Midland Credit Mgmt., Inc.*, 347 F.Supp.3d 538, 552–53 (D. Idaho 2018) (A court should find good cause [for delay under Rule 16] only if the

moving party shows it 'could not reasonably meet the established timeline in a scheduling order despite [its] diligence.'")

Here, as stated in their motion, plaintiffs are *not* seeking modification of this Court's scheduling order [ECF No. 26], which contemplates only the completion of fact discovery by April 22, 2020, and the filing of a motion for summary judgment by plaintiffs. The inclusion of Mr. Jones as an additional plaintiff, based upon the same alleged policies at issue, will not alter this schedule or cause any delay. The only arguable modification to the Court's scheduling order would be to set a date for defendants to file their answer to the proposed amended complaint. However, since the claims for declaratory and injunctive relief as asserted in the operative complaint will not change, plaintiffs would be willing to stipulate to deem the current answer on file [ECF No. 28] to apply to the FAC once filed.

Nevertheless, we expect the Court may inquire as to whether there was any undue delay in seeking amendment. The fact is, counsel undersigned first spoke with proposed plaintiff Kendall Jones when Mr. Jones called on October 21, 2019. Prior to that, we had never heard about him or his claims. (Supplemental Decl. of George M. Lee ("Lee Supp. Decl."), ¶ 3.) After speaking with him, counsel undersigned investigated his claims, reviewed the pertinent documents (see proposed FAC, Exhs. K-M), reviewed pertinent Texas authority, and then entered into an agreement to represent him, as stated, on October 31, 2019. (Id.)

Plaintiffs then drafted the proposed First Amended Complaint, sent a redlined version to Deputy Attorney General Onyeagbako on November 6, 2019. (Lee Supp. Decl., ¶ 4.) At that time, plaintiffs requested that defendants stipulate to the filing of the same. (Id.)

Counsel undersigned followed up with an email requesting time to discuss the requested stipulation on November 12, 2019. (Lee Supp. Decl., ¶ 5.) Counsel finally spoke on November 13, 2019, at which time defendants refused to stipulate to the filing of the amended complaint. (Id., ¶ 6.)

Plaintiffs filed the instant motion two days later, on November 15, 2019. [ECF No. 30.]

Defendants filed their opposition to the motion yesterday, on November 27, 2019. [ECF No. 33], and plaintiffs are filing this reply the following day.

3

REPLY MEMO. IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT | CASE NO. 3:18-cv-07653-JD

In sum, plaintiffs proposed their amendment and requested that defendants stipulate to the filing of the same sixteen days after plaintiffs' counsel first spoke with Mr. Jones. (Lee Supp. Decl., ¶¶ 3-4.) It is difficult to imagine what demonstration of haste or urgency defendants may have expected or required of the plaintiffs. But if defendants are attempting to suggest that plaintiffs were dilatory in any respect with regard to seeking amendment, their opposition is well off the mark.

Plaintiffs here are not seeking modification of the Court's pre-trial scheduling order, or delay of the dates associated with the close of fact witness discovery, or the motion for summary judgment. Accordingly, an inquiry into good cause is not strictly necessary under Rule 16(b), but even so, good cause exists because plaintiffs have exercised haste and diligence in seeking the proposed amendment.

B. **DEFENDANTS' OPPOSITION DOES NOT DEMONSTRATE THAT ANY ACTUAL PREJUDICE WILL RESULT BY THE AMENDMENTS.**

Neither does the defendants' opposition make any creditable claim to prejudice, aside from the generalized assertion. Even under the standard governed by Rule 16(b), when a district court determines whether to grant a motion to amend outside the deadline imposed in the scheduling order, the court may also consider "the existence or degree of prejudice to the party opposing the modification." *Stimpson*, 347 F.Supp.3d at 552–53.

Of course, defendants here recite a rote claim they "will be prejudiced" by the proposed amendment. (Opp. at 4:3-6.) "But the non-moving party must do more than merely claim prejudice; 'it must show that it was *unfairly* disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (emphasis added); *Shuey v. County of Ventura*, No. 2:14-cv-09520-ODW (SHX), 2016 WL 4367224 at *4 (C.D. Cal. Aug. 11, 2016). It has also been stated that a showing of prejudice requires that "the non-moving party must show that an unfair disadvantage or deprivation of the opportunity to provide facts or evidence will result by allowing the amendment." *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 331

(D. Ariz. 2018) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), and *Bechtel*, 866 F.2d at 652.)  In *DCD Programs, Ltd.*, the Ninth Circuit stated: "[T]here has been no 'unjust delay.' Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment." 833 F.2d at 187–88.  Other cases have stated that "'Prejudice, in the context of a motion to amend, means 'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Deakyne v. Cmmsrs. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

Here, none of these factors are present, nor have the defendants otherwise demonstrated prejudice.  Amendment of the complaint will not result in defendants unfairly losing the opportunity to present facts or evidence in support of their defenses.  And no supplementing or re-working of discovery will be required, as the only discovery which has been propounded is an initial request for production of documents, and defendants' production in response which amounted to 113 pages produced in total. (Lee Supp. Decl., ¶ 9.)  No other written discovery has been propounded. (Id.)

Nor can defendants claim that they will be unduly prejudiced by having to face Mr. Jones's claims at all.  It is not as if Mr. Jones's claims will evaporate should leave to amend be denied.  Defendants would have to face these allegations either in this case, or in a subsequently-filed case.  Thus, wouldn't it actually be more efficient and economical, as plaintiffs assert, to have these claims litigated and disposed of together?[1]

---

[1] Indeed, the motion to add Mr..Jones as a party/plaintiff might also have been made under FRCP 20, governing permissive joinder, as all of the factors appear to be present. Under Rule 20(a)(1) Any person may join as coplaintiff if:

- A right to relief is asserted by them jointly, severally, or in the alternative, the right to relief arises out of the same transaction, occurrence or series of transactions or occurrences; and
- Any question of law or fact common to all plaintiffs joined will arise in the action.

FRCP 20(a)(1).  As this case is still in its early stage, and Mr. Jones has not yet filed a separate claim, given the liberality with which amendments are considered and granted, we think it economical and sufficient to bring the motion as one to amend under Rule 15.  Should this motion be denied, however, it would still be prudent for Mr. Jones to file an action separately, and for plaintiffs to seek joinder under Rule 20, or consolidation of actions under FRCP 42(a).

REPLY MEMO. IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT | CASE NO. 3:18-cv-07653-JD

In the absence of any demonstrable prejudice, or any of the other factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), i.e., (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment, leave to amend the complaint should freely be given. *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Accordingly, as defendants have not demonstrated what actual prejudice or delay would result from the filing of the FAC, or any of the other factors under *Foman*, leave to file the same should be granted.

## II.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request leave to file their First Amended Complaint. As this appears to be a fully-briefed, routine matter regarding a proposed amendment, without any demonstrable prejudice, plaintiffs respectfully request that the Court consider plaintiffs' motion for leave to amend without the necessity hearing (presently scheduled for hearing on January 2, 2020) so that, if granted, plaintiffs may file and serve their First Amended Complaint without further delay. (Lee Supp. Decl., ¶ 10.)

Respectfully submitted,

Dated: November 28, 2019			**SEILER EPSTEIN LLP**


/s/ George M. Lee
George M. Lee

Attorneys for Plaintiffs