George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:     (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
KENDALL JONES, FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **DECLARATION OF PLAINTIFF CHAD LINTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al., | |
| Defendants. | |

## <u>DECLARATION OF CHAD LINTON</u>

I, Chad Linton, declare as follows:

1.      I am an adult resident of the County of Placer, California.  I am a named plaintiff in this matter and if called as a witness, I could competently testify to these facts.

2.      This declaration is made in support of plaintiffs' motion for issuance of a preliminary injunction.

3.      I served in the United States Navy from 1986 to 1988.  On or about August 20, 1987, while I was stationed at Whidbey Island Naval Air Station, Washington, I made an error in

**SEILER EPSTEIN LLP**
**Attorneys at Law**

judgment.  While on a motorcycle, and traveling at a high rate of speed, I went past a Washington State Police car.  For a brief period of time, I thought perhaps I might be able to make it back to NAS Whidbey Island before the Washington State Police officer would be able to catch up to me, and I accelerated.  However, after a few moments, I reconsidered that idea, pulled over to the side of the highway, and voluntarily allowed the state trooper to catch up to me.  I was arrested and did not resist my arrest in any way.

4.      I was charged in Washington State, Island County Superior Court, with attempting to evade a police vehicle, a "Class C felony" under section 46.61.024 of the Revised Code of Washington ("RCW"), and with driving under the influence, charged as a misdemeanor. I spent seven days in jail.

5.      On or about December 29, 1987, I entered pleas of guilty to both Count I (Attempting to Evade a Pursuing Police Vehicle, RCW 46.61.024) and Count II (Driving While Intoxicated, RCW 46.61.502).  I was sentenced to seven days in jail, with credit for all seven days served, was required to complete community service, paid fines, and successfully completed all other terms of probation.  At the time of the sentencing, the Washington State court judge, who was sympathetic to me, told me that if I successfully completed all terms of my probation, that the court would reduce the matter to a misdemeanor and have the matter discharged from my records.  I had no reason to believe that this had not occurred.  In fact, in 1988, I received a certificate of discharge, showing that I successfully completed probation. That certificate included a statement that "the defendant's civil rights lost by operation of law upon conviction be HEREBY RESTORED."

6.      After being discharged from the Navy, in 1988, I moved back to California. Since moving back to California, I have undergone multiple background checks and fingerprint-based "Live Scan" database queries of law enforcement records, in connection with licensing, none of which revealed the presence of a felony conviction in another state.  I had also reasonably relied upon the statements made by the trial judge in Washington State, in believing that the attempted evading charge had been reduced to a misdemeanor, and that the restoration of

my rights upon successful completion of probation entitled me to own firearms legally.

7.      In fact, since 1988, I have successfully and legally purchased and acquired several firearms, all with the approval of the State of California having passed all state and federal background checks.

8.      Since returning to California permanently, I have been and remain a law-abiding citizen.  I have married and have raised a family here.

9.      On or about December 26, 2015, I attempted to make a purchase of a handgun, and was denied the purchase by the State of California.  I was informed by the California DOJ that I was prohibited from taking possession of the handgun due to the existence of a prior felony, and that the disqualifying offense was the Washington State matter dating back to 1987, which I believed had been reduced to a misdemeanor.  Nevertheless, based upon the DOJ's denial of the firearm purchase, I hired an attorney in the State of Washington.  On my behalf, he re-opened the criminal proceedings, in which I then withdrew my guilty plea, and entered a not-guilty plea, which was entered retroactively.

10.      On March 21, 2016, the Superior Court of the State of Washington, Island County issued its final Order on Motion Re: Vacating Record of Felony Conviction, in which the court specifically found that the offense for which I was convicted was not a violent offense under Washington State law.  A true and correct certified copy of that record is attached hereto as **Linton Exhibit A**.  Accordingly, the Superior Court granted the motion to vacate conviction records related to the underlying offense, set aside the guilty plea, and released me from all penalties and disabilities resulting from the offense.  (Exhibit A, p. 2.)

