1  George M. Lee (SBN 172982)
       gml@seilerepstein.com
2  **SEILER EPSTEIN LLP**
   275 Battery Street, Suite 1600
3  San Francisco, CA 94111
   Phone: (415) 979-0500
4  Fax:    (415) 979-0511

5  Attorneys for Plaintiffs
   CHAD LINTON, PAUL MCKINLEY STEWART,
6  KENDALL JONES, FIREARMS POLICY FOUNDATION,
   FIREARMS POLICY COALITION,
7  SECOND AMENDMENT FOUNDATION,
   THE CALGUNS FOUNDATION and MADISON
8  SOCIETY FOUNDATION

9

10                  **UNITED STATES DISTRICT COURT**

11

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13
   CHAD LINTON, et al.,                          Case No. 3:18-cv-07653-JD
14
              Plaintiffs,              **DECLARATION OF PLAINTIFF PAUL**
15                                     **MCKINLEY STEWART IN SUPPORT OF**
              vs.                      **PLAINTIFFS' MOTION FOR PRELIMINARY**
16                                     **INJUNCTION**

17  XAVIER BECERRA, in his official capacity as
   Attorney General of California, et al.,
18
              Defendants.
19

20

21               DECLARATION OF PAUL McKINLEY STEWART

22       I, Paul McKinley Stewart, declare as follows:

23       1.      I am an adult resident of the County of San Bernardino, California, where I have

24  lived for over 30 years.  I am a named plaintiff in this matter and if called as a witness, I could

25  competently testify to these facts.

26       2.      This declaration is made in support of plaintiffs' motion for issuance of a

27  preliminary injunction.

28  //

                                          1

**SEILER EPSTEIN LLP**
**Attorneys at Law**

**SEILER EPSTEIN LLP**
Attorneys at Law

3.      On or about June 6, 1976, when I was 18 years old and living in Yuma, Arizona, I saw an unlocked telephone company truck in a commercial yard.  I hopped the fence, reached into the truck, and took some lineman's tools back to my trailer.  When the police came to my trailer to investigate the matter, I gave up the tools and offered no resistance to my arrest.

4.      On or about August 3, 1976, I was found guilty of a first degree burglary, a felony, in the County of Yuma, Arizona.  I was sentenced to three years of probation, and the Court imposed a suspended sentence during the probation period.  That court's sentencing order specifically stated: "If in all respects you obey this order at the end of three years, or sooner upon the recommendation of your probation officer the judgment of guilty as well as this order may be vacated ant the case dismissed.  This action will restore to you all rights lost by this conviction except that notwithstanding such dismissal the conviction may be considered if you are again convicted of another offense."

5.      On or about October 5, 1978, I successfully completed my probation and thus believed the matter was dismissed.  My belief was reinforced by a statement made by my probation officer, who had also told me that the felony conviction had been dismissed due to my successful completion of probation.

6.      Since moving to San Bernardino County, California, in or around 1988, I have married, raised a family, and am a father to two grown and successful children.  I have remained steadily and gainfully employed.

7.      On or about December 28, 2015, I went to a local gun dealer and attempted to purchase a pistol for self-defense in the home.  Based upon the court's statements, and those of my probation officer, I did not believe I was prohibited from doing so.  While I was waiting for clearance on the background check, I also attempted to purchase additional firearms.

8.      On or about January 1, 2014, the DOJ sent me a letter regarding the attempted firearm purchase, informing me that my status was still "undetermined" and that the firearm purchase would be delayed.  Eventually, I was told I was disqualified from purchasing or possessing any firearms due to the presence of a prior felony conviction.

9.      I then requested a Live Scan fingerprint-based background check for a copy of my criminal records.  On or about March 28, 2016, I received the results of the FBI criminal records check, which indicated a conviction in Arizona, but did not indicate whether it was classified as a felony or not.  The FBI letter said that the matter was "undetermined" as to whether I was eligible to purchase or possess firearms.

10.     On or about March 29, 2016, I filed with the Superior Court of Yuma County, Arizona, an application to restore my civil rights, including my firearm rights, and to set aside the judgment of guilt.  On or about August 11, 2016, that Court issued an order restoring my firearm rights, and specifically set aside the judgment of guilt.  A true and correct certified copy of the Court's order of August 11, 2016, is attached as **Stewart Exhibit A**.

11.     On or about February 2, 2018, the Arizona Department of Public Safety further sent me additional documentation showing that the felony conviction had been set aside and that my records had been so corrected.

12.     On or about February 10, 2018, I attempted to purchase a firearm from a local firearms store in Redlands, California, believing that the Arizona Court order would automatically be updated in any background search.  However, the DOJ denied this firearm purchase as well.

13.     On or about February 27, 2018, the DOJ sent me a letter indicating that my attempt to purchase a firearm had again been denied on the basis of a prior felony conviction.  A true and correct copy of the DOJ's letter dated February 27, 2018, is attached as **Stewart Exhibit B**.

14.     Subsequently, I had several telephone conversations with DOJ representatives regarding the firearms denial.  They informed me that the Arizona felony conviction was disqualifying me from owning or possessing firearms, notwithstanding the Arizona Court's order.

