George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
KENDALL JONES, FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **DECLARATION OF GEORGE M. LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al., | |
| Defendants. | |

DECLARATION OF GEORGE M. LEE AND REQ. FOR JUDICIAL NOTICE

I, George M. Lee, declare as follows:

1.   I am an attorney at law, in good standing, duly licensed to practice law in this State and appear before its courts. I am admitted to practice in the Northern District of California. I am attorney of record for plaintiffs Chad Linton, et al. in the above-captioned matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts.

//

2. This declaration is made in support of plaintiffs' motion for issuance of a preliminary injunction. In this regard, this declaration authenticates the exhibit attached hereto and constitutes a request for judicial notice of the matters set forth herein, pursuant to Fed. Rule of Evidence 201.

3. As set forth in his declaration, plaintiff Kendall Jones reasonably fears enforcement by the California Department of Justice ("DOJ") in this matter. This fear is neither unreasonable nor unfounded. As set forth in the supporting declaration of Chad Linton in support of plaintiffs' motion, and the FAC, on or about April 3, 2018, DOJ agents came to Mr. Linton's home, and seized several firearms that he had acquired and owned throughout the years, including an antique, family-heirloom shotgun that was once owned by his grandfather. (Linton Decl., ¶ 18; FAC ¶ 33). It is undisputed that this raid on Mr. Linton's home occurred after Mr. Linton's counsel, Adam Richards, Esq., had written a letter to defendant Deputy Attorney General Wilson requesting correction of Mr. Linton's records to reflect that his out-of-state felony conviction had been set aside, or vacated, and his firearm rights restored to him. (Linton Decl., Ex. E).

4. This Court is requested to take judicial notice of the civil rights complaint filed by Scott James in the matter entitled *James v. Granger, et al.*, filed in the Eastern District of California, Case No. 1:13-cv-00983-AWI-SKO, a true and correct copy of which is attached hereto as **Lee Exhibit A**. That federal case arose from an underlying state court writ petition proceeding that Mr. James had filed in Tulare County Superior Court, Case No. VCU241117, to challenge the DOJ's status of him as a "prohibited person." The issue in the underlying state court proceeding was whether Mr. James's misdemeanor conviction for battery under Pen. Code § 242 qualified as a misdemeanor crime of domestic violence, thereby disqualifying him from owning or possessing firearms. See *James v. State of California*, 229 Cal.App.4th 130 (2014). Incidentally, the trial court had agreed with Mr. James, and concluded that he was not disqualified. 229 Cal.App.4th at 135.

5. Based upon my review of the pleadings and discovery that was submitted in the *James v. Granger* (federal) matter, it was undisputed that after Mr. James had filed his state court

writ petition to challenge his status as a prohibited person, and after the defense had initiated some discovery, DOJ agents raided Mr. James's house, arrested him, and seized firearms from his home. Although it was disputed that the Deputy Attorney General who was defending the state court writ petition, Kimberly J. Granger, had personally directed the raid on Mr. James's home, it was undisputed that Ms. Granger was present at the scene of the execution of the search warrant "as an observer."

6. Accordingly, it is not unheard of for Department of Justice to use its Armed Prohibited Persons (APPS) enforcement program as to contestants and litigants who petition the Department to contest their status regarding their firearm rights.

7. Accordingly, preliminary injunctive relief is further requested to prevent the Department's enforcement of Pen. Code §§ 29800 and 30305, by and through its APPS program pending the outcome/disposition of this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2019

GEORGE M. LEE

**LEE EXHIBIT A**

Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200
Email:  lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>    Plaintiff,<br>  v.<br><br>KIMBERLY GRANGER, an individual,<br><br>    Defendant. | CASE NO.:<br><br>**COMPLAINT FOR  VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the United States Constitution and the First, Third, Fourth, Fifth, and Sixth Amendments to it, were violated by Defendant Kimberly Granger when she directed agents and, by withholding information from those agents, caused them to deny him counsel during an in-custody interrogation, to withhold information from the Court in procuring a search warrant, to threaten to destroy his real and personal property if he did not answer questions during an in-custody interrogation after having been denied the benefit of counsel, and causing criminal charges no reasonable state attorney would have believed to be sustainable to be filed against him in retaliation for having brought suit in mandamus against the Attorney General of the State of California to secure his rights, and denied him his

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL

rights of equal protection before the law.

While divided into sections and subsections, this Complaint is to be read as a whole. Each part incorporates each other part unless otherwise noted.

