UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD JAY LINTON et al.,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA et al.,<br><br>Defendants. | Case No. 18-cv-07653-JD<br><br>**ORDER RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 38 |

After filing a first amended complaint, Dkt. No. 36, plaintiffs moved for a preliminary injunction with respect to ownership and possession of firearms, Dkt. No. 38. The motion is denied.

**BACKGROUND**

This case began in December 2018, when individual plaintiffs Chad Linton and Paul McKinley, and five non-profit organizations dedicated to firearms advocacy, sued the Attorney General and other officials of the State of California. Dkt. No. 1. The individual plaintiffs allege that they were denied authorization to acquire firearms by the California Department of Justice under a long-standing policy that bars ownership or possession of firearms by convicted offenders. Linton and McKinley acknowledge prior convictions in other states, but say that those states restored their rights to firearms in post-conviction proceedings. Plaintiffs allege that California has violated the Second Amendment, the Full Faith and Credit Clause, and the Privileges and Immunities Clause by continuing to bar Linton and McKinley from acquiring firearms.

California moved to dismiss the complaint. Dkt. No. 12. The motion, like the complaint itself, raised a host of material questions of fact about plaintiffs' criminal proceedings and post-conviction relief that were not suitable for resolution under Rule 12(b)(6). Consequently, the Court terminated the motion to dismiss in favor of an early summary judgment motion to be filed

after fact and expert discovery were completed. Dkt. No. 26. Fact discovery closed on April 22, 2020, and expert discovery will close on June 4, 2020. Dkt. No. 41. Plaintiffs' motion is due on June 22, 2020. *Id.*

In November 2019, well into the discovery period, plaintiffs moved to amend the complaint. Dkt. No. 30. Plaintiffs represented that the amendment would simply add a new and similarly situated individual plaintiff, Kendall Jones, "for no other purpose than to proceed efficiently and economically, in one proceeding," and fix some party name issues. *Id.* at 4-5. California objected to amendment as prejudicial and unduly late in light of the case schedule. Dkt. No. 33 at 4. In response, plaintiffs assured the Court that adding Jones as a plaintiff would not alter the course of the litigation in any way, or "cause any delay." Dkt. No. 34 at 3. Plaintiffs did not disclose, or even hint, that they were contemplating an injunction motion.

Based on plaintiffs' assurances, the Court granted leave to amend on December 2, 2019. Dkt. No. 35. Plaintiffs filed an amended complaint the same day. Dkt. No. 36. The amended complaint added claims for Jones that are legally identical to the ones alleged in the original complaint. On December 19, 2019, almost exactly one year after the filing of the original complaint, plaintiffs moved for a preliminary injunction for the first time in this case. Dkt. No. 38.

**DISCUSSION**

**I.  THE INJUNCTION MOTION**

In the injunction motion, plaintiffs seek an order barring California from enforcing Penal Code Sections 29800 and 30305 against them. Dkt. No. 38-1 at 15. Section 29800 criminalizes possession of a firearm by any person who has been convicted of a felony. Disqualifying felony convictions include those "under the laws of the United States, the State of California, or any other state, government, or country." Cal. Penal Code § 29800(a)(1). Section 30305 criminalizes the possession of ammunition by anyone who is prohibited from owning or possessing firearms. *Id.* § 30305.

The facts proffered in support of the injunction motion are complicated. Linton pleaded guilty in 1987 in the State of Washington to a state law felony of attempting to evade the police in

2

connection with driving while intoxicated. Dkt. No. 38-3 (Linton Decl.) at ¶¶ 4-5. Based on comments at sentencing by a "sympathetic" state court judge, he believed the felony was reduced to a misdemeanor after he successfully completed a term of probation in 1988. *Id*. at ¶ 5. Between 1988 and 2015, Linton says he was permitted by California to purchase and own several firearms after passing multiple California state and federal background checks. *Id.* at ¶¶ 6-7. In December 2015, Linton tried to buy another firearm, but this time the California DOJ advised him that the 1987 Washington felony conviction made him ineligible for that. *Id.* at ¶ 9.

Linton hired a lawyer to re-open his criminal case. *Id*. The Washington state court appears to have set aside the guilty plea, vacated the prior conviction, and restored Linton's right to possess firearms under Washington State law. *Id.* at ¶¶ 9-11 and Exhs. A-B. The only caveat was that "the conviction may be used in a later criminal prosecution." *Id.* Exh. A ¶ 3.4.

