George M. Lee (SBN 172982)
   gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
KENDALL JONES, FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD LINTON, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>    Defendants. | Case No. 3:18-cv-07653-JD<br><br>**DECLARATION OF ADAM J. RICHARDS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[FRCP 56]**<br><br>Courtroom 11, 19th Floor<br>Judge:    Hon. James Donato |

DECLARATION OF ADAM J. RICHARDS

I, Adam J. Richards, declare as follows:

1.  I am an attorney at law, in good standing, duly licensed to practice law in this State. I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify to these facts.

2.  This declaration is made in support of the plaintiffs' motion for summary

1 judgment, or in the alternative, for partial summary judgment.

2     3.     My law practice specializes in criminal defense, and all other manner of firearms laws in the State of California. I represented plaintiff Chad Linton with respect to the Department of Justice's denial of his right to own or possess firearms.

    4.     Beginning on February 2, 2017, I began communicating with the California Department of Justice (DOJ) to contest their determination regarding Mr. Linton's status as a person prohibited from owning firearms. Along with this letter, I provided the DOJ with copies of the Washington Court's Order vacating Mr. Linton's felony conviction, as well as the Washington Order restoring his firearm rights. A true and correct copy of my letter to the DOJ dated February 2, 2017, is attached hereto as **Richards Exhibit A**. The DOJ did not respond to me regarding this request.

    5.     On September 24, 2018, I spoke with Deputy Attorney General Robert Wilson regarding my client's continuing prohibition. During this conversation, Mr. Wilson informed me that he had reviewed Mr. Linton's records in question, and that the Department's position was that they would not honor the out of state order that vacated or dismissed Mr. Linton's case. During this conversation, Mr. Wilson stated that this was routinely how the Department handled out-of-state felony convictions that have been set aside or vacated. I asked him what remedy Mr. Linton had available to him to restore his firearm rights, to which Mr. Wilson replied that the only measure that would restore Mr. Linton's rights in the State of California was a "presidential pardon." When I argued that there was no conviction for which Mr. Linton could be pardoned given the formal dismissal and vacation of the Washington legal action by a court in that jurisdiction, Mr. Wilson had no response to that assertion. A true and correct copy of my letter of December 4, 2018 to Deputy Attorney General Wilson, confirming our conversation, is attached hereto as **Richards Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2020                                       _/s/ Adam J. Richards_
                                                                                   ADAM J. RICHARDS

Sidebar: **SEILER EPSTEIN LLP** / Attorneys at Law

**RICHARDS EXHIBIT A**

LAW OFFICES OF

# ROTHSCHILD WISHEK & SANDS LLP
765 UNIVERSITY AVENUE
SACRAMENTO, CALIFORNIA 95825

TELEPHONE (916) 444-9845
FACSIMILE (916) 640-0027

M. BRADLEY WISHEK
SHANNON V. BAKER
CLYDE M. BLACKMON
ADAM J. RICHARDS
ERIN L. BRENNAN
AMIT SINGH

*Of Counsel*
MICHAEL ROTHSCHILD
QUIN DENVIR (1940-2016)
KENDALL DAWSON WASLEY

*Retired*
MICHAEL S. SANDS

February 2, 2017

**VIA U.S. MAIL**
State of California Department of Justice
Bureau of Criminal Information and Analysis
Record Review Unit
P.O. Box 903417
Sacramento, CA 94203-4170

    Re:    Chad Linton
              Claim of Alleged Inaccuracy or Incompleteness
              [REDACTED]

To Whom It May Concern:

      This office represents Chad Linton. We are in receipt of the letter from your office to Mr. Linton dated November 10, 2016. We are also in receipt of a letter from the Firearms Clearance Section dated November 7, 2016 informing Mr. Linton that his application to purchase a firearm has been denied due to a felony conviction. Please consider this letter as a claim of inaccuracy or incompleteness. The basis for this claim is that the DOJ appears to attribute a felony offense to Mr. Linton from the State of Washington. This offense was vacated by the Superior Court of Washington, County of Island and his right to own firearms was expressly restored by the court. I have enclosed two documents for the Department's review, both of which are stamped, certified copies of the relevant court record. The documents provide the following:

1. Document 1: Order on Motion Re: Vacating Record of Felony Conviction Granted.
    a. This document provides, among other things, the following:
        i. The defendant's guilty plea for the offense listed in paragraph 3.1 is withdrawn and a not guilty plea is entered.
        ii. The guilty verdict for the offense listed in paragraph 3.1 is set aside.
        iii. The defendant shall be released from all penalties and disabilities resulting from the offense listed in paragraph 3.1 and the conviction of that offense shall not be included in the defendant's criminal history for the purposes of determining a sentence in any subsequent conviction. However, the conviction may be used in a later criminal prosecution.
        iv. For all purposes, including responding to questions on employment applications, the defendant may state that he or she has never been convicted of the offense listed in paragraph 3.1.

