George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
KENDALL JONES, FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of California, et al., <br><br> Defendants. | Case No. 3:18-cv-07653-JD <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT** <br><br> **[FRCP 56]** <br><br> Courtroom 11, 19th Floor <br> Judge:    Hon. James Donato |

## ORDER GRANTING SUMMARY JUDGMENT

The motion of plaintiffs Chad Linton, Paul McKinley Stewart, Kendall Jones, Firearms Policy Foundation, Firearms Policy Coalition, Second Amendment Foundation, California Gun Rights Foundation and Madison Society Foundation ("Plaintiffs") for summary judgment, or in the alternative, partial summary judgment of claims, came for hearing before this Court, Hon. James Donato presiding. Plaintiffs and moving parties were represented by George M. Lee, their counsel of record. Defendants Xavier Becerra, in his official capacity as Attorney General of California, Brent E. Orick, in his official capacity as Acting Chief for the Department of Justice

1  Bureau of Firearms, and Robert D. Wilson, in his official capacity as Deputy Attorney General
2  ("Defendants") were represented by Deputy Attorney General Maureen C. Onyeagbako, their
3  counsel of record. The Court considered all papers submitted in support of, and in opposition to,
4  the Plaintiffs' motion, and considered all argument thereon.  The matter having been submitted,
5  and good cause appearing, the Court hereby orders as follows:
6         Plaintiffs' motion for summary judgment pursuant to FRCP 56 is GRANTED.  The Court
7  finds that there is no genuine dispute as to any material fact and that the moving parties are
8  entitled to judgment as a matter of law. FRCP 56(a). Accordingly, the Court hereby GRANTS
9  the Plaintiffs' motion, and shall enter separate judgment in favor of all Plaintiffs, and against
10 Defendants, for declaratory and injunctive relief, on all of their claims, as follows:

## COUNT I
## (SECOND AMENDMENT)

The Court finds that Defendants' policies, practices, customs, in enforcing California Penal Code §§ 29800 and 30305, as applied to individual Plaintiffs Chad Linton, Paul McKinley Stewart, and Kendall Jones, violate the Second Amendment of the U.S. Constitution. Plaintiffs have shown that the Defendants' policies, practices and customs in applying sections 29800 and 30305, as applied to the individual Plaintiffs, when the prohibitions imposed by those sections are solely based upon the prior felony convictions at issue and as shown, burdens conduct protected by the Second Amendment, and Defendants have not shown sufficient justification under either the standard of strict scrutiny (requiring the State to show both a compelling state interest in prohibiting persons convicted of non-violent felonies in other states from owning firearms, where the convictions have been set aside, vacated and dismissed, and that the State's policies are narrowly tailored to avoid infringing upon constitutional liberties, with no less restrictive alternatives to achieve those ends), or intermediate scrutiny (requiring the State to show both a significant state interest, and a reasonable fit between those ends and the policies, practices and customs at issue) to justify the burdens that their policy imposes. Plaintiffs have made a sufficient showing that they are law-abiding citizens who have not been convicted of violent or serious offenses since their original felony convictions, that they are not prohibited

from owning firearms by state and federal law, that their rights to keep and bear arms were specifically restored to them in the respective states of origin, which would not justify a lifetime ban on constitutionally-protected conduct. Accordingly, continuing enforcement of Pen. Code §§ 29800 and 30305, as applied to individual Plaintiffs Linton, Stewart and Jones, violates the Second Amendment.

## COUNT II
## (FULL FAITH AND CREDIT CLAUSE)

Plaintiffs have shown entitlement to judgment in their favor on their second claim, as Defendants' policies, practices and customs in refusing to recognize or honor the final disposition of those felony convictions incurred in other states, violates the Full Faith and Credit Clause of the U.S. Constitution, art. IV, § 1, and 28 U.S.C. § 1738, because such policies, practices and customs fail to give full faith and credit to those final judgments entered by the courts of Washington State, Arizona and Texas, which had jurisdiction and which set aside, vacated and/or dismissed the individual Plaintiffs' underlying felony convictions, and restored their rights to own and possess firearms therein.

## COUNT III
## (RIGHT TO TRAVEL)

Plaintiffs have shown entitlement to judgment in their favor on their third claim, as Defendants' policies, practices and customs violates the constitutional right to travel, as protected by the Privileges and Immunities Clause, art. IV, § 2 of the Constitution, and the Privileges or Immunities Clause of the Fourteenth Amendment. Defendants' policies, practices and customs, in refusing to honor those final judgments and orders setting aside, vacating and dismissing the individual Plaintiffs' underlying convictions, are based solely upon a literal reading of California Pen. Code § 29800, subidv. (a), while allowing persons convicted of felony offenses in California to restore their firearm rights when certain felony wobbler offenses are reduced, post-conviction, to misdemeanors. This constitutes disparate treatment between out-of-state former felons, who were convicted of comparable offenses, and persons convicted in

1  California of similar offenses, and violates the constitutional right to travel. *Saenz v. Roe*, 526
2  U.S. 499, 119 S.Ct. 1518 (1999).

3  -- o()o --

4  Accordingly, declaratory judgment as set forth herein shall be entered in favor of
5  Plaintiffs Chad Linton, Paul McKinley Stewart, and Kendall Jones against defendants Xavier
6  Becerra, in his official capacity as Attorney General of California, Brent E. Orick, in his official
7  capacity as Acting Chief of the Department of Justice Bureau of Firearms, and Robert D. Wilson,
8  in his official capacity as Deputy Attorney General.

9  The organizational plaintiffs in this action, Firearms Policy Foundation, Firearms Policy
10 Coalition, Inc., Second Amendment Foundation, Inc., California Gun Rights Foundation, and
11 Madison Society Foundation, have moved on behalf of individual Plaintiffs Linton, Stewart and
12 Jones, each of whom are members. The relief that the organizational plaintiffs requested in the
13 motion is for judgment that would provide relief to individual plaintiffs Linton, Stewart and
14 Jones. That relief is now being granted by and through this Order.

15 Therefore, injunctive relief should be granted to the Plaintiffs. Defendants, and all
16 working for and in concert with the Defendants, including all bureaus, departments and agencies
17 of the California Department of Justice ("DOJ") are hereby enjoined from enforcing or
18 continuing to enforce California Penal Code §§ 29800 and 30305 as they may be applied to
19 plaintiffs Linton, Stewart and Jones, to the extent that such alleged prohibitions are or would be
20 based upon their non-violent, out-of-state felony convictions that have been set aside and vacated
21 in their respective states of origin, as referenced and attached to their individual declarations, and
22 in the records produced by the Defendants. Defendants are further restrained and enjoined from
23 denying these individual plaintiffs Linton, Stewart and Jones Certificates of Eligibility pursuant
24 to Pen. Code § 26710 if applied for.

25 IT IS SO ORDERED.

26 Dated: _____    _____
27                                            HON. JAMES DONATO
                                              UNITED STATES DISTRICT JUDGE
28

**SEILER EPSTEIN LLP**
Attorneys at Law