XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
MAUREEN C. ONYEAGBAKO
Deputy General
State Bar No. 238419
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7324
 Fax:  (916) 324-8835
 E-mail:  Maureen.Onyeagbako@doj.ca.gov
*Attorneys for Xavier Becerra, in his official capacity*
*as Attorney General of California, Luis Lopez, in his*
*official capacity as Director of the California*
*Department of Justice Bureau of Firearms, and*
*Robert D. Wilson, in his official capacity as Deputy*
*Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHAD LINTON, an individual; PAUL MCKINLEY STEWART, an individual; KENDALL JONES, an individual; FIREARMS POLICY FOUNDATION; FIREARMS POLICY COALITION; SECOND AMENDMENT FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION; and MADISON SOCIETY FOUNDATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, et al.,**<br><br>Defendants. | 3:18-cv-7653-JD<br><br>**DECLARATION OF MAUREEN ONYEAGBAKO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Courtroom:    11<br>Judge:         The Honorable James Donato<br>Trial Date:    January 11, 2021<br>Action Filed:  December 20, 2018 |

1

1       I, Maureen C. Onyeagbako, declare as follows:

2       1.    I am a deputy attorney general authorized to practice in this court.  I represent

3 Defendants Xavier Becerra, in his official capacity as Attorney General of California; Luis Lopez,

4 in his official capacity as Director of the California Department of Justice Bureau of Firearms;[1]

5 and Robert D. Wilson, in his official capacity as Deputy Attorney General, in this action.

6       2.    Attached as **Exhibit A** are true copies of excerpts of the transcript from Gilbert M.

7 Matsumoto's deposition, which took place on June 5, 2020, via Zoom teleconference in the State

8 of California.[2]

9       3.    Attached as **Exhibit B** are true copies of excerpts from Exhibit 017 for the

10 Matsumoto deposition, Bates-stamped as AGO_LINTON_160 through 167.  These documents

11 were produced by Defendants during discovery and are kept in the normal course of business by

12 Defendants.

13       I declare under penalty of perjury that the foregoing is true and correct.

14       Executed this 21st day of August, 2020, in Sacramento, California.

15                                     */s/ Maureen C. Onyeagbako*

16                                 **MAUREEN C. ONYEAGBAKO**
17                                 Deputy Attorney General

18 SA2019100119
   34191183.docx
19

20

21

22

23

24

25

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Director Luis Lopez
26 of the California Department of Justice Bureau of Firearms is automatically substituted as a
defendant in this matter in place of his predecessor, Brent E. Orick.

27    [2] Defendants believe Plaintiffs lodged a copy of Mr. Matsumoto's complete deposition
transcript with the Court at the time of filing their motion for summary judgment on June 22,
28 2020.  Defendants will produce a copy to the Court upon request.

2

Onyeagbako Decl. Supp. Defs.' Opp'n to Pls.' Mot. Summ. J. / Partial Summ. J. (3:18-cv-7653-JD)

# EXHIBIT  A

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3

4   CHAD LINTON, et al.,              )
                                      )
5              Plaintiffs,            )
                                      )
6                vs.                  )Case No.
                                      )3:18-cv-07653-JD
7   XAVIER BECERRA, in his            )
    official capacity as Attorney     )
8   General of California, et al.,    )
                                      )
9              Defendants.            )
    _____  )

10

11

12

13

14

15

16   VIDEOCONFERENCE DEPOSITION OF GILBERT M. MATSUMOTO

17              Friday, June 5, 2020

18                   Volume I

19

20

21

22   Reported by:
     CARLA SOARES
23   CSR No. 5908
24   Job No. 4083222
25   Pages 1 - 119

                                        Page 1

```
1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3
4    CHAD LINTON, et al.,           )
                                    )
5              Plaintiffs,          )
                                    )
6                 vs.               )Case No.
                                    )3:18-cv-07653-JD
7    XAVIER BECERRA, in his         )
     official capacity as Attorney  )
8    General of California, et al.,  )
                                    )
9              Defendants.          )
     _____)
10
11
12
13
14
15
16          VIDEOCONFERENCE DEPOSITION OF GILBERT M.
17   MATSUMOTO, Volume I, taken on behalf of Plaintiffs,
18   beginning at 9:03 a.m., and ending at 12:16 p.m., on
19   Friday, June 5, 2020, before CARLA SOARES, Certified
20   Shorthand Reporter No. 5908.
21
22
23
24
25
```

