George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax: (415) 979-0511
Email: gml@seilerepstein.com
*Attorneys for Plaintiffs Chad Linton,
Paul McKinley Stewart, Firearms Policy Foundation,
Firearms Policy Coalition, Second Amendment Foundation,
Calguns Foundation, and Madison Society Foundation*

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3479
  Fax: (415) 703-1234
  E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his official capacity
as California Attorney General, Luis Lopez, in his official
capacity as Director of the California Department of
Justice Bureau of Firearms,[1] and Robert D. Wilson, in his
official capacity as Deputy Attorney General*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **JOINT STATUS REPORT RE ECF 53** |
| vs. | |
| ROB BONTA, in his official capacity as Attorney General of California, et al., | |
| Defendants. | |

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Bonta and Director Luis Lopez of the California Department of Justice Bureau of Firearms are automatically substituted as defendants in this matter in place of their predecessors.

1

## JOINT STATUS REPORT AND PARTIES' POSITIONS

On March 5, 2021 [ECF 53], this Court ordered:

> The motion for summary judgment, Dkt. No. [47], is administratively terminated, and the case is stayed and administratively closed pending further order. The Ninth Circuit recently vacated the panel opinion in *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020), and voted to re-hear the case *en banc*. *See Duncan v. Becerra*, No. 19-55376, 2021 WL 728825 (9th Cir. Feb. 25, 2021). The panel's majority and dissenting opinions both addressed standards central to plaintiffs' Second Amendment arguments, and the majority opinion was discussed in detail in plaintiffs' reply brief. See Dkt. No. [49] at 5-6; *see also* Dkt. No. [48] at 13, 16, 21 (citations to majority opinion in defendants' opposition brief). Consequently, there is a strong possibility that the outcome of the summary judgment motion will be affected by the result of the *en banc* proceedings, and so deferring a decision on the motion is warranted. The parties are directed to file a joint status report within thirty days of the *en banc* decision that addresses whether it warrants new or additional briefing.

On November 30, 2021, the Ninth Circuit issued its *en banc* decision in *Duncan v. Bonta*, __ F.4th __, 2021 WL 5577267 (9th Cir. Nov. 30, 2021), *also available at* https://cdn.ca9.uscourts.gov/datastore/opinions/2021/11/30/19-55376.pdf (No. 19-55376).

On December 14, 2021, plaintiffs-appellees in *Duncan* filed an unopposed motion to stay the issuance of the mandate pending the filing and disposition of a petition for a writ of certiorari at the U.S. Supreme Court. *Duncan*, No. 19-55376 [ECF 192].

On December 20, 2021, the *Duncan en banc* panel issued an order partially staying the issuance of the mandate for 150 days from the date of the order or, if plaintiffs-appellees file a petition for a writ of certiorari in the U.S. Supreme Court during the period of the partial stay, until final disposition of the petition by the Supreme Court. *Duncan*, No. 19-55376 [ECF 193].

Pursuant to the Court's order of March 5, 2021, the parties have met and conferred, and hereby submit this Joint Status Report summarizing their respective positions, as follows:

### PLAINTIFFS' POSITION

Plaintiffs' position is that the Ninth Circuit's *en banc* opinion in *Duncan* does not warrant or necessitate any additional briefing germane to the present motion for summary judgment [ECF 47]. Neither the panel decision in *Duncan* (970 F.3d 1133 (9th Cir. 2020)) nor the *en banc* decision are dispositive of the issues to be decided in this motion.

The panel decision was cited by the defense, in their Opposition [ECF 48], for the proposition that "public safety, preventing against gun violence, and preventing crime [are] compelling state interests" (Opp. at 13:9–12; 21:4–5); and that under strict scrutiny "a state law must be 'narrowly tailored to achieve a compelling interest.'" (Opp. at 16:19–20). Nothing in the Ninth Circuit's *en banc* decision overturned or changed these non-controversial propositions.

The panel decision was also cited by the plaintiffs, in their Reply Memorandum [ECF 49] to elaborate upon the meaning of intermediate scrutiny, i.e., that it has a "potent nature," and that "it is a demanding test" which has "bite" in that it "requires a reviewing court to scrutinize a challenged law with a healthy dose of skepticism." (Reply at 5:3–24). Plaintiffs further cited the panel decision for the proposition that intermediate scrutiny in Second Amendment cases appears to be "a diluted form of intermediate scrutiny that approximates rational basis, which *Heller* forbids." (Reply at 5:25 – 28). Likewise, the *en banc* decision in *Duncan* did not overturn or change these propositions as well.

