George M. Lee (SBN 172982)
    gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:     (415) 979-0511

Attorneys for Plaintiffs
CHAD LINTON, PAUL MCKINLEY STEWART,
KENDALL JONES, FIREARMS POLICY FOUNDATION,
FIREARMS POLICY COALITION,
SECOND AMENDMENT FOUNDATION,
THE CALGUNS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al., | Case No. 3:18-cv-07653-JD |
| Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO LIFT STAY, AND TO PERMIT SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF 47]** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al., | **[CIV. L.R 7-11]** |
| Defendants. | Assigned to Hon. James Donato |

### ADMINISTRATIVE MOTION TO LIFT STAY AND TO PERMIT SUPPLEMENTAL BRIEFING ON PLAINTIFFS' SECOND AMENDMENT CLAIMS

#### I.    MOTION AND RELIEF REQUESTED

Pursuant to Northern District of California Civ. L.R. 7-11, governing motions for administrative relief, plaintiffs Chad Linton, et al. ("plaintiffs") hereby and respectfully move this Court to lift the stay imposed by its order of March 5, 2021 [ECF 53], and to permit the parties to file and serve supplemental briefing on plaintiffs' Second Amendment Claims in support of, and in opposition to, plaintiffs' pending motion for summary judgment [ECF 47].

Good cause exists to lift the stay in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- S. Ct. ---, No. 20-843, 2022 WL 2251305 (June 23, 2022) ("*Bruen*"), in which the Court has restated the standard to be used in Second Amendment

1

1  cases. Going forward, means-end scrutiny analyses are no longer permissible in Second
2  Amendment claims, and instead, the courts are to consider the Second Amendment's text, "as
3  informed by history," and tradition. Therefore, the Ninth Circuit's decision in *Duncan v. Becerra*,
4  970 F.3d 1133 (9th Cir. 2020), as to those propositions for which the parties have cited that case, is
5  no longer relevant, and the rationale for this Court's administrative stay no longer applies.

6       For the reasons set forth herein, plaintiffs respectfully request that the Court lift its
7  administrative stay on this case [ECF 53], and to order supplemental briefing on plaintiffs' Second
8  Amendment claims following *Bruen*. Plaintiffs propose to submit supplemental briefing, in a
9  staggered, 30-30-15 day schedule, on whether the State's firearm statutes at issue are "part of the
10 historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 2022
11 WL 2251305 at * 9.

13             **II.    PROCEDURAL HISTORY**

14      Plaintiffs filed this action on December 20, 2018, seeking to restore their right to own
15 firearms in the State of California, as their former felony convictions were vacated or set aside in
16 the states from which they originated. Plaintiffs brought claims under the Second Amendment, the
17 Full Faith and Credit Clause of the U.S. Constitution (Art. IV, § 1) and its enabling statute, 28
18 U.S.C. § 1738, the Privileges and Immunities Clause of the Constitution (Art. IV, § 2), and the
19 Privileges or Immunities Clause of the Fourteenth Amendment (Amend. XIV, § 1), and seek relief
20 pursuant to 42 U.S.C. § 1983.

21      Defendants filed a motion to dismiss [ECF 12] on February 22, 2019. After a hearing, on
22 August 23, 2019 this Court terminated the motion to dismiss on the grounds that the motion "raises
23 issues best addressed in summary judgment proceedings," and directed plaintiffs to file this motion
24 by June 22, 2020. [ECF 26].

25      On November 15, 2019, plaintiffs filed their motion for leave to file an amended complaint,
26 to add plaintiff Kendall Jones to these proceedings, asserting a similar claim. [ECF 30]. Plaintiffs
27 filed their First Amended Complaint on December 2, 2019 [ECF 36].
28      On December 19, 2019, plaintiffs filed a motion for preliminary injunction, to enjoin

**SEILER EPSTEIN LLP**
Attorneys at Law

enforcement of Cal. Pen. Code §§ 29800 and 30305 against the individual plaintiffs, pending disposition of this matter. On May 21, 2020, this Court denied plaintiffs' motion. [ECF 46].

