UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAD JAY LINTON, et al.,

    Plaintiffs,

v.

ROBERT BONTA, et al.,

    Defendants.

Case No. 18-cv-07653-JD

**ORDER RE HEARING**

The Court sets a hearing for April 25, 2023, at 10:30 a.m. in San Francisco, Courtroom 11, 19th Floor, to address the following questions. Each side will file by April 18, 2023, a brief of up to 18 pages that responds to each question in the order presented here. The briefs should be free-standing documents and may not incorporate prior briefing by reference. Statements of factual or procedural background are not necessary. No further briefing will be accepted unless requested by the Court.

1. Prior Convictions
    a. Do any elements of the individual plaintiffs' offenses of conviction involve violence or dangerous weapons under state or federal law?
    b. Under what statutes did the Washington, Arizona, and Texas courts dismiss, vacate, or set aside the individual plaintiffs' convictions?
    c. Under what statutes did the Washington, Arizona, and Texas courts restore the individual plaintiffs' rights to possess firearms?
2. Standing
    a. Do any of the individual plaintiffs challenge Cal. Penal Code § 30305, and if so, what is the basis of standing for the challenge?

      b. Do plaintiffs Linton and Stewart, who are not California residents, have standing for any claim in the complaint?

      c. Does plaintiff Jones have standing to challenge Cal. Penal Code § 29800?

      d. Do the organizational plaintiffs have standing when there is no evidence that any individual plaintiff is a member?

3. <u>Second Amendment</u>

      a. Prohibitions on the possession of firearms by felons are "presumptively lawful." *District of Columbia v. Heller*, 554 U.S. 570, 626-27 n.6 (2008). Courts have denied as-applied challenges under the Second Amendment to laws that prohibit felons from possessing firearms. *See U.S. v. Vongxay*, 594 F.3d 1111, 1115-18 (9th Cir. 2010); *Van Der Hule v. Holder*, 759 F.3d 1043, 1050-51 (9th Cir. 2014); *United States v. Phillips*, 827 F.3d 1171, 1174 (9th Cir. 2016). Did *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), abrogate or otherwise disapprove *Vongxay* and similar cases?

      b. Federal courts have concluded that "felons are categorically different from the individuals who have a fundamental right to bear arms." *Vongxay*, 594 F.3d at 1115; *see also Hamilton v. Pallozzi*, 848 F.3d 614, 636 (4th Cir. 2017) ("[C]onviction of a felony necessarily removes one from the class of 'law-abiding, responsible citizens' for the purposes of the Second Amendment."). Does this principle apply to the individual plaintiffs, and why or why not?

      c. Is expert evidence necessary to determine whether prohibitions on the possession of firearms by felons similarly situated to the individual plaintiffs are "consistent with the Nation's historical tradition of firearm regulation"? *Bruen*, 142 S.Ct. at 2130; *see also Medina v. Whitaker*, 913 F.3d 152, 159 (D.C. Cir. 2019) ("Felonies encompass a wide variety of non-violent offenses, and we see no reason to think that the Court meant 'dangerous individuals' when it used the word felon."). If so, what type of expert would be appropriate, and how should the Court weigh and evaluate the expert opinions?

2

      d. Should the case be stayed pending a decision in *Range v. Attorney General United States*, 53 F.4th 262 (3d Cir. 2022), *reh'g en banc granted, opinion vacated*, 56 F.4th 992 (3d Cir. 2023)?

4. <u>Full Faith and Credit Clause</u>

      a. May violations of the Full Faith and Credit Clause and its enabling statute be raised in an action against a non-judicial state actor under 42 U.S.C. § 1983? *See Adar v. Smith*, 639 F.3d 146, 154 (5th Cir. 2011) ("[S]ince the duty of affording full faith and credit *to a judgment* falls on courts, it is incoherent to speak of vindicating full faith and credit rights against non-judicial state actors.") (en banc) (emphasis in original).

      b. If convicted felons are outside the scope of the Second Amendment, is California bound by another state's statutes or judicial orders when determining whether an individual is a felon within the meaning of Cal. Penal Code § 29800?

**IT IS SO ORDERED.**

Dated: March 24, 2023

JAMES DONATO
United States District Judge