George M. Lee (SBN 172982)
   gml@seilerepstein.com
**SEILER EPSTEIN LLP**
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:   (415) 979-0511

Attorneys for Plaintiffs
PAUL MCKINLEY STEWART, KENDALL JONES,
FPC ACTION FOUNDATION, FIREARMS POLICY
COALITION, SECOND AMENDMENT FOUNDATION,
CALIFORNIA GUN RIGHTS FOUNDATION and MADISON
SOCIETY FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD LINTON, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of California, et al.,<br><br>    Defendants. | Case No. 3:18-cv-07653-JD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:    September 19, 2024<br>Time:    10:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge:   Hon. James Donato |

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

On September 19, 2024, the motion of Plaintiffs Paul McKinley Stewart and Kendall Jones for an award of attorneys' fees, made pursuant to Fed. Rule Civ. Pro. 54(d)(2) and 42 U.S.C. § 1988, came on for hearing before this Court, Hon. James Donato presiding. Plaintiffs and the moving parties were represented by George M. Lee, their attorney of record. Defendants Rob Bonta, in his official capacity as Attorney General of California, and Allison Mendoza, in her official capacity as Director of the California Department of Justice Bureau of Firearms ("Defendants") were represented by Deputy Attorney General Jerry T. Yen, from the Office of the Attorney General of the State of California. The Court considered all papers submitted in support of, and in opposition to, the Plaintiffs' motion, including the declarations and exhibits submitted

therewith. The matter having been submitted, and good cause appearing, the Court hereby ORDERS as follows:

Plaintiffs' motion for an award of attorneys' fees, made pursuant to 42 U.S.C. § 1988, is hereby GRANTED. Plaintiffs and the moving parties Stewart and Jones are the prevailing parties in this matter, having successfully obtained injunctive relief in their favor (Dkt. No. 80), and a judgment in their favor, entered on June 17, 2024 (Dkt. No. 81). Accordingly, Plaintiffs are entitled to an award of their attorneys' fees and costs in this action, pursuant to 42 U.S.C. § 1988(b).

The Court finds that the Plaintiffs' fee request is reasonable under the lodestar method of calculation of fees, which examines the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs' counsel of record reasonably expended 376 hours requested to successfully obtain relief in this matter following its filing in 2018. These hours have been adequately documented to support Plaintiffs' fee claim. Plaintiffs' counsel exercised reasonable billing judgment, having no-charged 18.4 hours of time, which is not part of the fee request. Plaintiffs' fee request also does not include time spent preparing and arguing the fee motion itself, which represents a further discount of the overall time spent. Counsel also demonstrated efficiency in the prosecution of this case. Accordingly, the Court finds that the 376 hours requested, over the nearly six years of this litigation, is reasonable.

Plaintiffs request application of an hourly rate of $750/hr. as the reasonable value of their counsel's services. Plaintiffs have submitted the declaration of their attorneys' fees expert, Kenneth M. Moscaret, who offers an opinion that the $750/hr. request is a reasonable "blended rate" that recognizes both partner-level tasks and those of a senior associate that were performed in furtherance of this matter. Plaintiffs' expert has relied upon and submitted reliable data, set forth in the Wolter Kluwer Real Rate Report ("Real Rate Report") which shows that the median rate for a litigation partner in San Francisco, where this matter is venued, is $750/hr., with the third quartile being $1,124. For a "commercial litigation partner," the data show that the third quartile rate would be $1,003. Plaintiffs' counsel is an experienced litigator with 29 years of litigation experience in the San Francisco market, and would be entitled to a third quartile rate for his services. Here, Plaintiffs

seek a "blended rate" of $750/hr. that would be less than the combined average rates for litigation partners and senior-level associates in the Real Rate Report. Accordingly, this Court finds that the requested rate of $750/hr. which accounts for both partner-level tasks, and senior associate tasks, is reasonable. This case was a matter of first impression, involving novel constitutional claims, and required counsel experienced in constitutional litigation. The $750/hr. blended rate requested therefore is reasonable.

With 376.0 billable hours reasonably spent in this matter (not including no-charged time), at the requested blended rate of $750/hr., the total lodestar fee requested is $282,000.00 and is hereby awarded to Plaintiffs.

Plaintiffs are also entitled to recover their costs, pursuant to a cost memorandum submitted pursuant to Northern District Civ. L.R. 54-1. Those recoverable costs amount to $2,149.76, [were not challenged/objected to by the Defendants], and are awardable under FRCP 54(d)(1).

According, it is hereby ORDERED that Plaintiffs shall recover their fees and costs in the total amount of **$284,149.76**.

SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**SEILER EPSTEIN LLP**