11.      On April 18, 2016, the Superior Court of the State of Washington, Island County, further issued, upon a petition filed by my attorney, an Order Restoring Right to Possess Firearms pursuant to Revised Code of Washington (RCW) 9.41.040(4).  A true and correct certified copy of this order is attached as **Linton Exhibit B.**  As part of that petition, and order, the court found that I was qualified to have the right to possess firearms restored to me, and accordingly, ordered "that Petitioner Chad Linton's civil rights and right to possess firearms are

**SEILER EPSTEIN LLP**
Attorneys at Law

1   FULLY RESTORED pursuant to RCW 9.41.040(4)." (*Id*.)  The court further ordered the

2   Washington State Patrol to transmit a copy of its Order to the Federal Bureau of Investigation.

3        12.    After these proceedings, in order to determine whether I was still prohibited from

4   owing or purchasing firearms in the State of California, on or about October 25, 2016, I

5   voluntarily underwent a Personal Firearms Eligibility Check ("PFEC") pursuant to Cal. Pen.

6   Code § 30105(a) to confirm my eligibility to purchase and/or possess a firearm.  Based upon this

7   check, the California DOJ's Bureau of Firearms informed me that I was eligible both to possess

8   and purchase firearms, based upon a search of California's records.  The PFEC form indicated,

9   however, that the actual purchase of a firearm would involve the search of a federal database by

10  the DOJ.  A true and correct copy of my PFEC results, dated October 25, 2016, is attached hereto

11  as **Linton Exhibit C**.

12       13.    Based upon the court orders from the State of Washington, and the PFEC results,

13  on October 30, 2018, I attempted to purchase a rifle, but again, I was denied.  On or about

14  November 7, 2016, the California DOJ informed me that I was ineligible to purchase or possess

15  firearms pursuant to its review of state and/or federal records which purported to show that I was

16  a "Felon: Any person who has been convicted of a felony under the laws of the United States, of

17  the State of California, or of any other state, government, or country."  A true and correct copy of

18  the DOJ's letter denying me the right to purchase a firearm is attached hereto as **Linton Exhibit**

19  **D**.  But the only felony conviction I had ever suffered was the Washington State conviction,

20  which by that time had already been set aside, vacated, and for which my firearms rights

21  specifically had been restored to me by the Washington court.  (Exhibits A and B.)

22       14.    After this firearm denial, I requested and underwent a "Live Scan" fingerprint-

23  based background check request with the DOJ directly.  On or about November 10, 2016, the

24  results of that Live Scan were returned and showed the presence of no felony convictions.

25       15.    On or about February 2, 2017, my attorney, Adam Richards, wrote the DOJ to

26  contest its determination regarding my status as a prohibited person.  In furtherance of this claim

27  of inaccuracy and/or incompleteness, Mr. Richards provided the DOJ with copies of the

Washington Court's Order vacating the felony conviction (Exhibit A), as well as the Order restoring my firearm rights (Exhibit B).  A true and correct copy of Mr. Richards's letter to the DOJ dated February 2, 2017, is attached hereto as **Linton Exhibit E**.  The DOJ did not respond to this request and communication.

16.     My attorney made a second request to the DOJ to correct my record, on November 11, 2017.  On or about January 30, 2018, in apparent response to my attorney's letter, the DOJ sent me a letter directly, stating that "the entry in question cannot be found on your California criminal history record, therefore, no further investigation is required."  A copy of the California DOJ's letter to me dated January 30, 2018, is attached as **Linton Exhibit F**.  In addition, on about March 6, 2018, the DOJ sent me an additional record stating that "as of the date of this letter, your fingerprints did not identify any criminal history maintained by the Bureau of Criminal Information and Analysis."  A true and correct copy of the DOJ's letter dated March 6, 2018, is attached as **Linton Exhibit G**.

17.     Based upon the letters from the DOJ (Exhibits F and G) which appeared to be responsive to my attorney's letters, on March 20, 2018, I believed that the confusion had been cleared up, and that the DOJ's records had been corrected.  I then attempted to purchase a .357 revolver, for self-defense in the home, but once again, I was denied.  On or about March 27, 2018, the DOJ sent me a letter stating that the attempted firearm purchase was denied due to the presence of a prior felony conviction—again, the only possible such matter being the now-vacated Washington matter.