15.     I am suffering and am continuing to suffer irreparable injury as a result of the Department's determination, through the policies issued and implemented by defendants, that

SEILER EPSTEIN LLP
Attorneys at Law

3

prohibits me from owning or possessing firearms.  I am being deprived of the ability to exercise a fundamental constitutional right to purchase/possess a firearm for lawful purposes, including for self-defense in the home.  I desire to exercise, and would exercise these rights, but for the defendants' policies that prohibit me from doing so.

16.     For these reasons, and as set forth in the motion, we respectfully request preliminary injunctive relief to prevent the State of California and defendants from continuing to deprive us of these important rights under the Constitution, and to prevent them from enforcing and continuing to enforce their policies as they pertain to the denial of rights based upon non-violent, out-of-state felony convictions that have been set aside and vacated in their respective states of origin.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  Dec 13, 2019

*Paul McKinley Stewart*
Paul McKinley Stewart (Dec 13, 2019)

PAUL McKINLEY STEWART

SEILER EPSTEIN LLP
Attorneys at Law

DECL. OF PAUL M. STEWART IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIM. INJUNCTION | CASE NO. 3:18-cv-07653-JD

STEWART EXHIBIT A



S1400CR7608338

FILED

2016 AUG 11 PM 12: 24

LY...
CLERK OF SUPERIOR COURT
YUMA ARIZONA 85364

1

2

3

4

5

6         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF YUMA

8    STATE OF ARIZONA,                    ]
                                          ]  Case No. S1400CR7608338
9                       Plaintiff,        ]
                                          ]
10        vs.                             ]  ORDER
                                          ]
11   PAUL MCKINLEY STEWART,               ]  HONORABLE STEPHEN J. ROUFF
                                          ]  COMMISSIONER TWO
12                      Defendant.        ]
                                          ]
13   ─────────────────────────────────────┘

14              PAUL MCKINLEY STEWART, defendant above named, was adjudged guilty

15   on August 12, 1976, to-wit: Count One, First Degree Burglary and Count Two, Theft.

16              On May 13, 2016, the defendant, submitted an Application to Restore Civil

17   Rights, Restore Gun Rights, and Set Aside Judgment of Guilt.

18              The Court having determined the defendant successfully completed the sentence

19   imposed herein,

20              **IT IS HEREBY ORDERED** that the civil rights lost at the time of sentencing

21   are now restored and setting aside judgment of guilt and dismissal of the

22   Information/Indictment, and those rights shall include the right to possess weapons as defined

23   in A.R.S. §§13-604 and 13-3101.

24              DATED this ___11th___ day of August, 2016

25

26                                        HONORABLE STEPHEN J. ROUFF
27                                        JUDGE OF SUPERIOR COURT

28

Page 1
Linton v. Becerra | Ex 003

1  Copy of the foregoing placed this
   day of August, 2016, in the
2  boxes of:

3  Yuma County Attorney's Office

4  and mailed to:

5  Office of the Attorney General
   Attn: Criminal History Unit
6  1275 W. Washington Street
   Phoenix, AZ 85007-2926
7
8  Paul McKinley Stewart
   56050 Taos Trail
9  Yucca Valley, California 92284

10

11 LYNN FAZZ, Clerk of the Superior Court

12. By_____
      Deputy Clerk
13      TAMMY SHERMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I certify this to be a true copy of
the original on file in my office,
Case No. S1400CR7608338
Attested to this 26 day of
August, 2019
Lynn Fazz
Clerk of Superior Court

By Michelle Lacy
Deputy Clerk

STEWART EXHIBIT B



BUREAU OF FIREARMS
P.O. BOX 820200
SACRAMENTO, CA 94203-0200
Telephone: (916) 227-7527
Fax: (916) 227-3744

February 27, 2018

PAUL MCKINLEY STEWART

████████████████████

RE: Firearm Denial

Dear PAUL MCKINLEY STEWART:

You recently applied to purchase a firearm. When a person applies to purchase a firearm in California, the California Department of Justice (the Department) is required by state and federal laws to examine its records to determine whether the purchaser is eligible under state and federal law to purchase and possess firearms. Your recent firearm purchase application is being denied because the Department's review of state and/or federal records matching your identifying information revealed the following information:

Felon: Any person who has been convicted of a felony under the laws of the United States, of the State of California, or of any other state, government, or country.

This determination was based upon information you provided in your application to purchase a firearm, such as your name, date of birth, driver's license number and physical description, but has not been confirmed with fingerprint comparison. It is possible that the criminal record may not be yours and may belong to another individual whose name and identifying information is similar to yours.

If you wish to challenge the accuracy of the Department's determination or the completeness of your criminal history record, please complete a request for Live Scan Service form (BCIA/BOF8016RR) located on the Bureau of Firearms web page at http://oag.ca.gov/firearms.

FIREARMS CLEARANCE SECTION
Bureau of Firearms

For    XAVIER BECERRA
Attorney General

BOF/DROS-0002