## I.

## THE PARTIES

Plaintiff Scott R. James is and at all times relevant to this complaint was a U.S. Citizen domiciled in County of Tulare, State of California.

Defendant Kimberly Granger is and at all times relevant to this complaint was an attorney employed by the Attorney General of the State of California.

It is unknown at this time if others undertook actions under color of state law to violate Mr. James' civil rights or were duped by Ms. Granger's actions. Should other defendants come to light, Mr. James will seek leave of Court to add that person or those persons as defendants.

## II.

## JURISDICTION AND VENUE

The action arises under 42 U.S.C. section 1983.

Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in Tulare County, which is in this District.

## III.

## FACTS OF THE CASE

Scott James brought suit against the State of California in *mandamus* regarding his right to own/purchase/possess firearms in February 2011. The case arose because Mr. James pleaded no contest in 1996 to a misdemeanor violation of California Penal Code section 242. No copy of the complaint against him, his answer, or a record of factual findings made by the Court appear in the Court's records. His conviction was expunged under California Penal Code § 1203.4 in 2008.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1 After ten years passed from his conviction by plea of no contest, Mr. James
2 sought to purchase a firearm.  He passed his background check and bought it.
3 He was eventually issued a concealed carry permit, again passing his background
4 check.

5 In 2008, he was denied the purchase of a firearm and was informed, for the
6 first time, that the State believed him to have been convicted of a misdemeanor
7 crime of domestic violence.  Mr. James could not understand why his status had
8 changed.  Mr. James engaged in written informal appeals through counsel with
9 the federal and state governments hoping to clear up the misunderstanding
10 regarding his prior conviction and, at one point, believed the matter must have
11 been cleared and tried to purchase a gun again but was again denied.  The
12 governmental agencies would not budge, and Mr. James filed the *mandamus*
13 action.

14 Ms. Granger represented the State in that action.  This complaint is not
15 based on any actions Ms. Granger undertook in her defense of the State in that
16 action; rather it is based on actions she undertook outside of that defense to gain
17 unlawful and unconstitutional advantage in the *mandamus* action, and for other
18 unknown reasons of personal *animus*, by misuse of her state authority by causing
19 another action to be brought against and maintained against Mr. James.

20 As part of the *mandamus* action, Mr. James was deposed by Ms. Granger
21 on July 25, 2011.  During questioning, Mr. James was asked if he possessed any
22 firearms at his home.  He responded yes.  The legality of his doing so was the very
23 question to be answered by the action brought in *mandamus*.

24 Over the next couple of days, Granger contacted agents for the State
25 Bureau of Firearms and informed them that Mr. James was in possession of
26 firearms despite having been convicted of a misdemeanor crime of domestic
27 violence.  Granger did not inform the agents that he had brought a petition in
28 *mandamus* for a determination of whether his possession of those firearms was

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1 lawful. The agents, in turn, did not inform the Court of that fact. The search
2 warrant was issued.

3 Scott R. James had filed a motion for summary judgment in the *mandamus*
4 action. The search was done a week before the State's opposition to Mr. James'
5 summary judgment was due to be filed in October 2011 – about two months had
6 passed since the search warrant had been signed by the Court. Ms. Granger was
7 on scene to supervise the search.

8 State Agents, acting on the advice of Ms. Granger, did the search of Mr.
9 James' home. Mr. Granger was present for the entire search. During this time,
10 Ms. Granger directed agents where to search and when. In Ms. Granger's
11 presence, agents arrested Mr. James and questioned him after having refused to
12 allow Mr. James' lawyer to escort him inside the home so Mr. James could be
13 represented by counsel during that questioning. After denying Mr. James legal
14 representation by an attorney of his choice, Agents, acting on the advice of Ms.
15 Granger, threatened to use explosives on a safe in the middle of his home if he did
16 not answer questions. Mr. James, frightened, tearful, and denied counsel, gave
17 the agents, within Ms. Granger's earshot and at her direction, the combination to
18 the safe. Firearms were located in the safe and confiscated. Mr. James was
19 charged with violation of California Penal Code section 12280(b) in Tulare County
20 Superior Court, Case no. VCF260879. Ms. Granger was not the prosecutor of that
21 action.