California continues to deny Linton the right to purchase a firearm. *Id.* at ¶¶ 13, 17. Agents from the California DOJ Bureau of Firearms have seized all of Linton's firearms from his home. *Id.* at ¶ 18.

Stewart was convicted of first degree burglary, a felony, in Arizona in 1976. Dkt. No. 38-4 (Stewart Decl.) at ¶ 4. Stewart believed that the conviction was vacated and dismissed when he successfully completed his probation in 1978. *Id.* at ¶¶ 4-5. In late 2015, Stewart attempted to purchase a firearm in California but his background check was held up because his status was "undetermined" in light of the Arizona conviction. *Id.* at ¶¶ 7-8. In 2016, Stewart filed an application in the Arizona state court to restore his rights and set aside the judgment of guilt, which was granted. *Id.* at ¶ 10 and Exh. A. California continues to deny Stewart authorization to purchase a firearm based on the 1976 Arizona felony conviction. *Id.* at ¶¶ 12-13.

In 1980, Jones pleaded guilty to credit card fraud, a felony, in Texas. Dkt. No. 38-2 (Jones Decl.) at ¶ 9. After completing a term of probation in 1983, the Texas state court permitted Jones to withdraw his guilty plea, dismissed the indictment, and set aside the judgment of conviction. *Id.* at ¶ 10 and Exh. A.

In 1984, Jones began a long career in law enforcement as a Correctional Officer with the California Department of Corrections and Rehabilitation, and legally owned and possessed

3

1   firearms in connection with this service. *Id.* at ¶¶ 3, 11. Jones was a certified firearms instructor
2   for many years, and has provided training in firearms and use of force since retiring from the
3   CDCR in 2014. *Id.* at ¶ 12.
4       In early 2018, Jones applied under California Penal Code Section 26710 to renew his
5   certificate of eligibility to own and possess firearms and ammunition as required to remain a
6   certified firearm instructor. *Id.* at ¶¶ 13-14. In February 2019, California advised Jones that he
7   was not eligible to own or possess firearms, and denied him a certificate of eligibility. *Id.* at ¶ 14
8   and Exh. C. Jones believes that this denial was based on the 1980 Texas conviction, *id.* at ¶ 15,
9   which defendants do not dispute, *see* Dkt. No. 42 at 15-16.

## II.   LEGAL STANDARDS

The standards governing plaintiffs' motion are well-established. *See Upshaw v. Alameda County*, 377 F. Supp. 3d 1027, 1031 (N.D. Cal. 2019). Preliminary injunctions are "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same). In our circuit, a plaintiff may also obtain a preliminary injunction under a "sliding scale" approach by raising "serious questions" going to the merits of plaintiff's claims and showing that the balance of hardships tips "sharply" in his or her favor. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018); *Vanguard Outdoor LLC v. City of L.A.*, 648 F.3d 737, 740 (9th Cir. 2011). At "an irreducible minimum," the party seeking the injunction "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Airbnb, Inc. v. City and Cnty. of San Francisco*, 217 F. Supp. 3d 1066, 1072 (N.D. Cal. 2016) (citation omitted).

4

### III. PLAINTIFFS HAVE DEMONSTRATED A SERIOUS QUESTION WARRANTING LITIGATION

Linton, Stewart and Jones raise an as-applied challenge to the constitutionality of California's denial of permission to acquire firearms. Plaintiffs do not attack Penal Code Sections 29800 and 30305 themselves, which are entirely permissible restrictions on the right of convicted felons to own or possess firearms. *See, e.g.*, *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *United States v. Torres*, 911 F.3d 1253, 1258 (9th Cir. 2019). Plaintiffs do not contend otherwise, and the constitutionality of those statutes is not in question here.

With respect to the merits, the Court cannot say that plaintiffs have demonstrated a likelihood of success on the record as it currently stands. The factual and legal issues are complex and disputed, and the evidence is under-developed. The Court set a brisk discovery and early summary judgment schedule precisely to ensure that the record was fully developed before deciding the constitutional claims, which are driven in considerable measure by the facts. The motion is due in just a few weeks, and the Court is not prepared to pre-empt that schedule here, or to forego the benefits of full argument and a complete evidentiary record.