2. Document 2: Order Restoring Right to Possess Firearms.
    a. This document provides, in summary, that the rights lost by defendant in the case number at issue are thereby restored and defendant is qualified, pursuant to

Washington law, to have the right to possess firearms fully restored. The court then orders that his rights are restored.

The enclosed court records unequivocally demonstrate that Mr. Linton's right to own and possess firearms was fully restored and that the offense which originally caused him to lose his rights, was fully vacated.

Based on the foregoing, please correct your record concerning Mr. Linton such that it reflects that he has not been convicted of a felony and that he is able to own and possess firearms.

Please contact me or Mr. Linton should you have any questions or concerns or should you disagree with this request and the information contained herein.

Sincerely,

Adam J. Richards
arichards@rwslaw.com

AJR/clu
Enclosure:   Claim of Alleged Inaccuracy or Incompleteness

cc:   Chad Linton

**RICHARDS EXHIBIT B**

LAW OFFICE OF

# ADAM J. RICHARDS

2530 J Street, Ste. 320
Sacramento, California 95816
TELEPHONE (916) 399-3486
FACSIMILE (916) 823-3307

December 4, 2018

**SENT BY U.S. MAIL AND EMAIL TO Robert.Wilson@doj.ca.gov**
Deputy Attorney General Robert D. Wilson
Office of the Attorney General
California Bureau of Firearms
1300 I St, Ste 125
Sacramento, CA 95814

   Re: DEPARTMENT DENIAL OF RIGHT TO PURCHASE A FIREARM --
     CHAD LINTON

Dear Mr. Wilson:

  Thank you for speaking with me on Tuesday, September 24, 2018 about my client, Chad Linton. Based on our conversation, it is my understanding that the Department's position is that Mr. Linton is prohibited from owning or possessing firearms in the State of California pursuant to Penal Code section 29800 as a result of his vacated and dismissed 1988 felony conviction in the State of Washington. During our call, you stated that the only measure that would restore his rights, according to your Department, is a presidential pardon. As I informed you during our conversation, I strongly disagree with the Department's position as I believe it to be arbitrary and capricious for several reasons. As evidenced by the Washington State court records, certified copies of which were provided to your department, Mr. Linton's conviction was vacated and dismissed. The unequivocal language in the Washington State Superior Court order states, among other things, that 1) the information/indictment against him was dismissed, 2) that he shall be released from all penalties and disabilities resulting from the offense, 3) that the conviction was vacated, and 4) that for all purposes, defendant may state that he was never convicted of the offense. While this order in and of itself restores his right to own and possess firearms in all jurisdictions, including federally pursuant to 18 USC 921(a)(20)(B), Mr. Linton also received an express order from the Washington Superior Court restoring his right to own and possess firearms, a certified copy of which was also provided to your office. Your position that Washington orders have no authority over California is irrelevant and misses the crux of the issue; Washington courts are not seeking to modify a California order or case. Instead, the question of whether Mr. Linton was convicted of a felony resides with the jurisdiction in which the conviction allegedly occurred. Mr. Linton has no record in the State of California and now, effectively, has no record in the State of Washington.

Deputy Attorney General Robert Wilson
Re: Linton, Chad
12/4/2018
Page 2

    The Department's position that Mr. Linton is still prohibited is spurious and deprives him of the free exercise of a fundamental right and equal protection under the law. The Department's current position is especially troubling given that the Department informed Mr. Linton in response to his Personal Firearms Eligibility Check (hereafter, "PFEC") that he was eligible to own and possess firearms in August of this year, 2018. Yet, he was denied the ability to purchase a firearm shortly thereafter. While, you made clear during our call that the PFEC only checks California law and records, Mr. Linton has no California record and he is not federally prohibited or prohibited in the state of Washington. Yet, California still maintains that he is prohibited as a result of his 1988 conviction for attempting to elude a pursuing police vehicle which has since been vacated and dismissed; His rights, including with respect to firearms were fully restored.

    It seems that Mr. Linton has exhausted his remedies with the Department and, as you informed me during our call, the Department will not change its position with regard to its view of Mr. Linton's record and that he is currently prohibited from owning or possessing a firearm. Please confirm in writing within ten (10) days of this letter the Department's position that it will not change their policy as it pertains to the facts of this case nor issue to Mr. Linton written clearance to purchase a firearm.

    Thank you for your attention to this matter.

Sincerely,

Adam J. Richards