Page 2

```
1    APPEARANCES VIA VIDEOCONFERENCE:

2

3    For the Plaintiffs:

4              SEILER EPSTEIN LLP

5              BY:  GEORGE M. LEE

6                   Attorney at Law

7              275 Battery Street, Suite 1600

8              San Francisco, California 94111

9              415.979.0500

10             gml@seilerepstein.com

11

12

13   For the Defendants:

14             OFFICE OF THE ATTORNEY GENERAL

15             BY:  MAUREEN C. ONYEAGBAKO

16                  Deputy Attorney General

17             1300 I Street, Suite 125

18             Sacramento, California 94244

19             916.210.7324

20             maureen.onyeagbako@doj.ca.gov

21

22                  --o0o--

23

24

25
```

Page 3

```
1                            INDEX
2    WITNESS
3    GILBERT M. MATSUMOTO                      EXAMINATION
     Volume I
4
5                 BY MR. LEE                             9
6                 BY MS. ONYEAGBAKO                    115
7
8                          EXHIBITS
9    NUMBER                DESCRIPTION              PAGE
10   Exhibit 1   (Omitted)
11
12   Exhibit 2   (Omitted)
13
14   Exhibit 3   (Omitted)
15
16   Exhibit 4   (Omitted)
17
18   Exhibit 5                                         25
19           Document headed "Background
20           Clearance Unit DROS Procedures,"
21           Bates AGO LINTON 078 - 094
22
23
24
25
                                               Page  4
```

```
 1                         EXHIBITS

 2   NUMBER              DESCRIPTION                PAGE

 3   Exhibit 6                                        14

 4            Fourth Amended Notice of Deposition

 5            of the California Department of

 6            Justice

 7

 8   Exhibit 7                                        19

 9            Letter to Sierra Gun Supply from

10            Firearms Clearance Section, dated

11            3-27-18, with attachments,

12            Bates AGO LINTON 001 - 113

13

14   Exhibit 8                                        60

15            Document headed "West's Ann.Cal.Penal

16            Code Section 29800,"

17            Bates AGO LINTON 095 - 096

18

19   Exhibit 9   (Omitted)

20

21   Exhibit 10  (Omitted)

22

23

24

25

                                             Page  5
```

```
 1                        EXHIBITS
 2    NUMBER              DESCRIPTION              PAGE
 3    Exhibit 11                                    72
 4            Letter to Sierra Gun Supply from
 5            Firearms Clearance Section, dated
 6            3-27-18, with attachments,
 7            Bates AGO LINTON 001 - 063
 8
 9    Exhibit 12
10            (Omitted)
11
12    Exhibit 13                                    72
13            E-mail to Robert Wilson from Adam
14            Richards, dated 12-4-18, with attachments,
15            Bates AGO LINTON 097 - 113
16
17    Exhibit 14                                    90
18            Letter to Gun Boss Armory from
19            Firearms Clearance Section, dated
20            2-27-18, with attachments
21            Bates AGO LINTON 064 - 077
22
23
24
25
```

                                              Page  6

```
 1                      EXHIBITS
 2   NUMBER            DESCRIPTION              PAGE
 3   Exhibit 15                                 100
 4           Letter to Kendall Jones from
 5           Certificate of Eligibility Unit,
 6           dated 2-23-19
 7
 8   Exhibit 16                                 101
 9           Document headed "Certification of
10           Criminal History Record Information"
11
12   Exhibit 17                                  19
13           Document headed "Chronology for
14           Jones, Kendall,"
15           first page Bates AGO LINTON 114
16
17                     --o0o--
18
19
20
21
22
23
24
25
```

Veritext Legal Solutions
866 299-5127

1                    REFERENCED  EXHIBITS

2                 EXHIBIT       PAGE

3                        (None)

4

5

6          INSTRUCTIONS  NOT  TO  ANSWER

7                 PAGE       LINE

8                        (None)

9

10                      --o0o--

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                        Page  8

1     Witness Location:  Sacramento, California

2                Friday, June 5, 2020

3                   9:03 a.m.