Plaintiffs further point out that the citations to the panel decision in *Duncan* would only be relevant to plaintiffs' Second Amendment claims, and the case was not being cited to decide plaintiffs' claims under the Full Faith and Credit Clause (U.S. Const., Art. IV, § 1), the Privileges and Immunities Clause (*Id.*, Art. IV, § 2), or the Privileges or Immunities Clause (*Id.*, Amend. XIV). The Second Amendment issue in *Duncan* was whether the State's law prohibiting possession of "Large Capacity Magazines" could be upheld, and the majority opinion did not concern itself with, or discuss, "longstanding" prohibitions on the possession of firearms by felons.

Since *Duncan* is not dispositive of nor germane to the issues in this case, plaintiffs respectfully submit that the motion should be decided, and that any administrative stay should be lifted forthwith. Plaintiffs here are seeking constitutional vindication, and "[t]here is a legal maxim that reads 'justice delayed is justice denied.'" *Newirth v. Aegis Senior Communities LLC*, No. 16-CV-03991-JSW, 2017 WL 11551313, at *2 (N.D. Cal. Nov. 21, 2017). However, should this Court be inclined to extend the administrative stay, it may consider holding the case in abeyance of the United States Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v.*

*Bruen*, No. 20-843 (submitted Nov. 3, 2021).

### DEFENDANTS' POSITION

Defendants' position is that the stay issued in this case should be continued until the *Duncan* mandate is issued. The Ninth Circuit has stayed the issuance of the *Duncan* mandate for 150 days or until the U.S. Supreme Court disposes of plaintiffs-appellees' anticipated petition for writ of certiorari, whichever occurs later. A continued stay until the *Duncan* appeal is finally resolved would promote the interests of judicial economy and conserve the Court's and the parties' resources. Whether the stay is lifted at this time or continued pending issuance of the *Duncan* mandate, Defendants respectfully request an opportunity to provide limited, supplemental briefing on the implications of *Duncan* on Plaintiffs' motion for summary judgment, as well as any other relevant legal developments since this case was stayed.[2]

The *Duncan* decision addresses several issues relevant to Plaintiffs' Second Amendment claim in this case. First, the court discussed whether the law challenged in *Duncan* was sufficiently longstanding at step one of the two-step framework to immunize the law from Second Amendment scrutiny—an argument that the court observed had "significant merit," though it declined to decide the issue "definitively." *See* 2021 WL 5577267, at *9-10. Defendants oppose Plaintiffs' motion for summary judgment, in part, because the laws challenged in this case on an as-applied basis are over 100 years old and, thus, qualify as longstanding laws that are constitutional under the Second Amendment at the first step of the two-step framework. *See* Defs.' Opp'n to Pls.' Mot. for Summ. J. ("Defs.' Opp'n") (ECF 48) at 10-11.

Second, the *Duncan* court applied intermediate scrutiny to the challenged law and examined the requisite fit between the law and the State's important public-safety interests. *See*

---

[2] Defendants also note that the Supreme Court's forthcoming decision in *New York State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, may affect Plaintiffs' Second Amendment claim in this matter. The Court held oral argument on November 3, 2021, *see* https://www.supremecourt.gov/oral_arguments/audio/2021/20-843, and a decision is expected by summer 2022.

2021 WL 5577267, at *11-15.  In this case, Defendants oppose Plaintiffs' motion for summary judgment, in part, because the application of the laws to Plaintiffs at step two of the two-step framework satisfies intermediate scrutiny.  *See* Defs.' Opp'n at 12-13 (citing *Mai v. United States*, 952 F.3d 1106, 1114 (9th Cir. 2020)).  Notably, the *Duncan* court specifically rejected an argument that the challenged law failed under any level of scrutiny because it was purportedly a "categorical ban" under *Heller*.  *See* 2021 WL 5577267, at *13-14.  Plaintiffs make a similar argument in this case, contending that the challenged "law fails *Heller*'s categorical analysis."  Pls.' Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. at 10.

While Defendants agree that *Duncan* is not dispositive of Plaintiffs' Second Amendment claims here, Defendants submit that a continued stay and additional briefing are warranted.

Dated: December 28, 2021                    **SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee

*Attorneys for Plaintiffs*

Dated: December 28, 2021                    **ROB BONTA**
Attorney General of California
**ANTHONY R. HAKL**
Supervising Deputy Attorney General

/s/ John D. Echeverria*
**JOHN D. ECHEVERRIA**
Deputy Attorney General

*Attorneys for Defendants Rob Bonta, in his official capacity as California Attorney General, Luis Lopez, in his official capacity as Director of the California Department of Justice Bureau of Firearms and Robert D. Wilson, in his official capacity as Deputy Attorney General*

---

* In accordance with Local Rule 5-1(h)(3), the filer hereby attests that Defendants' counsel concurs in the filing of this document.


**CERTIFICATE OF SERVICE**

**(All Case Participants Are CM/ECF Participants)**

I hereby certify that on December 28, 2021, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                        /s/ George M. Lee
                                             GEORGE M. LEE