On June 20, 2020, plaintiffs filed their motion for summary judgment, or in the alternative, for partial summary judgment of their claims. [ECF 47]. Defendants opposed the motion on August 21, 2020 [ECF 48]. Plaintiffs filed their reply memorandum on September 21, 2020. [ECF 49].

Defendants' opposition [ECF 47] and plaintiffs' reply [ECF 49] both cited the Ninth Circuit's panel decision in *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020). However, following the panel decision, the Ninth Circuit vacated the opinion and voted to re-hear the case *en banc*.

On March 5, 2021, this Court, *sua sponte*, ordered:

> The motion for summary judgment, Dkt. No. [47], is administratively terminated, and the case is stayed and administratively closed pending further order. The Ninth Circuit recently vacated the panel opinion in *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020), and voted to re-hear the case *en banc*. *See Duncan v. Becerra*, No. 19-55376, 2021 WL 728825 (9th Cir. Feb. 25, 2021). The panel's majority and dissenting opinions both addressed standards central to plaintiffs' Second Amendment arguments, and the majority opinion was discussed in detail in plaintiffs' reply brief. See Dkt. No. [49] at 5-6; *see also* Dkt. No. [48] at 13, 16, 21 (citations to majority opinion in defendants' opposition brief). Consequently, there is a strong possibility that the outcome of the summary judgment motion will be affected by the result of the *en banc* proceedings, and so deferring a decision on the motion is warranted. The parties are directed to file a joint status report within thirty days of the *en banc* decision that addresses whether it warrants new or additional briefing.

[Order, ECF 53].

On November 30, 2021, the Ninth Circuit issued its *en banc* decision, sub nom. *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (*en banc*). Following the *en banc* decision, the parties here submitted a Joint Status Report [ECF 54], in which plaintiffs took the position that the Ninth Circuit's *en banc* opinion in *Duncan* did not warrant any additional briefing germane to the motion for summary judgment. (Joint Status Report, p. 2). Defendants took the position that the stay should be continued until the *Duncan* mandate is issued. (*Id*., pp. 4-5). Defendants also noted that "the Supreme Court's forthcoming decision in *New York State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, may affect Plaintiffs' Second Amendment claim in this matter." (*Id*. at p. 4, fn.2).

On January 3, 2022, this Court ordered: "The stay is continued pending final disposition of the petition for writ of certiorari in *Duncan v. Bonta*. The parties are directed to promptly advise the

Court of the disposition of the case." [Order, ECF 56]. Plaintiffs in the *Duncan* case eventually filed a petition for a writ of certiorari in the Supreme Court on Feb. 28, 2022 (No. 21-1194), where the matter has been distributed for conference.

### III.   ARGUMENT IN SUPPORT OF LIFTING STAY, AND ORDERING SUPPLEMENTAL BRIEFING

The Supreme Court's decision in *Bruen* effectively renders any reliance on *Duncan v. Bonta*, at least as to the propositions for which the parties have cited it, no longer tenable. In *Bruen*, the Court has expressly rejected the "two-step" approach previously applied by the lower courts in Second Amendment cases since *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742, 130 S. Ct. 3020 (2010). The *Bruen* Court, rejecting that two-step approach, expressly held:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, No. 20-843, 2022 WL 2251305, at *8 (U.S. June 23, 2022) (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10, 81 S. Ct. 997 (1961)).

Here, the defense had cited the *Duncan* panel decision, in their Opposition [ECF 48] for the proposition that "public safety, preventing against gun violence, and preventing crime [are] compelling state interests" (Opp. at 13:9–12; 21:4–5); and that under strict scrutiny "a state law must be 'narrowly tailored to achieve a compelling interest." (Opp. at 16:19–20). In reply [ECF 49], plaintiffs had cited the *Duncan* panel decision to elaborate upon the meaning of intermediate scrutiny, i.e., that it has a "potent nature," and that "it is a demanding test" which has "bite" in that it "requires a reviewing court to scrutinize a challenged law with a healthy dose of skepticism." (Reply at 5:3–24). Plaintiffs had further cited the panel decision for the proposition that intermediate scrutiny in Second Amendment cases appears to be "a diluted form of intermediate scrutiny that approximates rational basis, which *Heller* forbids." (Reply at 5:25 – 28).