18.     On or about April 3, 2018, agents of the California Department of Justice came to my home, and seized several firearms that I had legally acquired and owned throughout the years, including an antique, family-heirloom shotgun that was once owned by my grandfather. All of these firearms were acquired through legal purchases or transfers, through federally-licensed firearm dealers (FFLs), and pursuant to DOJ DROS ("Dealer's Record of Sale") background checks.  As stated, over the years, I had passed many other background checks, and Live Scan fingerprint-based checks in connection with professional licensing, none of which

5

turned up the presence of any felony convictions, and in conjunction with the trial judge's statements at my sentencing in 1987, I had believed that the matter had been reduced to a misdemeanor and vacated at the time of discharge.  At the time the DOJ agents came to my home, my wife showed the DOJ agents the Washington State court orders that vacated the felony conviction, and restored my gun rights.  I was informed by the DOJ agents that they had sought approval from Deputy Attorney General Robert Wilson to return the firearms to me, but Mr. Wilson denied this request.

19.     On September 24, 2018, Mr. Richards, spoke with Deputy Attorney General Wilson about this ongoing inability of DOJ to reconcile and correct its records with the (already-provided) records showing that the Washington State felony had been vacated and firearms rights had been restored.  A true and correct copy of Mr. Richards's letter of December 4, 2018 to Deputy Attorney General Wilson, confirming this conversation, is attached as **Linton Exhibit H**.

20.     The DOJ did not respond to Mr. Richards's request to reverse their decision, or change their policy, and I have been forced to file this action to vindicate my rights.

21.     I am therefore suffering and am continuing to suffer irreparable injury as a result of the Department's determination, through the policies issued and implemented by defendants, that prohibits me from owning or possessing firearms. I am being deprived of the ability to exercise a fundamental constitutional right to purchase/possess a firearm for lawful purposes, including for self-defense in the home.  I desire to exercise, and would exercise these rights, but for the defendants' policies that prohibit me from doing so.

22.     For these reasons, and as set forth in the motion, we respectfully request preliminary injunctive relief to prevent the State of California and defendants from continuing to deprive us of these important rights under the Constitution, and to prevent them from enforcing and continuing to enforce their policies as they pertain to the denial of rights based upon non-violent, out-of-state felony convictions that have been set aside and vacated in their respective states of origin.

I declare under penalty of perjury that the foregoing is true and correct.

SEILER EPSTEIN LLP
Attorneys at Law

1

2   Dated: **Dec 13, 2019**
                                    _Chad Linton_
                                    chad linton (Dec 13, 2019)

3                                        CHAD LINTON

DECL. OF CHAD LINTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIM. INJUNCTION | CASE NO. 3:18-cv-07653-JD

SEILER EPSTEIN LLP
Attorneys at Law

LINTON EXHIBIT A

**STATE OF WASHINGTON )**
**COUNTY OF ISLAND     ) ss**

I, Debra Van Pelt, Clerk of Island County and ex-officio clerk
of the Superior Court, do hereby certify that this instrument
consisting of __3__ page(s), is a full, true and correct copy of the
original now on file in my office. WITNESS my hand and official
seal this __30th__ day of __November__ , 20__16__ .

DEBRA VAN PELT
By: _____
Deputy
Coupeville, Washington

FILED
DEBRA VAN PELT
ISLAND COUNTY CLERK

2016 MAR 21   PM 3: 34

## SUPERIOR COURT OF WASHINGTON
### ISLAND COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD JAY LINTON,<br><br>Defendant. | No. 87-1-00064-9<br><br>**Order on Motion Re: Vacating Record of Felony Conviction Granted (ORVCJG)**<br><br>**Clerk's Action Required, para. 3.6** |

### I. Basis

**This matter** comes before the court on defendant's motion for order vacating record of felony conviction pursuant to RCW 9.94A.640. The court having heard argument of the parties and considered the case records and files, and the pleadings submitted on the matter.