22 On or about February 3, 2012, the Tulare County Superior Court issued an
23 order in the *mandamus* case declaring that Ms. Granger's contention that Mr.
24 James had been convicted of a misdemeanor crime of domestic violence was based
25 on an argument of law so outside the realm of reasonableness and logic that, were
26 the Court to agree, it would violate its oath of office. This argument by Ms.
27 Granger was offered as though it was the current state of the law rather than a
28 novel interpretation of it. The State of California appealed that decision; the case

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  has been briefed but that appeal is still pending before the Fifth District Court of
2  Appeals for the State of California, case no. F065003 [argument not yet
3  scheduled].
4      A hearing on a motion to suppress evidence in the criminal case was held
5  before the Hon. Joseph Kalashian on February 8, 2013, after which the charges
6  were dropped and the case dismissed.  During questioning, it was revealed that if
7  the State of California comes to learn that a person not currently under
8  investigation for some other crime or otherwise dangerous may own or possess
9  guns in violation of federal law prohibiting them because of a potential prior
10 conviction of a misdemeanor crime of domestic violence, the State notifies them by
11 letter and asks to have the weapons stored by a licensed third party or the police
12 pending a determination of the person's status.  No letter was delivered to Mr.
13 James, and no oral request was made to him or to his counsel, despite his
14 cooperative admission of gun possession in a lawsuit in which he sought to
15 address the question.

### IV.

### CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

19     Kimberly Granger acted under color of state law by using her office to
20 advise state agents that Scott R. James had been convicted of a misdemeanor
21 crime of domestic violence, legal advice no reasonable officer of the Court could
22 have believed as such an interpretation of the law would require such officers to
23 violate their oaths of office.
24     Ms. Granger also knew that her interpretation of the law could not
25 withstand rational consideration and therefore withheld information she knew a
26 reasonable agent would include in a petition or otherwise consider important in
27 his or her own evaluation of whether to request a search warrant in order to
28 ensure the warrant would be requested and issued and Mr. James arrested.  Ms.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  Granger knew Scott R. James would be arrested because he had already testified
2  that he had guns – and had already purchased at least one gun with the State's
3  full knowledge.  Ms. Granger advised officers to arrest and question him after
4  having refused to allow Mr. James to be accompanied by his attorney.

5  Ms. Granger further acted under color of state law by advising agents
6  during the search of Mr. James' home.  During the search, her demeanor became
7  increasingly agitated as Agents found nothing except the very firearms about
8  which Mr. James had filed a civil suit.

9  Ms. Granger's was able to undertake this misuse of power because she was
10 clothed with the authority of state law; so clothed because of her employment as
11 an attorney with the state Attorney General's office.

12 Ms. Granger undertook these actions under color of state law in order to
13 intimidate and publicly vilify Mr. James in retaliation for having done no more
14 than seek redress in the Courts for a declaration of his rights.  State practice in
15 such circumstances involved a letter asking for cooperative relinquishment of
16 firearms pending the determination.  Mr. James' willingness to be cooperative was
17 patent: he had brought suit in which his purchase of a firearm was alleged in the
18 petition; he had testified under oath he had guns.  Instead, Ms. Granger withheld
19 information from state agents and gave legal advice to them that Mr. James had
20 been convicted of a misdemeanor crime of domestic violence, advice no reasonable
21 attorney for the state Attorney General could believe was true or, in the
22 alternative, was deliberately indifferent to the constitutional violation that
23 occurred.

24 Ms. Granger violated Mr. James rights to redress, counsel, and to be free of
25 unreasonable search and seizure and *ex post facto* laws guaranteed by the United
26 States Constitution.

27 Mr. James has suffered general and special damages including but not
28 limited to costs and fees for defense of the criminal matter, lost wages/profits,

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

constitutional deprivations, interference with business relations, sleepless nights, ignominy, and humiliation, all in an amount to be proven and found at trial.

**PRAYER**

WHEREFORE, Scott James prays for judgment against the Defendant and an award:

1. For general and special damages;
2. For actual and consequential damages;
3. For compensatory damages;
4. For attorney fees [under the Civil Rights Act];
5. For costs of suit;
6. For whatever other relief the Court deems proper.

Dated:  June 26, 2013         DOOLEY, HERR, PEDERSEN
                              & BERGLUND BAILEY

                              By: /s/ Leonard C. Herr
                                   LEONARD C. HERR
                                   Attorneys for Plaintiff
                                   SCOTT R. JAMES

**JURY DEMAND**

Plaintiff, SCOTT R. JAMES, demands trial by jury.

Dated:  June 26, 2013         DOOLEY, HERR, PEDERSEN
                              & BERGLUND BAILEY

                              By: /s/ Leonard C. Herr
                                   LEONARD C. HERR
                                   Attorneys for Plaintiff
                                   SCOTT R. JAMES

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Kimberly Granger, et al\Pleadings\Complaint.doc

-7-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**