But there is no doubt that plaintiffs have raised constitutional questions that warrant further proceedings. Plaintiffs have alleged what appear to be novel claims about California's authority to deny access to firearms based on criminal proceedings in other states. This is not a trivial inquiry, and there is no governing precedent directly on point. Consequently, the Court finds that the first factor for the injunction analysis weighs in plaintiffs' favor.

### IV. PLAINTIFFS HAVE NOT SHOWN A LIKELIHOOD OF IREPPARABLE HARM

Even so, the extraordinary remedy of an injunction is not warranted. Plaintiffs must establish all four of the *Winter* factors to obtain a preliminary injunction. *See A Woman's Friend Pregnancy Res. Clinic*, 901 F.3d at 1167. In particular, they must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *See Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249-51 (9th Cir. 2013) (quoting *Winter*, 547 U.S. at 22) (emphasis in *Winter*) (quotations omitted).

Plaintiffs have not demonstrated a likelihood of irreparable injury. They have in effect conceded this by waiting almost exactly one full year before seeking an injunction. Linton and

Stewart, the original individual plaintiffs, filed their complaint in December 2018, but waited until December 2019 to request an injunction. This delay was entirely of their own making. They have not offered any good reason or explanation for why they waited so long, and have not indicated that they were blocked in any way from acting earlier. This entirely voluntary delay strongly undercuts any likelihood of imminent and irreparable harm. *Garcia*, 786 F.3d at 746 (citing *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)).

The addition of Jones as a plaintiff in the amended complaint does not excuse or mitigate this dilatory conduct. The record shows that Jones knew as of February 2019 that California would not permit him to acquire a firearm, and yet he too waited 10 months before entering the case as a plaintiff and joining the injunction motion in December 2019. Like Linton and Stewart, there is no good explanation for this untoward delay.

Jones also does not bring anything unique to the case. His legal claims are identical to the ones alleged by Linton and Stewart in the original complaint. Jones suggests his irreparable harm may be different in that California has affected his "chosen and long-pursued and trained-for career as a firearms instructor" by withholding a certificate of eligibility to possess firearms. Dkt. No. 38-2 at ¶ 16. But this is a questionable showing given that Jones waited for a very long time before acting on his alleged grievance. It is also at odds with the fact that he has already enjoyed a 30-year career as a California Correctional Officer, which included service as a training officer. *Id*. at ¶¶ 3, 12. The record does not indicate that he has been deprived of a lifelong professional aspiration, as he suggests. To the extent that Jones suggests he is losing employment pay as a training provider, monetary damages will be an adequate remedy if he succeeds on his claims. *See L.A. Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *see also Fox Broadcasting Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1073 (9th Cir. 2014). Jones's claim that his professional reputation will suffer without an injunction, Dkt. No. 38-2 at ¶ 16, is wholly speculative, and is again at odds with his description of a sterling career of 30 years in law enforcement service, with multiple letters of commendation and appreciation, *id.* at ¶ 4.

The absence of any demonstrable threat of irreparable harm is enough to deny the injunction request. The Court is also concerned that plaintiffs were not forthright in presenting

6

their motion. In the course of successfully obtaining leave to amend, despite the late date under the case management schedule, plaintiffs' attorney Lee gave every indication that the amendment was a purely technical event to fix party names and add a similarly situated new individual to avoid piecemeal litigation. *See* Dkt. No. 30 at 4-6; Dkt. No. 31 (Lee Decl.); Dkt. No. 34-1 (Supp. Lee Decl.). It was surprising and troubling that the addition of Jones appears to have been exploited as grounds for seeking an injunction a year after the original complaint was filed. The Court expressly raised the appearance of gamesmanship and lack of candor by plaintiffs at the hearing on the motion, and attorney Lee's responses did not allay the Court's concerns. To be clear, the Court is not denying the injunction on this grounds, but it is certainly true that one "'who seeks equity must do equity,'" *In re Gardenhire*, 209 F.3d 1145, 1152 n.11 (9th Cir. 2000) (quoting *McQuiddy v. Ware*, 87 U.S. (20 Wall.) 14, 19 (1873)), and plaintiffs did not advance their cause by engaging in expedient tactics to try to overcome an unjustified delay and lack of harm.

Plaintiffs' motion for a preliminary injunction is denied.

**IT IS SO ORDERED.**

Dated: May 21, 2020

JAMES DONATO
United States District Judge