4

5            P R O C E E D I N G S

6          THE REPORTER:  The attorneys participating in

7     this deposition acknowledge that the reporter is not

8     physically present in the deposition room and that the

9     reporter will be reporting this deposition remotely.

10          The parties and their counsel consent to this

11     arrangement and waive any objections to this manner of

12     reporting.  Please indicate your agreement by stating

13     your name and your agreement on the record.

14          MR. LEE:  I agree.  This is George Lee

15     appearing on behalf of the plaintiffs.

16          MS. ONYEAGBAKO:  Yes.  Deputy Attorney General

17     Maureen Onyeagbako on behalf of the defendants.

18              GILBERT M. MATSUMOTO,

19     having been administered an oath, was examined and

20     testified as follows:

21                  EXAMINATION

22     BY MR. LEE:

23        Q   Good morning, Mr. Matsumoto.

24        A   Good morning.

25        Q   Am I pronouncing that correctly?

                                              Page 9

1    origin.

2              Are you prepared to testify to that category

3    today?

4         A    Yes.

5         Q    So firstly, is there a written policy that is

6    described in this Category 1, which is a policy

7    regarding the denial of out-of-state former felons whose

8    felony convictions have been set aside or vacated in

9    their respective states of origin?

10        A    We just -- we just follow the penal codes or

11   the welfare institution codes, health and safety codes.

12        Q    Do I understand from your answer, does that

13   mean no, there is no actual written policy that

14   specifically pertains to this subject?

15        A    No.

16        Q    So just so it's clear, no, there is no written

17   policy?

18        A    No, there is no written policy.

19        Q    Okay.  And have you undertaken efforts to look

20   for a written policy?

21        A    No, I have not.

22        Q    Is there an unwritten policy that you're aware

23   of that pertains to the subject that we've talked about?

24        A    Not that I know of.

25              MR. LEE:  So I'm going to pull up and refer to

Page 24

1    because we treat out-of-state individuals just like

2    California individuals.  Same way.  It doesn't change.

3         Q    Can you tell me the process that an analyst or

4    the DOJ employee goes through to review the laws of that

5    particular state where the conviction occurred to

6    determine how it applies?

7         A    The process would be, first we would do his

8    background.  And if there's a conviction that appears in

9    that state, we would do our research.  We would contact

10   the state first to see if it was reduced.  Or if there's

11   no disposition, we would contact that state to determine

12   if there was a conviction or not.

13            Then we -- if there was, we would determine if

14   it's an offense that can be reduced to a misdemeanor.

15   Then if there's no other information that's on the FBI

16   record, we would make our determination.

17            So if I saw a misdemeanor on that record, I

18   would approve them.

19        Q    Do you -- so as part of your job -- ordinary

20   job duties when you're not testifying, do you actually

21   participate in the approval or denial process?

22        A    Yes.

23        Q    Are you a supervisor?

24        A    Yes, I am.

25        Q    So you look to see whether or not it -- so if

                                              Page 38

1    It's marked as AGO LINTON 119; is that correct?

2         A    That's correct.

3         Q    Do you have that document in front of you?

4         A    Yes.

5         Q    Where does that -- where does this page come

6    from?

7         A    FBI, the national instant gun check system.

8         Q    Is that NICS?

9         A    That's NICS.

10        Q    And NICS is the system that the FBI -- the

11   Federal Bureau of Investigation administers to -- to

12   administer background checks for people nationwide; is

13   that generally true?

14        A    That's true, unless you're a point of contact,

15   say, which we do our own backgrounds.

16        Q    Okay.  Federal -- the FBI, through the NICS

17   program, administers background checks, generally

18   speaking, nationwide; is that what they do?

19             MS. ONYEAGBAKO:  Objection.  Asked and

20   answered, misstates testimony.

21             THE WITNESS:  I would say yes.

22   BY MR. LEE:

23        Q    And California does its own background checks,

24   right?

25        A    California does state background checks,

Page 58

1    what's in the state and the NICS check.

2         Q   I see.  So it does consult with the -- it does

3    consult the NICS database in order to look at

4    convictions nationwide?