The parties' prior reliance upon *Duncan*, for these propositions as cited, is no longer warranted. *Bruen* is now controlling authority, and it has expressly *rejected* the two-step framework and application of any interest-balancing, means-end scrutiny, including intermediate and strict scrutiny, in Second Amendment challenges, as those tests were expressly rejected by *Heller* and *McDonald*. *Bruen*, at *8-11. "Not only did *Heller* decline to engage in means-end scrutiny generally, but it also specifically ruled out the intermediate-scrutiny test that respondents and the United States now urge us to adopt." *Id.*, at *10.

In short, the parties had cited the *Duncan* panel opinion to discuss the applicability and meaning of intermediate scrutiny, as applied to Second Amendment claims. This Court believed that "there is a strong possibility that the outcome of the summary judgment motion will be affected by the result of the *en banc* proceedings [in *Duncan*]." [ECF 53]. However, the *Bruen* decision renders intermediate scrutiny—or any means-end analysis—as no longer applicable to Second Amendment claims. Those cited portions of *Duncan* have been rendered nugatory, and the stay should now be lifted. Supplemental briefing should be ordered to address *Bruen*, and the proper legal standard to be applied to plaintiffs' Second Amendment claims, in support of, and in opposition to, their motion for summary judgment.

### IV.   CONCLUSION

For over a year, this case has been held, awaiting the outcome of an unrelated case which can no longer be relied upon for the propositions for which it was cited. For the foregoing reasons, plaintiffs respectfully request that this court lift its administrative stay on this case [ECF 53], and order the parties to submit supplemental briefing as to plaintiffs' Second Amendment claims, in the proposed form of order submitted herewith.

Dated: June 28, 2022                          **SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee
Attorneys for Plaintiffs

## DECLARATION OF GEORGE M. LEE IN SUPPORT OF PLAINTIFFS' MOTION

I, George M. Lee, declare as follows:

1. I am an attorney at law, in good standing, duly licensed to practice law in this state and appear before its courts. I am admitted to practice and appear before the Northern District of California. I am counsel of record for plaintiffs Chad Linton et al. in this action. I have personal knowledge of the facts stated herein, and if called as a witness, could competently testify thereto.

2. This declaration is made in support of the foregoing administrative motion of plaintiffs to lift the stay imposed by this court's order of March 5, 2021 [ECF 53], and to permit supplemental briefing on plaintiffs' Second Amendment Claims in support of their pending motion for summary judgment [ECF 47].

3. On June 23, 2022, the United States Supreme Court issued its ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- S. Ct. ---, No. 20-843, 2022 WL 2251305 (June 23, 2022). A true and correct copy of the Court's decision is attached hereto as **Exhibit A**.

### EFFORTS TO MEET AND CONFER

4. On June 24, 2022, I sent an email to Deputy Attorney General John D. Echeverria, counsel of record for defendants in this action, in an effort to meet and confer in advance of this motion. In light of the *Bruen* decision, I requested that the Attorney General's Office stipulate to the lifting of this Court's administrative stay, and agree to supplemental briefing on plaintiffs' Second Amendment claims. I specifically proposed to submit plaintiffs' supplemental brief within 30 days after the stay is lifted, followed by defendants' opposition memorandum due 30 days thereafter, and plaintiffs' reply brief 15 days after the opposition. I suggested page limits of 15, 15 and 10 pages respectively, in line with this Court's Standing Order for Civil Cases.

5. On June 27, 2022, I spoke with Deputy Attorney General Echeverria, who indicated that his office would not stipulate to lifting the stay in this matter, and that any effort to lift the stay before the Supreme Court decides or disposes of *Duncan v. Bonta* would be "premature."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2022

　　　　　　　　　　　　　　　　　　　　GEORGE M. LEE

# CERTIFICATE OF SERVICE

**(All Case Participants Are CM/ECF Participants)**

I hereby certify that on June 28, 2022, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ George M. Lee
GEORGE M. LEE