### II. Findings

2.1     Adequate notice was given to the appropriate parties and agencies.

2.2.    On or about December 29, 1987, the defendant was convicted of the following offense(s):

Cause No: 87-1-00064-9 Count: I Offense: Attempting to Elude Pursuing Police Vehicle in violation of RCW 46.61.024.

2.3     Defendant was discharged under RCW 9.94A.637 as having completed the requirement of his or her sentence for the offense listed in paragraph 2.2 (RCW 9.94A.640).

2.4     Defendant satisfied the following requirements of RCW 9.94A.640(2) or has met the equivalent of these requirements as they would be applied to a person convicted of a crime committed after July 1, 1984:

There are no criminal charges pending against the defendant in any court of this state or another state, or in any federal court (RCW 9.94A.640(2)(a)).

*OR re: Vacating Rec Fel. Conv. (ORVCJG, ORDYMT) - Page 1 of 3*
CR 08.0920 (08/2012) RCW 9.94A.640

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

SENT TO
WSP

The offense for which the defendant was convicted is **not** one of the following offenses (RCW 9.94A.640(2)(b), (c), (g)):

| A violent offense as defined in RCW 9.94A.030 |
| A crime against persons as defined in RCW 43.43.830 |
| A class C felony described in RCW 46.61.502(6) or 46.61.504(6) |

2.5   The defendant has not been convicted of any new crime in this state, another state, or federal court since the date of discharge under RCW 9.94A.637 or expiration of probation, based upon the criminal history check of the following records (RCW 9.94A.640(2)(d)):

Washington State Crime Information Center (WACIC), RCW 43.43.500 et seq;
National Crime Information Center (NCIC), including the Interstate Identification Index (Triple I), 28 USC Section 534;
Judicial Information System (JIS), including Defendant Case History (DCH) from the District and Municipal Court Information System (DISCIS), RCW 2.68 et seq. and JISCR; AND/OR
Other: Washington State Patrol Washington Access To Criminal History (WATCH).

2.6   The offense for which the defendant was convicted was a class C felony, other than a class C felony described in RCW 46.61.502(6) or 46.61.504(6), and it has been at least five years since the date of discharge under RCW 9.94A.637 or expiration of probation (RCW 9.94A.640(2)(f)).

### III.  Order

The court orders:

3.1   The motion for order vacating conviction records of the following offense is granted.

Cause No: 87-1-00064-9 Count: I Offense: Attempting to Elude Pursuing Police Vehicle in violation of RCW 46.61.024.

The court further orders that:

3.2   The defendant's guilty plea for the offense listed in paragraph 3.1 is withdrawn and a not guilty plea is entered.
*And/Or*
The guilty verdict for the offense listed in paragraph 3.1 is set aside.

3.3   The information or indictment for the offense listed in paragraph 3.2 is dismissed.

3.4   The defendant shall be released from all penalties and disabilities resulting from the offense listed in paragraph 3.1 and the conviction of that offense shall not be included in the defendant's criminal history for purposes of determining a sentence in any subsequent conviction. However, the conviction may be used in a later criminal prosecution.

3.5   For all purposes, including responding to questions on employment applications, the defendant may state that he or she has never been convicted of the offense listed in paragraph 3.1.

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

3.6    The clerk of the court shall immediately transmit a certified copy of this order to the Washington
State Patrol and to the Island County Sheriff which agencies shall immediately update their
records to reflect the vacation of the record of conviction of the offense(s) listed in paragraph 3.1.
The Washington State Patrol shall transmit a copy of this order to the Federal Bureau of
Investigation.  The Washington State Patrol or local law enforcement agency may not disseminate
or disclose a conviction that has been vacated under RCW 9.94A.640 to any person, except to
other criminal justice enforcement agencies.