5         A   Correct.  That is correct.

6         Q   Okay.  So you're saying that this page,

7    AGO LINTON 119, comes from the FBI?

8         A   Yes.

9         Q   And why is this -- strike.

10        Is this page, AGO LINTON 119, is this a

11   California Department of Justice policy?

12        A   It's not a policy.  It's just a reference.

13   It's for reference.  All 50 states have the same thing,

14   same type of -- this is NICS.  Like, for Texas, Texas

15   has one.  All the U.S. territories in the U.S., they all

16   have this.

17        Q   You're saying this is not a policy of the

18   California Department of Justice?

19        A   No.  It's an opinion.

20        Q   But it's an opinion that is followed, right?

21        A   Correct.

22        Q   And it's an opinion that provides guidance?

23        A   Yes.

24        Q   And it's an opinion that gets applied to

25   people who fall within its parameters?

                                            Page 59

1    California unless he has a governor's pardon that

2    specifically states his firearm rights are restored.

3        Q    But 29800 doesn't specifically mention a

4    situation where the felony conviction was set aside or

5    vacated, right?

6        A    That's correct.

7        Q    So the Department has to issue its own

8    separate policy on that subject; is that correct?

9            MS. ONYEAGBAKO:  Objection.  Lacks foundation.

10           THE WITNESS:  I wouldn't consider it policy.

11   I would consider it just following the penal codes.  We

12   just follow what the penal codes say.

13   BY MR. LEE:

14       Q    Okay.  So your testimony, then, is that there

15   is no DOJ policy that pertains to the treatment of

16   out-of-state felony convictions that have been set aside

17   or vacated in their respective state because it's just

18   simply a matter of reading 29800?

19       A    Yes.

20       Q    And the pardons issue, that might be an

21   exception, but that comes from the one page of the FBI

22   binder?

23       A    That is correct.

24       Q    Now, 29800(a)(1) obviously applies to

25   convictions that occur in California itself, right?

Page 64

1          MS. ONYEAGBAKO:  Okay.  Great.  Right.  But

2     they're not -- but there may be gaps in that numbering.

3          MR. LEE:  Correct.

4          MS. ONYEAGBAKO:  And just to clarify, it was

5     in the afternoon, not last night.

6          I just want to make sure so I can put the

7     papers in front of the witness.

8          MR. LEE:  Right.

9          THE WITNESS:  Mr. Lee, I have the documents in

10    front of me.

11    BY MR. LEE:

12    Q    Okay.  And I just want to make sure, again, in

13    being able to testify as to the categories regarding

14    Mr. Linton's eligibility, you didn't go outside of any

15    of the documents that are in front of you?

16    A    No.

17    Q    Okay.  So Mr. Linton began receiving denials

18    of his attempted firearms purchases beginning in 2015;

19    is that correct?

20    A    That's correct.

21    Q    What was the basis for the denials?

22    A    A felony conviction appearing on his

23    out-of-state criminal history record.

24    Q    Was that a felony conviction from Washington

25    State that occurred in 1987?

Page 74

1        A    That is correct.

2        Q    And so let's make sure.

3             Aside from the Washington State felony

4   conviction in 1987, was there anything else on

5   Mr. Linton's criminal history that you saw that

6   disqualified him from being able to purchase a firearm?

7        A    California, he only has an application for

8   beverage control.  So he would be -- that California

9   record, he'd be okay, but Washington felony conviction.

10       Q    Right.  I'm just making sure that there wasn't

11  any other conviction out there that you're aware of that

12  would otherwise disqualify him.

13       A    Not that I'm aware of.

14       Q    Okay.  So if you turn to -- on Exhibit 11,

15  specifically to page AGO LINTON 012, I think you have it

16  up on the screen, too.

17       A    Okay.

18       Q    All right.  So this is a document that says

19  "USNA Denial."