Dated:    _3/21/2016_

Judge/Print Name:
_Alan R Hancock_

Presented by:

_Brent Thompson_, WSBA# 44778
Attorney for Respondent

Approved for entry:

_Michael Sckstrom_ , WSBA# 46425
Prosecuting Authority

*OR re: Vacating Rec Fel. Conv. (ORVCJG, ORDYMT)* - Page 3 of 3
CR 08.0920 (08/2012) RCW 9.94A.640

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

LINTON EXHIBIT B

STATE OF WASHINGTON )
COUNTY OF ISLAND         )  ss

FILED
DEBRA VAN PELT
ISLAND COUNTY CLERK

2016 APR 18  AM 11: 47

I, Debra Van Pelt, Clerk of Island County and ex-officio clerk
of the Superior Court, do hereby certify that this instrument
consisting of _1_ page(s), is a full, true and correct copy of the
original now on file in my office. WITNESS my hand and official
seal this _30TH_ day of _November_____, 20 _16_.

DEBRA VAN PELT
By: _____
Deputy
Coupeville, Washington

SUPERIOR COURT OF WASHINGTON
ISLAND COUNTY

| | |
|---|---|
| CHAD JAY LINTON, | No. 16-2-00196-8 |
| █████████  Petitioner, | **RCW 9.41.040(4) ORDER RESTORING RIGHT TO POSSESS FIREARMS** |
| vs. | |
| STATE OF WASHINGTON, Respondent. | **Clerk's Action Required** |

THIS MATTER having come on for hearing before the above entitled court on a RCW 9.41.040(4) Petition for Order Restoring Right to Possess Firearms and the court having reviewed the Petition and having heard any objections thereto, and being otherwise fully advised:

THE COURT HEREBY FINDS on August 11, 1988 the Island County Superior Court discharged Petitioner and restored his civil rights lost as a result of Island County Superior Court Cause No. 87-1-00064-9; on March 21, 2016 the Island County Superior Court also vacated, set aside, dismissed, and released Petitioner from all penalties and disabilities resulting from Island County Superior Court Cause No. 87-1-00064-9; and the Petitioner is qualified, pursuant to RCW 9.41.040(4), to have the right to possess firearms fully restored; now therefore:

THE COURT HEREBY ORDERS that Petitioner Chad Linton's civil rights and right to possess firearms are FULLY RESTORED pursuant to RCW 9.41.040(4). The clerk of the court shall, forthwith, provide a certified copy of this Order to the Washington State Patrol-Identification Section. The Washington State Patrol shall transmit a copy of this order to the Federal Bureau of Investigation.

DONE IN OPEN COURT this 18th day of April, 2016.

JUDGE  Pro Tem

Presented by:

Brent Thompson, WSBA #44778
Attorney for Petitioner

Approved for entry:

Michael Satstrom___, WSBA # 46025
Attorney for State of Washington

*RCW 9.41.040(4) Order Restoring Right To Possess Firearms - Page 1 of 1*

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

LINTON EXHIBIT C




State of California
Department of Justice
**Bureau of Firearms**
P.O. Box 820200, Sacramento, CA 94203-0200

## PERSONAL FIREARMS ELIGIBILITY CHECK (PFEC) NOTIFICATION

**October 25, 2016**
(date check was completed)

CHAD JAY LINTON



## THIS NOTICE IS FOR INFORMATION PURPOSES ONLY
## IT DOES NOT AUTHORIZE THE SALE OR TRANSFER OF ANY FIREARM

☑ — You are eligible to both possess and purchase firearms as of the date the check was completed. This determination is based on a check of California records.

☐ You are ineligible to either possess or purchase firearms as of the date the check was completed.

☐ You are eligible to possess firearms as of the date the check was completed, but ineligible to purchase firearms as of the date the check was completed.

☐ A firearms eligibility determination could not be confirmed as of the date the check was completed. Please contact (916) 227-7527 for more information.