20            Do you see that?

21       A    Yes.

22       Q    What is USNA?

23       A    This is an ammunition denial.

24       Q    Ammunition?

25       A    Yes.

Veritext Legal Solutions
866 299-5127

1          A    Or Chia or Cheri or Rachel.  One of the three.
2    It's one of the three I would ask.
3          Q    Okay.  Did you actually talk to the person who
4    made the determination that Mr. Linton was not eligible
5    to purchase or own firearms?
6          A    No.  I don't know who it is.  I don't know the
7    analyst who denied it.
8          Q    Right.  But you did your own independent
9    review; is that correct?
10         A    That's correct.
11         Q    And after your own independent review of these
12   records, you agree with that assessment that he's
13   denied?
14         A    Yes, I do.
15         Q    And the basis is what's indicated in this
16   handwritten notation, that vacated felony conviction is
17   not recognized in California?
18         A    No.  I did my own research, and this is an
19   example where, on the out-of-state records, that you
20   need to do your due diligence.  Because if that
21   "vacated" was there, I would see felony conviction.  But
22   since I see this "vacated," I would look into NICS
23   terminology to see what "vacated" means.
24         Q    Okay.  So you actually did reference what the
25   term "vacated" means in NICS?

                                                    Page 82

1        A    Yes.

2        Q    And was that -- is that available in

3    Exhibit 017 somewhere?

4        A    No.

5        Q    Okay.  So what is the -- where would you find

6    the definition of "vacated" in -- as far as NICS is

7    concerned?

8        A    In the Washington State terminology page.

9        Q    Okay.  Is that available in Exhibit 17?

10       A    No.  Oh, wait.  Excuse me.

11            Can you hold on for a minute, please?

12       Q    Sure.  Take your time.

13       A    Yes, I have the document in front of me.

14       Q    Okay.  Is the terminology page that you're

15   referring to, is that found at the very last page of

16   that document, which is AGO LINTON 255?

17       A    That's correct.

18       Q    And -- let's see if I can do this correctly.

19            So this is a page -- Exhibit AGO LINTON 255,

20   it's a Washington terminology page, right?

21       A    Yes.

22       Q    Where does this page come from?

23       A    National instant gun check system.  NICS.

24       Q    The FBI binder?

25       A    The FBI binder.

Veritext Legal Solutions
866 299-5127

1    discussed that you mentioned you referenced and the

2    criminal history reflected in Exhibit 014, are there any

3    other documents that you referenced to determine

4    Mr. Stewart's eligibility?

5         A    Just the documents in front of me.

6         Q    Okay.  So Mr. Stewart received a DROS denial

7    in 2018.

8              Do you see that?

9         A    Yes, I do.

10        Q    And what was the basis for the -- his denial?

11        A    A felony burglary offense in another state.

12        Q    Is this a 1976 felony burglary from Arizona?

13        A    That is correct.

14        Q    Looking at Mr. Stewart's criminal history, was

15   there any other disqualifying conviction that prevents

16   Mr. Stewart from owning a firearm in California?

17        A    His California record would be okay.  His

18   out-of-state -- that's what we would base our denial on,

19   his FBI record in the state of Arizona.

20        Q    And that reflects just -- the only

21   disqualifying conviction -- just to make sure we're on

22   the same page, the only disqualifying conviction is that

23   1976 felony burglary from Arizona, right?

24        A    That is correct.

25        Q    If you could turn to page AGO LINTON 068, and

                                                  Page 91

1  page, the felony and misdemeanor page, restoration of

2  rights page, domestic violence page, and the state

3  prohibitor page.

4       Q   Okay.  So let's just start back up for a

5  minute.

6            What is a certificate of eligibility?

7       A   A certificate of eligibility is a form that an

8  individual needs to be able to sell or work at a dealer

9  to sell firearms.

10      Q   Among other things?

11      A   Among other things, it's -- well, pretty much

12  that's it that I know of, that I'm aware of.

13      Q   Okay.

14      A   I don't work in that unit so I couldn't tell

15  you.  I strictly do backgrounds.

16      Q   And we refer to them as COEs.  Is that how you

17  refer to them, too?

18      A   Yes, that's correct.  COE.

19      Q   So are COEs handled by a different unit other

20  than -- different than background clearance?

21      A   Yes.  Yes.

22      Q   Now, Mr. Jones received a denial of his COE,

23  the latest, in 2019; is that correct?