*No person or agency may require or request another person to obtain a firearms eligibility check or notification of firearms eligibility pursuant to section 30105 of the Penal Code. A violation of these provisions is a misdemeanor.*

*If the applicant for a firearms eligibility check purchases, transfers, or receives a firearm through a licensed dealer as required by law, a waiting period and background check are both required.*

### PLEASE BE AWARE OF THE FOLLOWING

#### If you are ELIGIBLE to purchase:

*Federal law does not authorize a check of the National Instant Criminal History Background Check System (NICS) as part of a Personal Firearms Eligibility Check (PFEC). Therefore, although the results of the PFEC indicate you are eligible to possess and purchase firearms, you could still be prohibited based on information in a federal database that the California Department of Justice was not authorized to check.*

*Upon application to purchase a firearm another background check will be conducted and the waiting period will apply.*

*A valid California Driver License or Identification Card is required at the time of purchase of any firearm.*

*A valid Alien Registration Card or I-94 is required at the time of purchase of any firearm if applicant is a non-U.S. citizen. The non-U.S. citizen applicant must also meet certain federal requirements to purchase a firearm, unrelated to the firearms eligibility background check.*

#### If you are INELIGIBLE to purchase:

*And if you are also ineligible to possess, you must relinquish any firearms in your possession to your local law enforcement agency or complete and follow the directions stated on the enclosed 'General Notice of Firearm Prohibition and Power of Attorney for Firearms Relinquishment, Sale or Transfer for Storage.'*

*If you have questions regarding this notification, please contact DOJ at (916) 227-7527.*

PFEC CONTROL # : 17876

LINTON EXHIBIT D



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

BUREAU OF FIREARMS
P.O. BOX 820200
SACRAMENTO, CA 94203-0200
Telephone: (916) 227-7527
Fax: (916) 227-3744

November 07, 2016

CHAD JAY LINTON


RE: <u>Firearm Denial</u>

Dear CHAD JAY LINTON:

    You recently applied to purchase a firearm. When a person applies to purchase a firearm in California, the California Department of Justice (the Department) is required by state and federal laws to examine its records to determine whether the purchaser is eligible under state and federal law to purchase and possess firearms. Your recent firearm purchase application is being denied because the Department's review of state and/or federal records matching your identifying information revealed the following information:

    Felon:  Any person who has been convicted of a felony under the laws of the United States, of the State of California, or of any other state, government, or country.

    This determination was based upon information you provided in your application to purchase a firearm, such as your name, date of birth, driver's license number and physical description, but has not been confirmed with fingerprint comparison. It is possible that the criminal record may not be yours and may belong to another individual whose name and identifying information is similar to yours.

    If you wish to challenge the accuracy of the Department's determination or the completeness of your criminal history record, please complete a request for Live Scan Service form (BCIA/BOF8016) located on the Bureau of Firearms web page at http://oag.ca.gov/firearms.

                    FIREARMS CLEARANCE SECTION
                    Bureau of Firearms

          For    KAMALA D. HARRIS
                    Attorney General

LINTON EXHIBIT E

LAW OFFICES OF

## ROTHSCHILD WISHEK & SANDS LLP
765 UNIVERSITY AVENUE
SACRAMENTO, CALIFORNIA 95825

TELEPHONE (916) 444-9845
FACSIMILE (916) 640-0027

M. BRADLEY WISHEK
SHANNON V. BAKER
CLYDE M. BLACKMON
ADAM J. RICHARDS
ERIN L. BRENNAN
AMIT SINGH

*Of Counsel*
MICHAEL ROTHSCHILD
QUIN DENVIR (1940-2016)
KENDALL DAWSON WASLEY

*Retired*
MICHAEL S. SANDS

February 2, 2017

**VIA U.S. MAIL**
State of California Department of Justice
Bureau of Criminal Information and Analysis
Record Review Unit
P.O. Box 903417
Sacramento, CA 94203-4170

     Re:    Chad Linton
             Claim of Alleged Inaccuracy or Incompleteness

To Whom It May Concern:

    This office represents Chad Linton. We are in receipt of the letter from your office to Mr. Linton dated November 10, 2016. We are also in receipt of a letter from the Firearms Clearance Section dated November 7, 2016 informing Mr. Linton that his application to purchase a firearm has been denied due to a felony conviction. Please consider this letter as a claim of inaccuracy or incompleteness. The basis for this claim is that the DOJ appears to attribute a felony offense to Mr. Linton from the State of Washington. This offense was vacated by the Superior Court of Washington, County of Island and his right to own firearms was expressly restored by the court. I have enclosed two documents for the Department's review, both of which are stamped, certified copies of the relevant court record. The documents provide the following:

1. Document 1: Order on Motion Re: Vacating Record of Felony Conviction Granted.
   a. This document provides, among other things, the following:
      i. The defendant's guilty plea for the offense listed in paragraph 3.1 is withdrawn and a not guilty plea is entered.
      ii. The guilty verdict for the offense listed in paragraph 3.1 is set aside.
      iii. The defendant shall be released from all penalties and disabilities resulting from the offense listed in paragraph 3.1 and the conviction of that offense shall not be included in the defendant's criminal history for the purposes of determining a sentence in any subsequent conviction. However, the conviction may be used in a later criminal prosecution.
      iv. For all purposes, including responding to questions on employment applications, the defendant may state that he or she has never been convicted of the offense listed in paragraph 3.1.

2. Document 2: Order Restoring Right to Possess Firearms.
   a. This document provides, in summary, that the rights lost by defendant in the case number at issue are thereby restored and defendant is qualified, pursuant to

Record Review Unit
Re: Claim of Alleged Inaccuracy or Incompleteness
February 2, 2017
Page 2

Washington law, to have the right to possess firearms fully restored.  The court then orders that his rights are restored.

The enclosed court records unequivocally demonstrate that Mr. Linton's right to own and possess firearms was fully restored and that the offense which originally caused him to lose his rights, was fully vacated.

Based on the foregoing, please correct your record concerning Mr. Linton such that it reflects that he has not been convicted of a felony and that he is able to own and possess firearms.

Please contact me or Mr. Linton should you have any questions or concerns or should you disagree with this request and the information contained herein.

Sincerely,

Adam J. Richards
arichards@rwslaw.com

AJR/clu
Enclosure:      Claim of Alleged Inaccuracy or Incompleteness

cc:      Chad Linton

LINTON EXHIBIT F

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



*Bureau of Criminal Information and Analysis*
Record Review Section
P. O. Box 903417
Sacramento, CA 94203-4170

January 30, 2018

Chad Jay Linton

RE:   Criminal History Record

Dear Mr. Linton:

This correspondence is in response to your claim of alleged inaccuracy or incompleteness in your California state summary criminal history record as maintained by the California Department of Justice (DOJ), received on May 24, 2017 and November 28, 2017.

The DOJ is required to record arrest and disposition information that is received from a law enforcement agency or court of this state. The entry in question cannot be found on your California criminal history record, therefore, no further investigation is required.

The event dated November 1, 2001 is not an arrest entry but was generated by California Alcohol Beverage Control when they conducted a fingerprint-based background check on you regarding your License Certification or Permit submission. This entry can only be deleted at the direction of the submitting agency. You must contact Alcohol Beverage Control and ask that they submit a request to the DOJ to remove the applicant entry.

If you have questions concerning firearms eligibility, etc., please contact the California Department of Justice, Bureau of Firearms, at (916) 227-1375.

If you have any further questions concerning this matter, please direct your correspondence to the Record Review Section at the address provided above.

Sincerely,

ANNETTE AH PO, DOJ Administrator
Record Review and Challenge Program
Bureau of Criminal Information and Analysis

For    XAVIER BECERRA
Attorney General

RR-09; Rev. 02/24/2017

LINTON EXHIBIT G

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



BUREAU OF CRIMINAL INFORMATION AND ANALYSIS

P.O. Box 903417
SACRAMENTO, CA 94203-4170

March 06, 2018

CHAD JAY LINTON

█████████████
█████████████

RE:     California Criminal History Information

Dear Applicant:

.This is in response to your record review request initiated due to either a notification
regarding a delay in your firearms eligibility check or a notification that your firearms eligibility
check was denied  As of the date of this letter, your fingerprints did not identify any criminal
history record maintained by the Bureau of Criminal Information and Analysis. As requested, a
copy of this record review has been sent to your designee.