24      A   That is correct.

25            MR. LEE:  And I will pull up and reference

                                                    Page 99

```
 1    Exhibit 015.
 2             (Exhibit 15 was marked for identification
 3        and is attached hereto.)
 4             THE WITNESS:  It's blacked out.  Oh,
 5    Exhibit --
 6    BY MR. LEE:
 7        Q    Exhibit 015?
 8             MS. ONYEAGBAKO:  Oh, Exhibit 15?  Okay.
 9             THE WITNESS:  Okay.
10    BY MR. LEE:
11        Q    So is this Exhibit 15 a letter reflecting
12    Mr. Jones's denial of a COE as of February 23, 2019?
13        A    That's correct.
14        Q    What's the basis for his denial of the COE?
15        A    Felony conviction.  I think it was for misuse
16    of a credit card.
17        Q    And that was a felony conviction from the
18    State of Texas?
19        A    State of Texas.  Yes.
20        Q    All right.  And you've undertaken a review of
21    his criminal history that's reflected in the documents?
22        A    Yes, I have.
23        Q    And are there any other disqualifying
24    convictions that prevent Mr. Jones from getting his COE
25    aside from the Texas conviction for credit card abuse?
```

Page 100

1        Q    Based on what?

2        A    Based on either 29800 or the restoration of

3    rights.

4        Q    So why do you consult with the -- why do you

5    consult the NICS binder at all?  The NICS binder is

6    actually irrelevant, isn't it?

7             MS. ONYEAGBAKO:  Objection.  Vague,

8    foundation.

9    BY MR. LEE:

10        Q    You can answer.

11        A    Oh, okay.  Sometimes.  We only use it for

12    reference.  It's only reference material.

13        Q    But it's a useless -- it's meaningless -- it's

14    a meaningless reference exercise, isn't it?

15             MS. ONYEAGBAKO:  Objection.  Foundation,

16    vague.

17    BY MR. LEE:

18        Q    You can answer.

19        A    Technically, I wouldn't say it wasn't a

20    meaningless reference page.

21        Q    You wouldn't say that it wasn't?  I'm sorry.

22        A    Meaning -- okay.  It's not a meaningless page.

23    How's that?

24        Q    You say you consult this NICS binder to look

25    at the state terminology.  But the state terminology in

Page 107

1

2

3

4

5

6

7

8          I, GILBERT M. MATSUMOTO, do hereby declare

9    under penalty of perjury that I have read the foregoing

10   transcript; that I have made any corrections as appear

11   noted, in ink, initialed by me, or attached hereto; that

12   my testimony as contained herein, as corrected, is true

13   and correct.

14          EXECUTED this _____ day of _____,

15   2020, at _____, _____.

16              (City)                (State)

17

18

19                    _____

20                    GILBERT M. MATSUMOTO

21

22

23

24

25

                                        Page 118

1          I, the undersigned, a Certified Shorthand

2     Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4     before me at the time and place herein set forth; that

5     any witnesses in the foregoing proceedings, prior to

6     testifying, were administered an oath; that a record of

7     the proceedings was made by me using machine shorthand

8     which was thereafter transcribed under my direction;

9     that the foregoing transcript is a true record of the

10     testimony given.

11          Further, that if the foregoing pertains to the

12     original transcript of a deposition in a Federal Case,

13     before completion of the proceedings, review of the

14     transcript [x] was [ ] was not requested.

15          I further certify I am neither financially

16     interested in the action nor a relative or employee of

17     any attorney or any party to this action.

18          IN WITNESS WHEREOF, I have this date

19     subscribed my name.

20

21     Dated: this 12 day of June, 2020.

22
                    *Carla Soares*
23

24               CARLA SOARES

25               CSR No. 5908

Page 119

# EXHIBIT B

███████████████

**From:**          ████████████
**Sent:**          Thursday, March 22, 2018 12:35 PM
**To:**            ████████████
**Subject:**       Kendall jones FW: dismissal restore firearm rights in TX

fyi

**From:** NICS_LegalResearch [mailto:NICS_LegalResearch@FBI.GOV]
**Sent:** Thursday, March 22, 2018 12:16 PM
**To:** ████████████ @doj.ca.gov>
**Subject:** RE: dismissal restore firearm rights in TX

████████████

The completion of probation in Texas followed up by a subject receiving a conviction set aside is not a ROR but it does remove the conviction. The DOA would no longer be prohibiting for firearms purposes.