This response does not constitute a complete firearms eligibility clearance.  If you have any
questions regarding your firearms clearance, please contact the Firearms Bureau directly at (916)
227-7527.

Record Review and Challenge Program
Applicant Record and Certification Branch
Bureau of Criminal Information and Analysis

For  XAVIER BECERRA
Attorney General

BCIA Firearms /RR 8708d (Rev. 02/17)

LINTON EXHIBIT H

LAW OFFICE OF

# ADAM J. RICHARDS

2530 J Street, Ste. 320
Sacramento, California 95816
TELEPHONE (916) 399-3486
FACSIMILE (916) 823-3307


December 4, 2018

**SENT BY U.S. MAIL AND EMAIL TO Robert.Wilson@doj.ca.gov**
Deputy Attorney General Robert D. Wilson
Office of the Attorney General
California Bureau of Firearms
1300 I St, Ste 125
Sacramento, CA 95814

      Re:   DEPARTMENT DENIAL OF RIGHT TO PURCHASE A FIREARM --
              CHAD LINTON

Dear Mr. Wilson:

        Thank you for speaking with me on Tuesday, September 24, 2018 about my client, Chad Linton. Based on our conversation, it is my understanding that the Department's position is that Mr. Linton is prohibited from owning or possessing firearms in the State of California pursuant to Penal Code section 29800 as a result of his vacated and dismissed 1988 felony conviction in the State of Washington. During our call, you stated that the only measure that would restore his rights, according to your Department, is a presidential pardon. As I informed you during our conversation, I strongly disagree with the Department's position as I believe it to be arbitrary and capricious for several reasons. As evidenced by the Washington State court records, certified copies of which were provided to your department, Mr. Linton's conviction was vacated and dismissed. The unequivocal language in the Washington State Superior Court order states, among other things, that 1) the information/indictment against him was dismissed, 2) that he shall be released from all penalties and disabilities resulting from the offense, 3) that the conviction was vacated, and 4) that for all purposes, defendant may state that he was never convicted of the offense. While this order in and of itself restores his right to own and possess firearms in all jurisdictions, including federally pursuant to 18 USC 921(a)(20)(B), Mr. Linton also received an express order from the Washington Superior Court restoring his right to own and possess firearms, a certified copy of which was also provided to your office.  Your position that Washington orders have no authority over California is irrelevant and misses the crux of the issue; Washington courts are not seeking to modify a California order or case. Instead, the question of whether Mr. Linton was convicted of a felony resides with the jurisdiction in which the conviction allegedly occurred. Mr. Linton has no record in the State of California and now, effectively, has no record in the State of Washington.

Deputy Attorney General Robert Wilson
Re: Linton, Chad
12/4/2018
Page 2

The Department's position that Mr. Linton is still prohibited is spurious and deprives him of the free exercise of a fundamental right and equal protection under the law. The Department's current position is especially troubling given that the Department informed Mr. Linton in response to his Personal Firearms Eligibility Check (hereafter, "PFEC") that he was eligible to own and possess firearms in August of this year, 2018. Yet, he was denied the ability to purchase a firearm shortly thereafter. While, you made clear during our call that the PFEC only checks California law and records, Mr. Linton has no California record and he is not federally prohibited or prohibited in the state of Washington. Yet, California still maintains that he is prohibited as a result of his 1988 conviction for attempting to elude a pursuing police vehicle which has since been vacated and dismissed; His rights, including with respect to firearms were fully restored.

It seems that Mr. Linton has exhausted his remedies with the Department and, as you informed me during our call, the Department will not change its position with regard to its view of Mr. Linton's record and that he is currently prohibited from owning or possessing a firearm. Please confirm in writing within ten (10) days of this letter the Department's position that it will not change their policy as it pertains to the facts of this case nor issue to Mr. Linton written clearance to purchase a firearm.

Thank you for your attention to this matter.

Sincerely,

Adam J. Richards