Thanks

David A. Fazzini
Legal Administrative Specialist
FBI National Instant Criminal Background Check System (NICS) Section
david.fazzini@ic.fbi.gov
(304) 625-7194

This response is case-specific and is based on the information you provided. Variance in the substance of the information you provided, either by adding, modifying, or omitting any detail, may change the accuracy of this response as it applies to your request. This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section. The message, along with any attachments, is to be considered confidential and legally privileged. No part of it is to be disseminated or reproduced without written consent of the sender. If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling (304) 625-7194.

**From:** ████████████ @doj.ca.gov>
**Sent:** Thursday, March 22, 2018 2:44 PM
**To:** NIC_LegalResearch@fbi.gov; NICS_LegalResearch <NICS_LegalResearch@FBI.GOV>
**Subject:** dismissal restore firearm rights in TX

Hello,
I am in need of clarification of a TX SID T█████████(see attached KendallJones pdf) felony conviction of credit card abuse in the third degree in which the person later after completing his probation received a dismissal and judgment of conviction set aside ( see kendall jones CORR pdf pg 6) I would like to know does this dismissal restore firearms rights in TX ?

1

Thank you.

**Staff Services Analyst**
**Department of Justice Bureau of Firearms**
**Licensing & Certificate of Eligibility Section**
**Ph# (**
**Fax#**



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Exhibit B_002**

**From:**
**Sent:**                 Thursday, March 22, 2018 8:41 AM
**To:**
**Subject:**              Kendall Jones

**From:** ████████ [mailto ████████ @dps.texas.gov]
**Sent:** Thursday, March 22, 2018 5:42 AM
**To:** ████████ @doj.ca.gov>
**Subject:** RE: Request for information

I included all the court documents pertaining to the case and the individual does not have a governors pardon; however the case was dismissed and set aside. That is why the Status flag was changed from disqualified to unknown. The court documents do not show just a dismissal, but a dismissed and set aside.

Please call me directly if you have further questions.

I have been out of the office the past two days due to illness, I am in the office the rest of the week. I work 7:15am – 4:15pm CST.



*(phone)*
*(fax)*



**From:** ████████ [mailto: ████████ @doj.ca.gov]
**Sent:** Wednesday, March 21, 2018 1:22 PM
**To** ████████
**Subject:** RE: Request for information

**CAUTION:** This email was received from an EXTERNAL source. use caution when clicking links or opening attachments.

1

Exhibit B_003

If you believe this to be a malicious and/or phishing email, please send this email as an attachment to SPAM@dps.texas.gov.

Hello ▮

I have a few questions my manger wanted me to clarify regarding this case.  Wondering why Mr. Jones status flag was changed now from  disqualified for firearms  to unknown was this due to his court dismissal you discovered?   What would an individual in the state of TX have to do to restore his gun rights if convicted if a felony?  Does Mr. Jones have a Governors Pardon in Texas?
In the state of California we will not recognize the felony dismissal unless he has governors pardon in the state of Texas.  Thank you for your time and looking forward to your response.


Thank  you,

▮
Staff Services Analyst
Department of Justice Bureau of Firearms
Licensing & Certificate of Eligibility Section
Ph# ▮
Fax# ▮



---

**From:** ▮ [mailto: ▮ @dps.texas.gov]
**Sent:** Friday, March 16, 2018 1:13 PM
**To:** ▮ @doj.ca.gov>
**Cc:** ▮ @dps.texas.gov>
**Subject:** FW: Request for information
**Importance:** High

The next email you receive will have your response and be encrypted.  You will need to create a user id and password to log into the email.

I am unable to email the fingerprints per FBI CJIS security policy without encrypting the information.

Kerrie

▮ / *Error Resolution Unit*
*@dps.texas.gov*
*phone*

2

██████████ *fax or* ██████████ *fax*
*Law Enforcement Support Division*
*Texas Department of Public Safety*



*"This message contains information which is confidential. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete the message."*
"No confidential identifiers/data (social security numbers, rap sheets, fingerprints, etc.), may be sent via email unless it is encrypted or password protected attachment."

---

**From:** Error Resolution
**Sent:** Thursday, March 15, 2018 7:08 AM
**To:** ██████████
**Subject:** FW: Request for information
**Importance:** High

Please handle.
Thanks

██████████

**From:** ██████████ [mailto██████████@doj.ca.gov]
**Sent:** Wednesday, March 14, 2018 1:21 PM
**To:** Error Resolution
**Subject:** Request for information
**Importance:** High

**CAUTION:** This email was received from an EXTERNAL source, use caution when clicking links or opening attachments.
If you believe this to be a malicious and/or phishing email, please send this email as an attachment to SPAM@dps.texas.gov.

Hello,

I am currently looking into an issue with following individuals firearm background. I have called your agency at (512)424-7256 inquiring on TX SID TX██████████Kendall D. Jones regarding the note the"unknown" note you can see the in my attachment of this texas record back in May 2017. In January 2018 that note changed to "disqualification of firearms" I was told your system generated the "disqualification of firearms" flag where back in 2017 it was not generating this flag. I am just in need of something in writing for our records. Unless there is something else which would have lead to this change? Also I would like to obtain fingerprints for Mr. Jones arrest on 06/25/80 to verify to our california record. Thank you for your time.

██████████

3

Exhibit B_005

Staff Services Analyst
Department of Justice Bureau of Firearms
Licensing & Certificate of Eligibility Section
Ph# (
Fax#



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Exhibit B_006



I am not familiar with the returns the way that your state received them.  The QR returns that are received by Texas do not show the indicated unknown – however our area (Error Resolution) runs the checks with a different purpose code since our function is to sync the State and Federal records and not license individuals to carry firearms.

I am including the fingerprints that you requested, along with the court documents for the charge.

The record was last updated in 2013 with a felony conviction which should have set our FIF indicator to denied.

I cannot tell you why the response you received in 2017 was not a denied.

I requested the court documents and the FIF indicator has been modified from D (denied) to X (unknown).  The felony conviction was dismissed and set aside – previously the dismissed and set aside was not entered so that is why the FIF was set to D.

/ *Error Resolution Unit*
@dps.texas.gov
*phone*
*fax or*              *fax*
*Law Enforcement Support Division*
*Texas Department of Public Safety*



*"This message contains information which is confidential. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete the message."*
"No confidential identifiers/data (social security numbers, rap sheets, fingerprints, etc.), may be sent via email unless it is encrypted or password protected attachment."

**From:** Error Resolution
**Sent:** Thursday, March 15, 2018 7:08 AM
**To:**

**Subject:** FW: Request for information
**Importance:** High

Please handle.
Thanks

████████

**From:** ████████ [mailto: ████████@doj.ca.gov]
**Sent:** Wednesday, March 14, 2018 1:21 PM
**To:** Error Resolution
**Subject:** Request for information
**Importance:** High

---

**CAUTION:** This email was received from an EXTERNAL source, use caution when clicking links or opening attachments.
If you believe this to be a malicious and/or phishing email, please send this email as an attachment to SPAM@dps.texas.gov.

---

Hello,
I am currently looking into an issue with following individuals firearm background. I have called your agency at (512)424-7256 inquiring on TX SID TX████████Kendall D. Jones regarding the note the"unknown" note you can see the in my attachment of this texas record back in May 2017.  In January 2018 that note changed to "disqualification of firearms"  I was told your system generated the "disqualification of firearms"  flag where back in 2017 it was not generating this flag.  I  am just in  need of something in writing for our records. Unless there is something else which would have lead to this change? Also I would like to obtain fingerprints for Mr. Jones arrest on 06/25/80 to verify to our california record.  Thank you for your time.

████████

Staff Services Analyst
Department of Justice Bureau of Firearms
Licensing & Certificate of Eligibility Section
Ph# ████████
Fax# ████████



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# CERTIFICATE OF SERVICE

Case Name:  **Linton, Chad, et al v. Xavier**          No.    **3:18-cv-7653-JD**
            **Becerra**

I hereby certify that on August 21, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF MAUREEN ONYEAGBAKO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 21, 2020, at Sacramento, California.

| Eileen A. Ennis | /s/ Eileen A. Ennis |
|:---:|:---:|
| Declarant | Signature |

SA2019100119
34342671.docx